**WHITE & CASE**

October 29, 2021

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**Re:** *Wildman v. Deutsche Bank*, Case No. 1:21-cv-4400-KAM-RML (E.D.N.Y.).

Dear Judge Matsumoto:

We represent Defendant Placid NK Corporation d/b/a Placid Express in the above-referenced civil action. Under this Court's Chambers Practices, Placid Express requests a pre-motion conference to address its proposed motion to dismiss the Complaint for failure to state a claim because the allegations against Placid Express are facially deficient in all material aspects.

The Complaint pleads two aiding-and-abetting counts against Placid Express (and other defendants) under the civil-liability provisions of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d). Despite the Complaint's 2,266 paragraphs, only forty-seven paragraphs even mention Placid Express in any way, but they contain no well-pleaded factual allegations. *See* Compl. ¶¶ 1, 35, 75-77, 83, 86-87, 410, 416, 857-72, 899, 1192-1206, 1277, 1285, 1354-56. Instead, those paragraphs include only legal conclusions that parrot the statutory language. The Complaint thus fails to meet the basic pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as well as the ATA's framework for aiding-and-abetting claims explained by the Second Circuit most recently in *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021).

Plaintiffs allege (*see* Compl. ¶ 1) that they (or their family members) were injured by a series of attacks committed in Afghanistan between 2011 and 2016 by various groups, including al Qaeda, which is a designated Foreign Terrorist Organization ("FTO"), and the Taliban, which is not (*see Foreign Terrorist Organizations*, U.S. Department of State, https://www.state.gov/foreign-terrorist-organizations/ (last visited Oct. 29, 2021)). Plaintiffs lump the FTO and non-FTO groups together in what Plaintiffs coin a "Syndicate." Compl. ¶ 1. Plaintiffs allege that an individual involved in money laundering, Altef Khanani, "was involved in the movement of funds for the Taliban," and "maintained relationships with" al Qaeda and other Syndicate members. *Id*. ¶ 380 (internal quotation omitted). In a generalized and conclusory manner, Plaintiffs allege those Syndicate members "funded and resourced attacks against Americans in Afghanistan." *Id*.

Plaintiffs do not allege that Placid Express, a licensed money services business in the United States, provided any services to any of the purported "Syndicate" groups (FTO or otherwise). *See id.* ¶¶ 857-872. Instead, in vague and conclusory terms, Plaintiffs allege that unnamed fronts purportedly controlled by Khanani "used" Placid Express to facilitate unspecified and undated transactions to unnamed "fronts" allegedly associated with Syndicate members. *Id*. ¶¶ 860, 862, 864. Plaintiffs do not allege where or when any purported transfers took place, the amounts transferred, the number of transactions, or even who sent or received the supposed funds. Nor do

The Honorable Kiyo A. Matsumoto
October 29, 2021

WHITE & CASE

Plaintiffs make any nonconclusory allegation that any FTO received funds allegedly transferred through Placid Express, let alone used those funds to cause Plaintiffs' injuries here.

***The Complaint fails to make any nonconclusory allegations against Placid Express.*** Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which a 2,266-paragraph Complaint is not. *See, e.g.*, *Phipps v. City of New York*, No. 17-cv-6603, 2019 U.S. Dist. LEXIS 154315, at *4-5 (S.D.N.Y. Sept. 9, 2019) (dismissing 1,689-paragraph complaint "because it is neither short nor plain").

Furthermore, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint's "factual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Court may consider only well-pled factual allegations (*see Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014)), and must ignore "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements" (*Iqbal*, 556 U.S. at 678 (citation omitted)). Because the Complaint contains *only* conclusory statements with no supporting well-pled facts, it cannot state any claim against Placid Express.

***The Complaint fails to allege any facts that Placid Express aided and abetted any FTO with the requisite awareness or substantial assistance.*** ATA aiding-and-abetting liability requires that (i) "'the defendant must be *generally aware* of his role as part of an overall illegal or tortious activity at the time that he provides the assistance,'" and (ii) "'the defendant must *knowingly and substantially assist* the principal violation.'" *Honickman*, 6 F.4th at 494 (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)). The Complaint lacks any factual allegation on any of these critical elements as to Placid Express. *See* Compl. ¶¶ 857-872, 1192-1206.

**Awareness/Knowledge.** Plaintiffs' sparse allegations about Placid Express's purported general awareness and knowledge (¶¶ 1192-1206) are all conclusory and warrant no consideration. *Iqbal*, 556 U.S. at 678. For example, the Complaint claims the "nature, counterparties, and sheer volume of transactions" allegedly processed through Placid Express "provided Placid Express general awareness that Placid Express was playing a role in overall illegal or tortious activity at the time," and also "provided Placid Express general awareness that its customers were part of the Khanani money laundering organization." Compl. ¶¶ 1196, 1198. But the Complaint makes no factual allegations about the "nature, counterparties, [or] volume" of any transactions made using Placid Express. The Complaint does not allege which entities "used" Placid Express to send funds, to whom they sent funds, when, how many times, in what amounts, or for what purpose. *See id.* ¶¶ 857-872, 1192-1206.

Plaintiffs allege that, "At all relevant times, Placid Express knowingly allowed the Khanani MLO to transfer hundreds of thousands of dollars using Placid Express's facilities," and "did so while knowing that the Khanani MLO was assisting and providing resources to the Syndicate." *Id.* ¶¶ 1193-94. But Plaintiffs do not make one factual allegation to support these "threadbare recitals" of the ATA's knowledge element. *See id.* ¶¶ 857-872, 1192-1206.

Moreover, the Complaint makes clear that Khanani and the Syndicate's members used "fronts" to help "conceal" any connection to terrorism. *E.g.*, Compl. ¶¶ 377, 416, 864. The alleged use of "fronts" negates any inference that Placid Express was aware of these individuals' or entities' alleged connections to any FTO. *See Honickman*, 6 F.4th at 502 (finding use of "cover" by

intermediaries "undermines the plausibility" of theory that defendant "understood these organizations' true nature").

**Substantial Assistance.**  The aiding-and-abetting claims also fail because the Complaint fails to make any non-conclusory allegation that Placid Express provided any assistance to any FTO, let alone that it provided *substantial* assistance to the FTOs that caused certain Plaintiffs' injuries here.  *See Linde v. Arab Bank*, 882 F.3d 314, 320 (2d Cir. 2018).

The Complaint fails to satisfy the *Halberstam* factors adopted by the Second Circuit to assess substantial assistance:  "(1) the nature of the act encouraged, (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the period of defendant's assistance."  *Id*. at 329.  The Complaint does not allege that Placid Express encouraged the terrorist attacks, knowingly provided any funds to any FTO for their violent activities, or "knowingly assumed a role" in the attacks (first and fifth factors).  *See Compl.* ¶¶ 1192-1206.  The Complaint — which does not allege who used Placid Express to send money, to whom, when, on how many occasions, or in what amounts — does not allege facts that Placid Express provided any assistance over any period (second and sixth factors) or had any relationship with any principal (fourth factor).  *See id.* ¶¶ 857-872.  Nor does the Complaint allege Placid Express was "present" at the time of the attacks (third factor).  *See id*.

***The Complaint fails to allege facts supporting a plausible inference that Placid Express proximately caused Plaintiffs' injuries.***  Establishing substantial assistance also requires the plaintiff to allege "the actions of the aider/abettor proximately caused the harm [alleged]."  *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018) (quoting *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001)).  The injury must "be a direct or reasonably foreseeable result of the conduct."  *Cromer*, 137 F. Supp. 2d at 470.  The Complaint fails to allege that Placid Express's alleged provision of routine money transfer services from unknown locations, at unspecified times, in unspecified amounts, and to unidentified customers proximately caused the attacks that injured Plaintiffs.  *See* Compl. ¶¶ 857-872.  Indeed, the Complaint lacks any factual allegations showing any direct link between Placid Express's services and the attacks.

***Certain Plaintiffs' claims fail to meet the ATA's statutory requirements.***  Besides all of the above deficiencies, certain Plaintiffs' claims also fail because they do not allege their injuries were caused by an attack "committed, planned, or authorized by" an organization designated as an FTO on the date of the attack, as the ATA requires.  18 U.S.C. § 2333(d)(2).  For example, the Complaint alleges several Plaintiffs were injured in attacks "committed by the Taliban" (*e.g.*, Compl. ¶¶ 1369-73, ¶¶ 1419-23), which has never been a designated FTO.  Other claims are based on attacks "committed by" the Haqqani Network (*e.g.*, *id*. ¶¶ 1395-1399, 1905-1909) before it was designated an FTO on September 19, 2012.  These claims must be dismissed.  *See, e.g.*, *Atchley v. AstraZeneca UK Ltd.*, 474 F. Supp. 3d 194, 211 (D.D.C. 2020) (dismissing ATA aiding-and-abetting claims where entity that committed attack not an FTO).

*   *   *

The parties have agreed to the following proposed briefing schedule:  Placid Express's moving papers to be served on December 15, 2021; opposition papers to be served on February 16, 2022; and reply papers to be served on March 16, 2022.

**WHITE & CASE**

The Honorable Kiyo A. Matsumoto
October 29, 2021

Respectfully submitted,

/s/ *Claire A. DeLelle*

Claire A. DeLelle
Matthew S. Leddicotte
Michael Mahaffey

*Counsel for Placid Express*

cc:   Counsel of Record (via ECF)

4