# CAHILL GORDON & REINDEL LLP

## 32 OLD SLIP

## NEW YORK, NY 10005

HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JONATHAN BROWNSON *
JOYDEEP CHOUDHURI *
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
PRUE CRIDDLE ±
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
JAKE KEAVENY
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM
————
1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900
————
CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800
————
WRITER'S DIRECT NUMBER

**(212) 701-3352**

BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
WILLIAM J. MILLER
EDWARD N. MOSS
NOAH B. NEWITZ
WARREN NEWTON §
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH

ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
C. ANTHONY WOLFE
COREY WRIGHT
ELIZABETH M. YAHL
JOSHUA M. ZELIG

* ADMITTED AS A SOLICITOR IN
ENGLAND AND WALES ONLY
± ADMITTED AS A SOLICITOR IN
WESTERN AUSTRALIA ONLY
‡ ADMITTED IN DC ONLY
§ ADMITTED AS AN ATTORNEY
IN THE REPUBLIC OF SOUTH AFRICA
ONLY

October 29, 2021

Re:   *Wildman* v. *Deutsche Bank Aktiengesellschaft et al.*, 1:21 Civ. 4400-
KAM-RML

Dear Judge Matsumoto:

We represent Deutsche Bank Aktiengesellschaft ("DB AG") and Deutsche Bank Trust Company Americas ("DBTCA" and together with DB AG, "Deutsche Bank") in this action. We write, pursuant to Section III.B.1 of Your Honor's Chambers Practices and the Court's October 6, 2021 Order (Dkt. No. 15), to request a pre-motion conference in connection with Deutsche Bank's anticipated motion to dismiss Plaintiffs' August 5, 2021 Complaint (Dkt. No. 1) ("Compl.").

Plaintiffs are American military members and civilians who were killed or wounded in Afghanistan between 2011 and 2016, as well as their families. (Compl. ¶ 1.) Plaintiffs seek to impose secondary liability on several global financial institutions for those abhorrent acts of terrorism. Specifically, the Complaint asserts, against all Defendants, two counts for aiding and abetting predicate acts of international terrorism pursuant to the civil liability provision of the Anti-Terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2333(d). These claims, however, suffer from a series of fatal flaws that require dismissal of the Complaint as to Deutsche Bank.

As an initial matter, Plaintiffs' Complaint, which spans nearly 600 pages and consists of 2,265 numbered paragraphs, plainly runs afoul of Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a)(2) (pleading must contain "a short and plain statement of the claim"); *see also Blakely* v. *Wells*, 209 Fed.Appx. 18, 20 (2d Cir. 2006) (affirming dismissal of complaint under Rule 8(a) that "spanned 57 pages and contained 597 numbered paragraph"). Yet, despite its prolixity, the Complaint also engages in improper group pleading by failing to adequately distinguish between DB AG and DBTCA. For the same reason, the Complaint's generic references to an unidentified Deutsche Bank entity's conduct in or directed at New York are insufficient to establish personal jurisdiction over DB AG. *Berdeaux* v. *OneCoin Ltd.*, 2021 WL 4267693, at *6 (S.D.N.Y. Sept. 20, 2021) (plaintiff must establish personal jurisdiction as to each defendant).

-2-

The Complaint also fails on its merits as Plaintiffs do not plausibly allege facts sufficient to satisfy Section 2333(d)'s threshold requirement that Plaintiffs' injuries arose "from an act of international terrorism committed, planned, or authorized by an organization that ha[s] been **designated as a foreign terrorist organization [('FTO')]**."  *See O'Sullivan* v. *Deutsche Bank AG*, 2019 WL 1409446, at *8 (S.D.N.Y. Mar. 28, 2019) (emphasis added).  Plaintiffs fail to provide any consistent definition of the alleged "Syndicate," but they appear to claim that it is comprised of:  al-Qaeda, the Haqqani Network, the Taliban, Lashka-e-Taiba, Jaish-e-Mohamed, and D-Company.  (Compl. ¶¶ 1, 88.)  One-third of these groups are not designated as FTOs and Plaintiffs cannot connect the remainder to Deutsche Bank.  While the Complaint alleges that Deutsche Bank engaged in a number of transactions with individuals rumored to have ties to those terrorist groups, the specified individuals are not designated as terrorist actors.  Nor does the Complaint identify any non-conclusory basis for its allegation that the primary purpose of those transactions was to fund terrorist activities.

Even if the Complaint had alleged transactions between Deutsche Bank and sanctioned or terrorist-designated individuals (which it does not), those transactions would not be sufficient to invoke Section 2333(d).  *O'Sullivan*, 2019 WL 1409446, at *8 (Section 2333(d) requires that Plaintiffs' injuries arise "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189.") (emphasis added); *see also* 8 U.S.C. § 1189.  Plaintiffs' inability to allege the requisite connection between Deutsche Bank and any FTO requires the dismissal of their claims.

Setting aside Plaintiffs' inability to connect Deutsche Bank to any FTO, the Complaint also fails to adequately plead aiding and abetting liability under the ATA's framework.  To allege aiding and abetting liability under Section 2333(d), Plaintiffs must plead: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation."  *Weiss* v. *National Westminster Bank, PLC*, 993 F.3d 144, 164 (2d Cir. 2021) (quoting *Halberstam* v. *Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)).  Here, Plaintiffs fail to adequately plead either "general awareness" or "substantial assistance."[1]

The "general awareness" prong requires that a defendant be "generally aware of its role in an overall illegal or tortious activity at the time that [it] provides the assistance." *Honickman* v. *BLOM Bank SAL*, 6 F.4th 487, 496 (2d Cir. 2021) (internal quotation marks and citation omitted).  At best, the Complaint alleges that Deutsche Bank offered various individuals and entities routine financial services.  But that is not enough.  *See Weiss* v. *National Westminster Bank PLC*, 381 F. Supp. 3d 223, 239 (E.D.N.Y. 2019), *aff'd sub nom. Weiss*, 993 F.3d 144 ("Evidence that Defendant knowingly provided banking services to a terrorist organization, without more, is insufficient to satisfy JASTA's scienter requirement.").  Indeed,

---

[1]     We assume, for purposes of this letter, that the Complaint adequately pleads the predicate acts of international terrorism underpinning Counts I and II.

CAHILL GORDON & REINDEL LLP

-3-

even allegations of non-routine or illegal conduct cannot, by themselves, satisfy the general awareness prong. *See O'Sullivan* v. *Deutsche Bank AG*, 2020 WL 906153, at *6 (S.D.N.Y. Feb. 25, 2020) ("[A]llegations that Defendants knowingly violated laws that were designed principally to prevent terrorist activity do not allege plausibly a general awareness that Defendants had assumed a role in a foreign terrorist organization's act of international terrorism.") (emphasis in original). Instead, what Plaintiffs must allege, and what they have failed to allege here, is that Deutsche Bank was generally aware, at the time it provided the alleged assistance, that it would be facilitating the alleged attacks.

Next, Plaintiffs fail to adequately allege that Deutsche Bank "knowingly and substantially assist[ed] the principal violation." *Honickman*, 6 F.4th at 499; *Halberstam*, 705 F.2d at 476 ("principal violation" must be foreseeable from the illegal activity that the defendant allegedly assisted). The Complaint contains no plausible allegations that Deutsche Bank provided any assistance, much less "substantial assistance," to terrorists or terrorist organizations who committed the attacks. Nor does the Complaint sufficiently allege the six factors the Second Circuit has found relevant to demonstrating "substantial assistance": "(1) the nature of the act encouraged, (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the period of defendant's assistance." *Siegel* v. *HSBC North American Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019). Among other things, the Complaint fails to allege that Deutsche Bank "encouraged" terror attacks. Nor does the Complaint allege that Deutsche Bank intended to or actually supplied funds to any FTO, knowingly assumed a role in their terrorist activities, or otherwise knowingly or intentionally supported them. In addition, Plaintiffs do not allege that Deutsche Bank was "present" for any of the attacks. And despite the Complaint's repeated and conclusory references to Deutsche Bank's "culpable state of mind," it alleges nothing more than a legitimate profit motive. *Freeman* v. *HSBC Holdings PLC*, 413 F. Supp. 3d 67, 92 (E.D.N.Y. 2019) (noting that based on its review of the operative complaint, the Court could only infer that "Defendants 'appear' to have been purely motivated by the opportunity to make money").

For the foregoing reasons, Deutsche Bank Defendants respectfully request a pre-motion conference to seek leave to file a motion to dismiss. We have conferred with all parties and respectfully request that Your Honor adopt the following schedule: Defendants' deadline to move, answer, or otherwise respond to the complaint shall be December 15, 2021; Plaintiffs' opposition to Defendants' motions to dismiss shall be filed by February 16, 2022; and Defendants' reply briefs in further support of their motions to dismiss shall be filed by March 16, 2022.

Respectfully submitted,

*/s/ David G. Januszewski*
David G. Januszewski

CAHILL GORDON & REINDEL LLP

-4-

The Honorable Kiyo Matsumoto
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By ECF

cc:     Counsel of Record