# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 29, 2021

Via ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Wildman, et al.* v. *Deutsche Bank Aktiengesellschaft, et al.*,
            No. 1:21-cv-04400 (KAM-RML)

Dear Judge Matsumoto:

      In accordance with Section III.B.1 of the Court's Chamber Practices, I write on behalf of defendants Danske Bank A/S ("Danske Bank") and Danske Markets Inc. ("DMI" and, together with Danske Bank, the "Danske Bank Defendants") to request a pre-motion conference in advance of their forthcoming motion to dismiss this action under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). The Complaint asserts two counts against all Defendants for aiding and abetting under the Antiterrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. §§ 2333(a) and (d). For the reasons stated below and in the letters from other Defendants, Plaintiffs fail to state a claim against either DMI or Danske Bank, and they do not establish that this Court has personal jurisdiction over Danske Bank.[1]

      ***Plaintiffs Fail to State a Claim Against DMI***. Although the Complaint names DMI as a defendant, the Complaint otherwise says nothing at all about DMI other than to note that DMI is a subsidiary of Danske Bank and a U.S.-registered broker-dealer in New York. The Complaint does not include a *single* allegation that DMI said or did anything at all pertinent to this action throughout the six-year period covered by Plaintiffs' claims. Indeed, after identifying DMI as one of many "Defendants" (Compl. ¶ 72), Plaintiffs do not again even mention DMI anywhere else in the 2,265 paragraphs of the Complaint. Their apparent attempt to conflate DMI

_____

[1]     The 590-page, 2,266 paragraph Complaint also plainly violates the requirement in Rule 8(a)(2) that the complaint "must contain . . . a short and plain statement of the claim." *See Grimes* v. *Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) (dismissing complaint that "is over 300 pages long and contains over 1000 specifically numbered paragraphs").

with Danske Bank (or with other, unnamed, Danske Bank affiliates) also fails, because the Complaint does not even attempt to establish the requisite "extraordinary circumstances" that might allow them to disregard DMI's separate corporate form.  *WAG SPV I, LLC* v. *Fortune Glob. Shipping & Logistics, Ltd.*, 2020 WL 1489814, at *6 (S.D.N.Y. Mar. 27, 2020).  Beyond this, Plaintiffs do not allege that DMI had *any* role in the transfers of funds allegedly connected to terrorist financing.  Similarly, Plaintiffs' allegations regarding Danske Bank's supposed involvement in some "Value Added Tax" ("VAT") evasion scheme by Danske Bank customers do not concern DMI.  Rather, Plaintiffs allege that this activity all occurred through accounts at Danske Bank in Denmark.  (Compl. ¶¶ 843-44, 848, 850.)  Accordingly, Plaintiffs have failed to state any claim against DMI and all claims against DMI should be dismissed.

   ***This Court Lacks Personal Jurisdiction over Danske Bank***.  As the Complaint acknowledges, Danske Bank is a Danish bank with its principal place of business in Copenhagen, Denmark.  (Compl. ¶ 69.)  This Court may assert jurisdiction over a foreign defendant only (i) in accordance with a statute allowing such personal jurisdiction and (ii) in compliance with due process.  Plaintiffs fail to plead the requisite minimum contacts between Danske Bank and New York or the United States to comport with due process.

   "The nature of the minimum contacts inquiry turns on whether the plaintiff pursues a theory of general jurisdiction or specific personal jurisdiction."  *In re Aluminum Warehousing Antitrust Litig.*, 2020 WL 2036716, at *10 (S.D.N.Y. Apr. 28, 2020).  Here, Plaintiffs allege no Danske Bank contacts with New York or the United States independent of their claims, and thus, at best, rely on a theory of specific personal jurisdiction.  Yet, "specific personal jurisdiction subjects a defendant to suits on only those claims that arise from the defendant's conduct in the forum."  *Id.*  The inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation.'"  *Walden* v. *Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

   Here, Plaintiffs allege some connection between Danske Bank and New York or the United States only with regard to one of their claims, and only in one respect.  Plaintiffs say that certain customer accounts at a Danske Bank branch in Estonia held by an entity with alleged ties to the Khanani money-laundering organization engaged in some fund transfers that allegedly were intermediated by a different New York bank during a "four-month period in 2014" (Compl. ¶¶ 834-35), *after* the vast majority of alleged terrorist acts alleged in the Complaint occurred.  This is insufficient.  Danske Bank may be subject to suit in this Court only "based on [its] own affiliation with the [forum], not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the [forum]."  *Aluminum Warehousing*, 2020 WL 2036716, at *11 (quoting *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 475 (1985).)

   ***Plaintiffs Fail to Allege any ATA/JASTA Aiding and Abetting Claim Against Danske Bank***.  First, Plaintiffs do not establish any contemporaneous awareness by Danske Bank of alleged terrorist-related transactions.  To establish aiding and abetting liability under 18 U.S.C. § 2333(d), a plaintiff must show that the defendant was then "'aware' that, by assisting the principal, it [wa]s itself assuming a 'role' in terrorist activities."  *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018).  Plaintiffs allege nothing of this sort.  They do not remotely plead that Danske Bank had any contemporaneous knowledge that any of these alleged

transactions were connected to terrorist organizations, let alone connected to terrorist activities. *See Honickman* v. *BLOM Bank SAL*, 6 F.4th 487, 501 (2d Cir. 2021) (no liability where there were no plausible allegations that bank was "aware of [customers]' ties with Hamas prior to the relevant attacks."). Instead, Plaintiffs allege that individuals or entities that held customer accounts at a Danske Bank branch were *later* revealed publicly to have ties to terrorist financing. And while Plaintiffs allege anti-money laundering control failures at certain Danske Bank affiliates and the existence of certain suspicious transactions in broad, general terms, "allegations that Defendants knowingly violated laws that were designed principally to prevent terrorist activity do not allege plausibly a general awareness that Defendants had assumed a role in a foreign terrorist organization's *act* of international terrorism." *Freeman* v. *HSBC Holdings PLC*, 465 F. Supp. 3d 220, 230 (E.D.N.Y. 2020).

Second, Plaintiffs also do not allege knowing and substantial assistance. To be liable for aiding and abetting under JASTA, "the defendant must *knowingly and substantially assist* the principal violation." *Honickman*, 6 F.4th at 494. Here, Plaintiffs' threadbare allegations of money moving through customer accounts at a Danske Bank branch that ultimately was destined for terrorist organizations do not satisfy this standard. The substantial assistance prong requires an analysis of "(1) the nature of the act encouraged, (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the period of defendant's assistance." *Linde*, 882 F.3d at 329. Among other failures, Plaintiffs do not allege that Danske Bank was aware of or encouraged any attack, nor have they "advance[d] any non-conclusory allegation that" the referenced terrorists "received any of those funds" from accounts at Danske Bank or that the bank "knew or intended that" the terrorists "would receive the funds." *Siegel* v. *HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019). Plaintiffs also make no allegation of any direct connection at all between Danske Bank and any terrorist organization, or that Danske Bank "knowingly assumed a role in . . . terrorist activities or otherwise knowingly or intentionally supported" the referenced criminal organizations. *Id.* In sum, all of Plaintiffs' claims against Danske Bank should be dismissed.[2]

The parties have agreed to the following proposed briefing schedule:

| | |
|---|---|
| Opening Briefs Due: | Wednesday, December 15, 2021 |
| Opposition Briefs Due: | Wednesday, February 16, 2022 |
| Reply Briefs Due: | Wednesday, March 16, 2022 |

---

[2] Plaintiffs' Complaint asserts two counts against all defendants. Both claims are brought under 18 U.S.C. § 2333(d), one captioned as based on an "attack predicate" (Compl. at 585) and the other referenced in the caption as based on a "RICO predicate" (Compl. at 587). It is unclear what theory Plaintiffs are advancing with regard to their "RICO predicate" claim. Plaintiffs do not allege any RICO claim and the ATA does not provide for violations of RICO to serve as a predicate for liability under the ATA. Nevertheless, since Plaintiffs failed to plead the requisite elements of an aiding and abetting claim under the ATA, the labels they apply to the supposed predicate acts of terrorism are irrelevant.

We will be prepared to discuss these issues at a pre-motion conference at the Court's convenience.

                                                                                  Respectfully submitted,

                                                                                 */s/ Brian T. Frawley*
                                                                                 Brian T. Frawley

cc:      All Counsel of Record (via ECF)