

1920 L Street, N.W., Suite 535
Washington, D.C. 20036

150 South Wacker Drive, Suite 2400
Chicago, IL 60606

November 19, 2021

**Via ECF**
The Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    *Wildman, et al. v. Deutsche Bank AG, et al.*, No. 1:21-cv-4400

Dear Judge Matsumoto,

We represent the Plaintiffs in the above-captioned matter. We write to respond to the letter Danske Bank A/S ("Danske") and Danske Markets Inc. ("DMI", together with Danske, "Danske Bank") filed on October 29, 2021, requesting a conference prior to filing a motion to dismiss (the "Danske Bank Letter") (D.I. 28).[1]

Plaintiffs are 487 Americans who were injured, or whose loved ones were killed or injured, in attacks committed by a terrorist syndicate led by al-Qaeda and the Taliban, including its Haqqani Network (the "Syndicate") that targeted Americans in Afghanistan from 2011 through 2016. Plaintiffs were injured and killed by terrorists who received direct and indirect support from Danske Bank.

## I.    Plaintiffs State Secondary Liability (Aiding/Abetting) Claims

Plaintiffs' Complaint alleges that Danske Bank provided substantial assistance to al-Qaeda, the Taliban, and their Syndicate allies from 2007 through 2016, and during that time Danske Bank was one of the world's worst enablers of Syndicate terrorism. Compl. § IV.D (Danske Bank aided Syndicate terrorist finance). Plaintiffs suffered the foreseeable consequences of Danske Bank's acts and accordingly seek relief.

Plaintiffs plausibly allege that from 2007 through 2016, Danske Bank, through its Estonia branch, was not a responsible global financial institution; rather, Danske Bank was a criminal bank that knowingly financed terrorists. *Id.* ¶¶ 828–40. The Complaint alleges, with detail and precision, how Danske Bank's employees and agents worked directly with notorious al-Qaeda and Taliban, including Haqqani Network, financiers to help the Syndicate raise, protect, move, and deploy money in its terrorist campaign against Americans in Afghanistan, including through notorious financier Altaf Khanani, *id.* § IV.D.1, and assistance to value-added tax ("VAT") fraudsters who

---

[1] As discussed in Plaintiffs' response to Deutsche Bank's pre-motion letter, D.I. 31, Plaintiffs proposed to all defendants who have been served or agreed to waive service that should there be briefing, opening briefs would be filed January 21, 2022, oppositions would be filed March 18, 2022, and replies would be filed April 15, 2022, and Defendants do not oppose that schedule. While Plaintiffs do not believe the Court should grant leave to file the motions to dismiss, should the Court decide otherwise, Plaintiffs may amend their Complaint upon review of the motions.



were executing al-Qaeda's fundraising playbook in order to fund attacks against Americans in Afghanistan. *Id.* § IV.D.2.

Each time Danske Bank aided al-Qaeda and its allies, it was generally aware that its transactions foreseeably aided terrorist violence against Americans in Afghanistan. *Id.* § V (general awareness common to all industry participants), *id.* § VI.C (general awareness based upon additional factors specific to Danske Bank).

Through its terrorist finance scheme that lasted at least a decade, Danske Bank was directly responsible for and caused millions of U.S. Dollars to flow to Syndicate terrorists targeting Americans in Afghanistan from 2007 through 2016. *Id.* § IV.C. And Plaintiffs plausibly allege that the Bank did this through its relationships with counterparties that were notorious Syndicate financiers and agents. *Id.*

Plaintiffs' allegations easily state a claim for secondary (aiding/abetting) liability under the ATA, pursuant to established precedent. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 861-63 (2d Cir. 2021); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 154-57 (E.D.N.Y. 2020); *Bartlett v. Société Générale de Banque Au Liban SAL*, 2020 WL 7089448, at *12-16 (E.D.N.Y. 2020); *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 47-48 (E.D.N.Y. 2019).

## II. Danske Bank's Arguments Are Unavailing

Danske Bank's assertion that the Court lacks personal jurisdiction over Danske Bank is unavailing because, among other things, the terrorist-enabling transactions at issue depended upon Danske Bank's access to U.S. Dollars through transactions routed through banks in New York. Compl. § VIII.C.

Danske Bank's assertion that Plaintiffs fail to state a claim as to DMI fails because the terrorist finance alleged would not be possible if not for Danke Bank's access to and use of U.S. Dollar transactions in New York.

Danske Bank's assertion that Plaintiffs fail to adequately plead "general awareness" will not prevail. The Complaint alleges, in detail, that Danske Bank was generally aware of the links between its customers and al-Qaeda, the Taliban (including its Haqqani Network), and their allies, based upon, among other things, media coverage of suspect customers like Khanani. Under the recently decided *Kaplan* decision, as well as the other cases cited above, Plaintiffs more than sufficiently allege Danske Bank general awareness based on its direct participation in transactions that raised or should have raised terrorist red flags due to customer identities.

Danske's argument that Plaintiffs fail to adequately plead knowing "substantial assistance" also falls short and does not comport with either the ATA or the binding precedent interpreting it. Under the ATA's secondary liability provision, "[i]n an action … for an injury arising from an act of international terrorism committed, planned, or authorized by an … foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189), as of the date on which such act of international terrorism was committed, planned, or authorized, liability may be asserted as to any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism." 18 U.S.C.

2



§ 2333(d)(2). Defendants' arguments cannot be reconciled with, among other binding precedent, *Kaplan*.

Lastly, Plaintiffs' Complaint complies with FRCP Rule 8. Similar to Plaintiffs' response to this point in Deutsche Bank's pre-motion letter, D.I. 31, Plaintiffs allege terrorist finance that is so wide ranging in scope, by so many Defendants, and which caused tens of millions of dollars to flow to the Syndicate. The Complaint comprehensively catalogues each Defendant's role, including the Danske Bank Defendants, and the resulting length of the document merely reflects the unprecedented and factually complicated nature of what Danske Bank did.

Sincerely,

*/s/ Ryan R. Sparacino*

Ryan R. Sparacino (admitted *pro hac vice*)
Sparacino PLLC
1920 L Street, N.W., Suite 535
Washington, DC  20036
Ryan.sparacino@sparacinopllc.com


CC: Counsel of Record (via ECF)