

1920 L Street, N.W., Suite 535
Washington, D.C. 20036

150 South Wacker Drive, Suite 2400
Chicago, IL 60606

November 19, 2021

**Via ECF**
The Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Wildman, et al. v. Deutsche Bank AG, et al.*, No. 1:21-cv-4400

Dear Judge Matsumoto,

We represent the Plaintiffs in the above-captioned matter. We write to respond to the letter Placid NK Corporation d/b/a Placid Express ("Placid Express") filed on October 29, 2021, requesting a conference prior to filing a motion to dismiss (the "Placid Express Letter") (D.I. 25).[1]

Plaintiffs are 487 Americans who were injured, or whose loved ones were killed or injured, in attacks committed by a terrorist syndicate led by al-Qaeda and the Taliban, including its Haqqani Network (the "Syndicate") that targeted Americans in Afghanistan from 2001 through 2016. Plaintiffs were injured and killed by terrorists who received direct and indirect support from Placid Express.

### I.    Plaintiffs State Secondary Liability (Aiding/Abetting) Claims

Plaintiffs' Complaint alleges that Placid Express provided substantial assistance to al-Qaeda, the Taliban, and their Syndicate allies from 2001 through 2016. Compl. § IV.E (Placid Express aided Syndicate terrorist finance). Plaintiffs suffered the foreseeable consequences of Placid Express's acts and accordingly seek relief.

Plaintiffs plausibly allege that from 2001 through 2016, Placid Express regularly facilitated U.S. Dollar transactions processed by Khanani and the Khanani money laundering organization ("Khanani MLO") on behalf of the Syndicate. *Id.* ¶¶ 857–72.

Each time Placid Express aided al-Qaeda and its allies, Placid Express was generally aware that its transactions foreseeably aided terrorist violence against Americans in Afghanistan. *Id.* § V (general awareness common to all industry participants), id. § VI.D (general awareness based upon additional factors specific to Placid Express).

---

[1] As discussed in Plaintiffs' response to Deutsche Bank's pre-motion letter, D.I. 31, Plaintiffs proposed to all defendants who have been served or agreed to waive service that should there be briefing, opening briefs would be filed January 21, 2022, oppositions would be filed March 18, 2022, and replies would be filed April 15, 2022, and Defendants do not oppose that schedule. While Plaintiffs do not believe the Court should grant leave to file the motions to dismiss, should the Court decide otherwise, Plaintiffs may amend their Complaint upon review of the motions.

**SPARACINO PLLC**

Through its terrorist finance scheme that lasted more than a decade, Placid Express was directly responsible for and caused millions of U.S. Dollars to flow to Syndicate terrorists targeting Americans in Afghanistan from 2007 through 2016.  *Id.* § IV.D.  And Plaintiffs plausibly allege that Placid Express did this through its relationships with a counterparty, Khanani and the Khanani MLO, the world's most notorious terrorist financiers.  *Id.*

Plaintiffs' allegations easily state a claim for secondary (aiding/abetting) liability under the ATA, pursuant to established precedent.  *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 861-63 (2d Cir. 2021); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 154-57 (E.D.N.Y. 2020); *Bartlett v. Société Générale de Banque Au Liban SAL*, 2020 WL 7089448, at *12-16 (E.D.N.Y. 2020); *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 47-48 (E.D.N.Y. 2019).

## II. Placid Express's Arguments Are Unavailing

At the pleading stage, Plaintiffs' allegations are presumed true, and all reasonable inferences must be made in Plaintiffs' favor.  Placid Express mischaracterizes, recasts, and/or ignores Plaintiffs' well-pleaded allegations and reasonable inferences therefrom.  For example, Placid Express baldly asserts that Plaintiffs fail to adequately allege that "any FTO received funds allegedly transferred through Placid Express, let alone used those funds to cause Plaintiffs' injuries here."  That is both wrong and an inappropriate characterization of Plaintiffs' allegations.  Plaintiffs plausibly allege Placid Express caused funds to flow through to al-Qaeda and the Haqqani Network.  Compl. § IV.E.  And Plaintiffs allegations are far from conclusory—indeed, Plaintiffs, specifically and particularly allege that Placid Express caused, at a minimum, hundreds of thousands of U.S. Dollars to flow to al-Qaeda and the Haqqani Network through Khanani's transactions with Placid Express.  *Id.* ¶¶ 865–72.

Placid Express ignores detailed allegations concerning its specific relationships with customers who were known to have al-Qaeda, Taliban, and/or Haqqani Network ties.  Those customers include Altaf Khanani (Compl. § IV.A.1), Samir Azizi (*id.* § IV.A.2), Imran Yakub Ahmed (*id.* § IV.A.3), and Mamoun Darkanzali (*id.* § IV.A.4).  Placid Express's argument about the purported lack of detail in Plaintiffs' Complaint also fails.  Plaintiffs have identified the who (Khanani, the Khanani MLO, and their associated companies), the what (U.S. Dollar transfers to al-Qaeda/Taliban customers), and also have alleged the substantial resulting cash flow reached al-Qaeda and the Taliban and aided the attacks.  Plaintiffs have plausibly alleged Placid Express's liability such that they should be allowed to learn more, through discovery.

Placid Express's assertion that Plaintiffs fail to adequately plead "general awareness" is unavailing.  The Complaint alleges, in detail, that Placid Express was generally aware of the links between Khanani and and al-Qaeda, the Taliban (including its Haqqani Network), and their allies based upon, among other things, media coverage.  Under the recently decided *Kaplan* decision, as well as the other cases cited above, Plaintiffs more than sufficiently allege Placid Express's general awareness based on its direct participation in transactions that raised or should have raised terrorist red flags due to customer identities.

Placid Express's argument that Plaintiffs fail to adequately plead knowing "substantial assistance" falls short and does not comport with either the ATA or binding precedent interpreting it.  Under the ATA's secondary liability provision, "[i]n an action … for an injury arising from an act of

2

international terrorism committed, planned, or authorized by an … foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189), as of the date on which such act of international terrorism was committed, planned, or authorized, liability may be asserted as to any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism." 18 U.S.C. § 2333(d)(2). Defendants' arguments cannot be reconciled with, among other binding precedent, *Kaplan*.

Placid Express's assertion that substantial assistance requires that the aider/abettor's actions "proximately caused" the harm is also wrong. Under the ATA, Plaintiffs need only allege that the person who committed the attack (*i.e.*, the terrorists) proximately caused the harm and that defendants provided "substantial assistance" to the terrorists, and no case cited by Defendants has held otherwise in the context of the ATA.

Finally, Placid Express's assertion that Plaintiffs have not appropriately linked the attacks to an FTO misses the mark under the plain text of the statute, which merely requires that the substantial assistance flow to the "person" who committed the act of international terrorism. 18 U.S.C. § 2333(d)(2). It is only the "act of international terrorism" that must have been "committed, planned, or authorized" by an FTO, *id.*, and Plaintiffs' plausible, precise, and specific allegations easily clear this hurdle. *See* Compl. § I.A (al-Qaeda organized and led Syndicate alongside Taliban), *id.* § I.B (al-Qaeda planned and authorized all attacks); *id.* § I.C (al-Qaeda jointly committed many attacks).

Sincerely,

*/s/ Ryan R. Sparacino*


Ryan R. Sparacino (admitted *pro hac vice*)
Sparacino PLLC
1920 L Street, N.W., Suite 535
Washington, DC  20036
Ryan.sparacino@sparacinopllc.com


CC:    Counsel of Record (via ECF)

3