# Exhibit 2

1

```
 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2     - - - - - - - - - - - - - - - X
                                      :
 3        AUGUST WILDMAN, et al.,      :  21-CV-04400(KAM)
                                      :
 4             Plaintiffs,             :
                                      :
 5                                     :  United States Courthouse
          -against-                    :  Brooklyn, New York
 6                                     :
                                      :
 7                                     :  December 7, 2021
          DEUTSCHE BANK                :  1:00 p.m.
 8        AKTIENGESELLSCHAFT, et       :
          al.,                         :
 9                                     :
               Defendants.             :
10
       - - - - - - - - - - - - - - - X
11
          TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE VIA
12                            TELECONFERENCE
             BEFORE THE HONORABLE KIYO A. MATSUMOTO
13                   UNITED STATES DISTRICT JUDGE

14

15                   A P P E A R A N C E S:

16
       For the Plaintiffs:       SPARACINO PLLC
17                               1920 L Street, NW
                                 Suite 535
18                               Washington, DC 20036

19                               BY:  RYAN SPARACINO, ESQ.
                                      ELI JOHNSON KAY-OLIPHANT, ESQ.
20

21     For Defendant
       Deutsche Bank AG
22     and Deutsche Bank
       Trust Company Americas:  CAHILL GORDON & REINDEL LLP
23                               32 Old Slip
                                 New York, NY 10005
24
                                 BY:  DAVID G. JANUSZEWSKI, ESQ.
25
```

*Proceedings*                                                    2

```
 1                A P P E A R A N C E S:  (Continued.)

 2   For Defendant
     Standard Chartered
 3   Bank:                   SULLIVAN & CROMWELL LLP
                             125 Broad St
 4                           New York, NY 10004

 5                           BY:  ANDREW FINN, ESQ.

 6   For Defendant
     Danske Bank A/S
 7   and Danske Markets,
     Inc:                    SULLIVAN & CROMWELL LLP
 8                           125 Broad Street
                             New York, NY 10004-2948
 9
                             BY:  BRIAN THOMAS FRAWLEY, ESQ.
10
     For Defendant
11   Placid NK Corp.:        WHITE & CASE LLP
                             701 13th St, NW
12                           Washington, DC 20005

13                           BY:  CLAIRE DELELLE, ESQ.
                                  MICHAEL MAHAFFEY, ESQ.
14

15   Court Reporter:         DENISE PARISI, RPR, CRR
                             Official Court Reporter
16                           Telephone: (718) 613-2605
                             E-mail:  DeniseParisi72@gmail.com
17
     Proceedings recorded by computerized stenography.  Transcript
18   produced by Computer-aided Transcription.

19                  *     *     *     *     *

20

21          (All parties present via teleconference.)

22          THE COURT:  Hello.  Good afternoon.

23          This is Judge Matsumoto.

24          This is a pre-motion conference in the case Jonathan

25   L. Ashley, III, et al., versus Deutsche Bank, et al.
```

*Proceedings*                                                          3

1          I'm going to take the appearances starting with the

2   plaintiff, and I will just ask each counsel to remember to

3   identify himself or herself before you speak.

4          First let's get the appearance for the plaintiff,

5   please.

6          MR. SPARACINO:  This is Ryan Sparacino, counsel for

7   the plaintiffs.

8          THE COURT:  All right.  Thank you.

9          Will you be the one speaking on their behalf today,

10  sir?

11         (Pause.)

12         THE COURTROOM DEPUTY:  Sir?

13         THE COURT:  Hello?  Will you be speaking on their

14  behalf today, or will your co-counsel also be speaking?

15         MR. SPARACINO:  I apologize, Your Honor.  I didn't

16  know if Your Honor could hear me.  I said yes, Your Honor.

17         THE COURT:  All right.  We didn't hear you.

18         Who is here for Deutsche Bank?

19         MR. JANUSZEWSKI:  Good afternoon, Your Honor.

20         I'm David Januszewski from Cahill Gordon for

21  Deutsche Bank AG and Deutsche Bank Trust Company Americas.

22         THE COURT:  Thank you.

23         All right.  Next we have, Standard Chartered Bank.

24  Who's appearing for Standard Chartered, please?

25         MR. FINN:  Good afternoon, Your Honor.

*Proceedings*                                                           4

1          Andrew Finn from Sullivan & Cromwell on behalf of

2    Standard Chartered.

3          THE COURT:  Okay.  Thank you.

4          Next we have Danske Bank.

5          MR. FRAWLEY:  Good afternoon, Your Honor.

6          It's Brian Frawley from Sullivan & Cromwell for

7    Danske Bank and Danske Markets.

8          THE COURT:  Is there any conflict with your firm's

9    representation of two of the defendants by any chance?  I'm

10   assuming you checked.

11         MR. FRAWLEY:  Your Honor, it's Brian Frawley.

12         We do not believe there is any conflict, and our

13   clients are aware of the representation.

14         THE COURT:  All right.  Thank you.

15         And who do we have for Placid NK, please?

16         MS. DELELLE:  Good afternoon, Your Honor.

17         This is Claire Delelle on behalf of Placid, and with

18   me is an associate on my team, Michael Mahaffey, who will

19   present on Placid's behalf pursuant to Section 3, paragraph E

20   of Your Honor's chamber's practices.

21         THE COURT:  All right.  Thank you.  I appreciate

22   your making that accommodation for an associate.

23         What I would like to do, again, is remind everybody

24   to identify yourself by name before you speak.

25         So I have a general question of the plaintiffs'

*Proceedings*                                                        5

1    counsel.

2             It seems to me -- I mean, I think this complaint is

3    a monster.  I think, on its face almost, it violates Rule 8.

4    I'm wondering why you couldn't bring separate lawsuits against

5    each of the defendant's banks.  You know, I understand your

6    theory about a syndicate becoming part of a money

7    laundering -- you know, having associations with many money

8    launderers and, you know, doing business with the various

9    defendants, but you are not alleging that every defendant is

10   allegedly responsible for aiding and abetting each of the

11   alleged acts that injured your clients, are you,

12   Mr. Sparacino?

13             MR. SPARACINO:  Plaintiffs are alleging that each

14   defendant aided and abetted both the terrorist campaign --

15   (Teleconference interruption.) -- they're the group -- the

16   persons that committed the acts -- (Teleconference

17   interruption.) -- under JASTA, under the secondary liability

18   for aiding and abetting, plaintiffs must allege and prove that

19   the defendant aided the person who committed the attack, and

20   we believe we've done that here.

21             THE COURT:  Well, that's not the point what you

22   believe.  My point is whether -- you're alleging that each of

23   the four bank defendants aided and abetted each of the

24   injuries against each of your clients; is that what you're

25   telling me?

*Proceedings*                                                              6

1          MR. SPARACINO:  In the complaint, each defendant,

2   among other things -- (Teleconference interruption.) -- money

3   laundering organization while it was the world's --

4   (Teleconference interruption.) -- laundering --

5          THE COURT:  You are breaking up.  You are breaking

6   up.

7          Do you have a better phone line to speak on?

8          MR. SPARACINO:  I apologize.  Your Honor, I

9   apologize.  Is that better?  I don't have an explanation for

10  my phone service.  Am I coming through better now for Your

11  Honor?

12         THE COURT:  Yes, you are.  I was losing every half

13  word.

14         All right.  So I just wanted to understand because,

15  honestly, I think that it becomes very difficult to --

16  especially in terms of contemplating the various defenses that

17  the defendants had raised, including personal jurisdiction,

18  failure to state a claim, imposition pleading on various

19  points like general awareness, substantial assistance,

20  et cetera.  I'm just wondering if there's a neat and cleaner

21  way for you to have presented your claims; and if you tell me

22  no, I accept that.  But let me just say this:  There are a lot

23  of entities and names floating around in this complaint that

24  really don't seem to have direct connection to any of the

25  defendants or their claims or any of the alleged acts for

1   which you seek compensation, and I'm just wondering if your

2   obligation to comply with Rule 8 was taken into consideration

3   when you drafted this complaint.

4            MR. SPARACINO:  I hear you; I hear Your Honor loud

5   and clear.  We were very conscious of our ruling obligations

6   when we drafted the complaint.  We -- (Teleconference

7   interruption.) -- in a landscape in which it seems like no

8   matter how detailed anti-terror -- (Teleconference

9   interruption.) -- complaint is, the defense attorney hasn't

10  alleged with precision enough --

11           THE COURT:  The Circuit has given us some guidance

12  on that -- I'm well aware -- but let me ask you this:  I'm not

13  interested in your proposal to have them spend the time and

14  effort and their client's funds to draft a motion to dismiss

15  only to have you then come and amend your complaint.  I would

16  rather you do that now before any briefing occurs so that I

17  can get your best iteration of the facts that you believe

18  support each of your client's claims, and then I can assess

19  whether those allegations are sufficient to state a claim

20  against each of the defendants; so I would like for you to do

21  that first, and I would like to find out how much time you

22  need to do that.

23           MR. SPARACINO:  (Teleconference interruption.) --

24  contemplated, and I believe we proposed this to Your Honor,

25  that the defendant's original motion would be filed in January

1   and --

2          THE COURT:  No.  Sir, sir, sir, you are missing the

3   point.  I'm saying amend your complaint before they spend the

4   time and money drafting a motion to dismiss.

5          MR. SPARACINO:  I was explaining the calendar.  I

6   was trying to explain my -- the context in my answer, which is

7   to say that I believe that we can do so along the same general

8   calendar that we've already -- (Teleconference interruption.)

9   -- is what I was trying to say.

10          THE COURT:  What, you could amend your complaint

11   along the same general calendar, which is?  You propose that

12   the defense briefs would come in January 21, 2022; your

13   opposition would be filed March 18th -- and, by the way,

14   nobody files anything until the motion is fully briefed, and

15   then the replies would be -- and the fully briefed motion

16   would be filed April 15th.  But then you state that you want

17   to amend your complaint upon review of the motion, and I'm

18   saying that that's not really fair to the defendants who will

19   have spent time and effort briefing a motion where I'm giving

20   you an opportunity now to amend your complaint without motion

21   practice, assuming the defendants agree.  And then we can

22   schedule motion practice against the complaint if defendants

23   still believe that you are pleading a deficient --

24   (Teleconference interruption.) -- as far as the allegations

25   against your clients.

1           MR. SPARACINO:  What I was proposing was that we be

2    permitted to file our amended complaint on the date that we

3    had currently reserved for when our opposition was due.  That

4    was what I was trying to articulate.

5           THE COURT:  So in March rather than January?  Why do

6    you need that much time?

7           MR. SPARACINO:  I apologize.  I had understood that

8    that would be in February.  I don't believe we need until

9    March.  I believe that we would need until early February

10   partly because we expect we will have additional clients who

11   will join the case, and there are separate processes we have

12   for that, and partly because we take Your Honor's statement --

13   (Teleconference interruption.) -- during today's hearing to

14   heart, and we would anticipate spending a lot of time to

15   comport the complaint to what Your Honor had described.

16          THE COURT:  I'm happy to hear from any of the

17   defense counsel.  I would just ask that you identify yourself.

18   Actually, maybe we should do this in order hearing first from

19   Deutsche Bank.

20          MR. JANUSZEWSKI:  Yes, Your Honor, David Januszewski

21   from Cahill.

22          We are just supportive of the course that Your Honor

23   has suggested and would have made some of the points that you

24   eluded to in terms of the burden and expense on our clients to

25   respond to this only to have an amendment where they clearly

1  know what the issues are and the deficiencies we assert, so we

2  support the idea of having them amend first.

3        THE COURT:  All right.

4        What about counsel for Standard Chartered Bank?

5  Mr. Finn?

6        MR. FINN:  Yes, Your Honor, it's Andrew Finn for

7  Standard Chartered.

8        Standard Chartered as well would have no objection

9  to allowing the plaintiffs to amend and thereafter trying to

10 agree on a briefing schedule for motions to dismiss.

11 Obviously, some of our clients have personal jurisdiction

12 objections that we wouldn't be waiving by agreeing to allow an

13 amendment at this point, but we have no objection to

14 proceeding in this way.

15       THE COURT:  All right.

16       And we also have Mr. Frawley from Danske Bank.

17       MR. FRAWLEY:  Yes, Your Honor.  Brian Frawley.

18       Thank you.

19       Danske Bank has no objection to proceeding this way,

20 but to be clear, if the plaintiffs amend now, it will be our

21 position that they don't get to amend again following the

22 motion to dismiss.

23       THE COURT:  Well, we will talk about that in a

24 second.  I actually agree with you because this is their

25 opportunity to state the best iteration of the factual

*Proceedings*                                                11

1    allegations that support their claims, and I want to give them

2    a full opportunity.  I'm reluctant to give the plaintiff until

3    February, frankly, but if it will give me their best iteration

4    of all the facts that support their claims, I'm happy to give

5    them that time, but they will not be given leave to replead.

6              Let me ask Placid's counsel.

7              Mr. Mahaffey, are you going to speak on behalf of

8    Placid NK?

9              MR. MAHAFFEY:  Yes, Your Honor.  This is Michael

10   Mahaffey.

11             Thank you.

12             And we fully support Your Honor's proposal, and we

13   also agree with Your Honor that February is a pretty extended

14   time frame.  Our client's preference is to move this forward

15   as quickly as possible.  This complaint was filed in August.

16   We filed our letter in October pointing out the deficiencies

17   in the complaint, so of course we want to help the Court make

18   this a smooth process, and we are happy to be on a uniform

19   briefing schedule, but we would be remiss if we didn't note

20   that our client would, as Your Honor said, like to move this

21   forward a little more quickly than a February amendment.

22             THE COURT:  Well, I will ask plaintiffs' counsel.

23             Mr. Sparacino, can you file an amended complaint any

24   earlier than February, because this case will have been filed

25   for -- you know, this complaint was filed in August of 2021.

*Proceedings*                                                    12

1   It just seems odd to me that you need six months to file an

2   amended complaint from the date of the first filing to

3   February.  Can you do it any sooner is my bottom line

4   question.

5            MR. SPARACINO:  I think potentially if we -- I think

6   we could probably do it as late as maybe the last week in

7   January, but to make us do it sooner than that, candidly,

8   would -- we, kind of, assumed, I guess, that we would, you

9   know, not, in any scenario, have to have this on file before,

10  you know -- (Teleconference interruption.) --

11           THE COURT:  Before what?  I'm sorry, sir.  Before

12  what?  You cut out.

13           MR. SPARACINO:  Just before the end of January.  You

14  know, we have -- we are in the process of, among other things,

15  negotiating with co-counsel who expect to come on board and

16  serve as lead counsel, to likely include additional clients in

17  the complaint, and a substantial amount over the holidays.  We

18  will work as fast as we possibly can.  I'm confident that we

19  could make an end-of-January deadline.

20           One alternative, I suppose, is we could probably

21  make a -- we could easily make an end-of-January deadline,

22  assuming the parties are amenable to us including additional

23  plaintiffs just as a related case, which we designate related,

24  and agree by stipulation that whatever Your Honor's rulings in

25  this case bind that case as well.  That should be an efficient

*Proceedings*                                                    13

 1   way to ensure that we have no problem meeting that

 2   end-of-January deadline without any -- to address Placid's

 3   concerns.

 4              THE COURT:  I can't speak for them.

 5              Does somebody on the defense side want to be heard?

 6              MR. FRAWLEY:  Your Honor, it's Brian Frawley from

 7   Sullivan & Cromwell for Danske Bank.

 8              I can't really agree in the abstract that some

 9   lawsuit I haven't seen yet is going to be duplicative and

10   overlapping with the current lawsuit, but, you know, the rules

11   provide methods for the plaintiffs to add parties to this case

12   through amendments or otherwise, and we will be accommodating

13   to any request to do so.  This is the first we're hearing that

14   there's going to be a different lawsuit filed that I haven't

15   seen yet, so we'll cooperate.  We agree with Placid's counsel

16   that, you know, this lawsuit is, in some ways, defamatory

17   towards our client accusing them of being terrorists, and we

18   want to move this forward.

19              THE COURT:  All right.

20              So am I hearing you say that you would prefer to

21   have the plaintiffs amend, joining all other parties that they

22   plan to join, and give them a little bit more time until

23   February instead of late January?  Does anybody object to that

24   plan?  If we're going to move forward through motion practice

25   with four different defendant groups, I would rather have a

*Proceedings*                                                    14

1    complaint that really represents the -- (Teleconference

2    interruption.) -- statement of facts and assess the deficiency

3    of the claims on that.

4           Does anyone object, on the defense side, to giving

5    plaintiffs' counsel until early February, as he proposed

6    initially?

7           For Deutsche Bank.

8           MR. JANUSZEWSKI:  David Januszewski from Cahill.

9           We would support that.  We would support the idea of

10   taking him at his word as to what he needs to produce his true

11   final product, and if that's the first week of February, we

12   would support that.

13          THE COURT:  All right.  If any other defendant wants

14   to be heard, I will hear you, but if I don't hear anything, I

15   will assume that the February date is satisfactory to

16   everybody.

17          (Pause.)

18          THE COURT:  All right.

19          So, Mr. Sparacino, let's set a date in February when

20   you are going to file your amended complaint, please, and this

21   will include those additional plaintiffs that you are talking

22   about.  Hopefully you'll straighten out any co-counsel issues

23   that you are currently engrossed in and we can get this

24   rolling.  So when in February, sir?

25          MR. SPARACINO:  I propose, perhaps, Wednesday,

*Proceedings*                                                    15

1   February -- Tuesday, February 8th.  That would give us

2   essentially just the first week.

3            THE COURT:  All right.

4            MR. KAY-OLIPHANT:  Your Honor, this is Eli

5   Kay-Oliphant.

6            THE COURT:  I'm sorry, who's speaking?

7            MR. KAY-OLIPHANT:  This is Eli Kay-Oliphant from

8   Sparacino PLLC.

9            I think my partner, Ryan Sparacino, may have

10  overlooked a deadline that we have literally three days before

11  that in another case, so I would suggest that perhaps a week

12  further from what he just described.

13           MR. SPARACINO:  He's right about that.  The 15th

14  would be much better, that's correct.

15           THE COURT:  All right.  Now we're not in early

16  February, we're in mid-February, but that's it.  All right?

17  February 15th.

18           What I would like to do -- I'm assuming it's going

19  to be as bad, or maybe worse than what we've got now, in terms

20  of length and number of paragraphs.  I would really, really

21  hope, Mr. Sparacino and Mr. Kay-Oliphant, that you would try

22  very hard to shorten the allegations, focus on the factual

23  deficiencies that are identified for you, add those facts,

24  take out everything that is not absolutely relevant and

25  material to your claim, and do your best to state your claims

1    for all your clients, and I would like to give the defendants

2    some time to read your amended pleading and decide how they

3    want to proceed.  I mean, maybe some of your claims can be

4    dropped if you think about whether there's a lack of personal

5    jurisdiction, or you have some issues with not being able to

6    state facts against certain of the defendants that are

7    necessary to state a claim.  I hope you would give that

8    careful thought.

9           But let me ask defense counsel -- you may all have

10   different views about this, but when would you like to advise

11   the Court as to how you intend to proceed?  I don't think we

12   need another pre-motion conference, but if you do decide to

13   proceed with your motions, I would like to have some mutually

14   agreeable briefing schedule, which, by the way, I think was a

15   little bit lengthy.  I have never seen a briefing schedule

16   with that generous of a time frame, but how much time would

17   you need to make a decision as to how you are going to

18   proceed, assuming that plaintiff's amended complaint is

19   hopefully slightly shorter than what we've got now.

20          MR. FRAWLEY:  Your Honor, it's Brian Frawley from

21   Sullivan & Cromwell on behalf of the Danske Bank defendants.

22          I think this is true for some of the other defendant

23   groups as well, but the allegations against Danske Bank all

24   derive from a publicly-issued report about issues that the

25   bank experienced ending in 2016, so I frankly don't expect the

1  Danske Bank specific allegations to change very much in any

2  complaint.  They are all public records.  I would suggest that

3  we could advise the Court within a week of receiving that

4  complaint of our intentions with respect to motions and

5  propose a schedule that we will certainly agree would be --

6  (Teleconference interruption.) -- which was extended due to

7  some holiday and competing scheduling issues, but I would

8  anticipate moving against that complaint within 30 days.

9          THE COURT:  All right.  Is that true for all the

10  defendants as well?

11          MR. JANUSZEWSKI:  That would be fine for Deutshce

12  Bank, Your Honor.

13          David Januszewski for Deutsche Bank.

14          MR. MAHAFFEY:  This is Michael Mahaffey for Placid

15  Express, and that works for us as well.

16          MR. FINN:  And Andrew Finn for Standard Chartered.

17          Also fine for Standard Chartered.

18          THE COURT:  All right.  So you will be moving within

19  30 days against -- in all likelihood -- against the amended

20  complaint.

21          All right.  And that would bring us to mid-March --

22  let's say March 18th.  By March 18th; is that all right?

23          MR. FRAWLEY:  Brian Frawley.

24          It's fine for Danske Bank.

25          THE COURT:  All right.  If any defense lawyer thinks

*Proceedings*                                                        18

1   March 18th is too soon, let me know now, please.

2             (Pause.)

3             THE COURT:  All right.  So now that plaintiffs'

4   counsel is in the position of having to defend against four

5   motions, so I'm happy to give him a little more latitude to

6   respond.

7             How's May 13th, Mr. Sparacino?

8             MR. SPARACINO:  Your Honor, it is also my birthday,

9   full disclosure.  That's a wonderful date.

10            THE COURT:  All right.  You are fine with that?  All

11  right.  I would hate to have you --

12            MR. SPARACINO:  No problem.  No problem.

13            THE COURT:  Okay.  All right.  So you will serve

14  your oppositions by May 13th.

15            And defendants' reply, what would you need for that?

16  Does somebody want to speak about that?

17            MR. FRAWLEY:  It's Brian Frawley from Sullivan &

18  Cromwell.

19            I would think that three weeks would be sufficient

20  at least from Danske Bank's perspective.

21            THE COURT:  Does anyone have an issue with three

22  weeks on the defense side?

23            MR. MAHAFFEY:  Your Honor, this is Mike Mahaffey

24  with Placid Express.

25            We could do sooner, we could do two weeks, but three

1   weeks is fine to stay on a uniform schedule.

2          THE COURT:  Counsel, once again -- I'm assuming no

3   other defendant has an issue with the three-week reply after

4   plaintiff's opposition; is that correct?

5          MR. JANUSZEWSKI:  That's fine for Deutsche Bank,

6   Your Honor.

7          THE COURT:  Okay.  Thank you.

8          Counsel, please consult my motion practices.  I

9   would like you to file the fully briefed motion on June 3rd,

10  not before.  You may provide me with two courtesy copies in

11  advance when you serve your papers on your adversary.

12         And, Mr. Sparacino, when you file your amended

13  complaint, please provide two copies of that to chambers.  All

14  right?  I'm just, kind of, in shock about the amount of paper

15  that this case -- even to print the docket sheet was 114

16  pages.  It was kind of mind-boggling.  We are not interested

17  in wasting a lot of paper, but I would like you to deliver the

18  courtesy copies of your complaint to our chambers once it's

19  filed on February 15th, if you would, please.

20         (Pause.)

21         THE COURT:  Hello?

22         MR. SPARACINO:  I apologize.  I am going to get a

23  better phone service.  I said yes, Your Honor.

24         THE COURT:  Okay.  Am I the only one not hearing

25  Mr. Sparacino?

*Proceedings*                                                    20

1          MR. JANUSZEWSKI:  No.  We all have the same problem.

2          THE COURT:  All right.  Very good.

3          MR. SPARACINO:  I apologize for my -- I apologize.

4          THE COURT:  Okay.

5          MR. FRAWLEY:  Your Honor, it's Brian Frawley.

6          If it's of any benefit to the Court, I think the

7    parties would all be happy to amend the caption of this so

8    there aren't 800 parties in it and alleviate any issues with

9    the pages that that creates.

10          THE COURT:  I think we are just going to, in the

11   future, be selective about what we print.  I think obviously

12   in the amended complaint, all the plaintiffs have to be named

13   and identified, but yet we can -- if it's all right with

14   Mr. Sparacino -- agree that Jonathan L. Ashley, III, will be

15   the lead plaintiff, and it will be "et al."

16          Is that all right with you, sir?

17          MR. SPARACINO:  Yes.  The lead plaintiff, as we

18   filed it, was Ms. August Wildman, but there was something on

19   ECF that switched that around.  We are happy to restyle it how

20   Your Honor prefers.

21          THE COURT:  Well, any plaintiff you want to name as

22   the lead or the first named plaintiff with "et al.," that's

23   fine.  Probably our ECF system got a little spooked by this

24   complaint and how to process it, so whatever plaintiff you

25   want to name in the shortened caption, it's fine with me, and

*Proceedings*                                                           21

1   you will name all the other defendants; and the amended

2   complaint will identify each of the plaintiffs so that we can

3   understand which plaintiffs are affiliated with one another

4   and are seeking relief that arises from a particular injury or

5   death.

6           Is there anything else I need to address right now?

7           (Pause.)

8           THE COURT:  No?

9           All right.  Thank you, Counsel.  I hope everybody

10  stays safe, and enjoy your holidays.

11          (Matter concluded.)

12

13                  *     *     *     *     *

14

15  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

16

17      /s/ Denise Parisi                    December 16, 2021

18  _____    _____
        DENISE PARISI                            DATE

19

20

21

22

23

24

25