# Exhibit 3

# STIPULATION AND SETTLEMENT AGREEMENT

BETWEEN:

THE UNITED STATES OF AMERICA, Plaintiff

And

HIKMATULLAH SHADMAN, ROHULLAH FAIZY AND NAJIBULLAH SADULLAH, Claimants

WHEREAS:

1. Whereas, the United States filed a Verified Complaint for Forfeiture *in Rem* on November 20, 2012, in the United States District Court for the District of Columbia, captioned at *United States of America v. Sum of $70,990,605 et al.*, 12-1905, and a Third Amended Verified Complaint for Forfeiture *in Rem* (the "Complaint"), in this case (the "Pending Action") on August 6, 2015, seeking the forfeiture of approximately $57.3 million in defendant assets (the "Defendant Assets"), as more fully described in the Complaint;

2. On August 27, 2013, Hikmatullah Shadman and his brothers, Rohullah Faizy and Najibullah Sadullah, filed verified claims to the Defendant Assets (collectively, the "Shadman Claimants"), both individually and on behalf of their specific interests in Hikmat Shadman Logistics Services Company ("HSLSC"), Hekmat Shadman General Trading, LLC ("Hekmat"), Faizy Elham Brothers, Ltd., and Everest Faizy Logistics Services ("Everest");

3. The United States and the Shadman Claimants desire to enter into this Stipulation and Settlement Agreement ("Settlement Agreement"), which involves forty-nine million dollars ($49,000,000) of the Defendant Assets, and which encompasses all assets to which the Shadman Claimants have pending claims, that were restrained by Order of the United States District Court upon probable cause provided by the United States in May 2013 at Deutsche Bank Americas, which served as the U.S. interbank account for Emirates National Bank;

4. On January 3, 2019, HSLSC pleaded guilty in the Eastern District of North Carolina to a Criminal Information, No. 5:18-cr-492-1, charging the corporation with two counts of paying gratuities to two U.S. service members in Afghanistan, and one count of conspiracy to do the same, in order to ensure the award of contracts to HSLSC, and was sentenced the same day to pay a $810,000 fine and forfeit $190,000 ("Criminal Fine and Forfeiture");

5. On August 11, 2014, a Relator filed an action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "FCA") in the United States District Court for the District of Columbia, which remains under seal (the "FCA Action"). The FCA Action names as defendants, among others, certain companies owned and/or operated by

the Shadman Claimants, specifically HSLSC, Hekmat, Hikmat Supply and Construction Company, and Everest (collectively, the "Shadman Companies");

6. Notice of the Pending Action was provided to claimants as required under the applicable Federal Rules of Civil Procedure; notice was also published on the government website www.forfeiture.gov for 30 consecutive days, and the deadline for third party claims to be filed in this matter has also expired; and

7. The United States and the Shadman Claimants have negotiated this Settlement Agreement and wish to resolve all claims which may arise out of the Pending Action through this Settlement Agreement, except any claims arising out of the FCA Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE UNDERSIGNED PARTIES AS FOLLOWS:

1. The United States and the Shadman Claimants consent to the terms of this Settlement Agreement, and agree to take all reasonable steps necessary to execute its terms.

2. The Shadman Claimants represent that they own the $49,000,000 of the Defendant Assets described in paragraph 3 above, which is the subject of this Settlement Agreement.

3. Pursuant to this Settlement Agreement, the Shadman Claimants agree to pay the Relator fifty-five thousand dollars ($55,000) to satisfy the Relator's expenses, attorney's fees and attorney costs in the FCA Action ("Relator's Attorneys' Fees"), and agree to pay the Relator's Attorneys' Fees and the Criminal Fine and Forfeiture prior to any release of funds to the Shadman Claimants.

4. Upon proof of payment of the Relator's Attorneys' Fees and the Criminal Fine and Forfeiture, the Shadman Claimants shall receive twenty-three million four hundred and forty-five thousand dollars ($23,445,000), which represents twenty-four and one half million dollars ($24,500,000) of the Defendant Assets restrained at Deutsche Bank Americas, less the payment of the Relator's Attorneys' Fees and the Criminal Fine and Forfeiture. Such release of funds shall be made pursuant to written instructions to be provided by the Shadman Claimants' counsel and in full satisfaction of the Shadman Claimants' claims in the Pending Action.

5. Coincident with this Settlement Agreement, the Shadman Companies will enter into a separate settlement agreement with the United States to resolve their liability to the United States under the FCA (the "FCA Settlement Agreement") for the Covered Conduct, as that term is defined in the FCA Settlement Agreement. As set forth in the FCA Settlement Agreement, it is also agreed that one and one-half million dollars ($1,500,000) of the Defendant Assets will be allocated and distributed to the United States as payment to resolve the United States' FCA claims against the Shadman Companies for the Covered Conduct, and shall be released by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the Department of Justice prior to entry of any final forfeiture Order against the Defendant Assets. The FCA Settlement Agreement provides that, following the receipt of this payment, the FCA

2

Action against the Shadman Companies will be dismissed in accordance with the terms of the FCA Settlement Agreement. Nothing in this Settlement Agreement, resolving the claims in the Pending Action, releases the Shadman Companies from any civil claim under the FCA; any release of claims arising under the FCA shall be governed solely by the terms and conditions of the FCA Settlement Agreement.

6. Pursuant to this Settlement Agreement, the remaining balance of the Defendant Assets restrained at Deutsche Bank Americas, and all interest earned on the entirety of the Defendant Assets since seizure, less any expenses or fees incurred and owed to Deutsche Bank Americas as of the date the Consent Judgment of Forfeiture is served on Deutsche Bank Americas, shall be forfeited by the United States, and all right, title, and interest in the remaining funds shall be vested in the United States and no one else.

7. Pursuant to this Settlement Agreement, the Shadman Claimants agree not to file any future claims with respect to the Defendant Assets or any facts related to the Complaint.

8. The United States and the Shadman Claimants agree that the settlement of this matter upon the terms and conditions set forth in this Settlement Agreement shall be the final and complete satisfaction of all claims asserted by the United States and the Shadman Claimants in the Pending Action.

9. Except as otherwise provided for in this Settlement Agreement, the United States and the Shadman Claimants specifically waive any rights to further litigate against each other their respective interests in the Defendant *Res* or to petition for remission or mitigation of the settlement, releases, or forfeiture.

10. The Shadman Claimants hereby agree to forever discharge and hold harmless the United States and any and all of its agencies, agents, officers, employees and contractors (including, but not limited to, the Department of Justice, the Special Inspector General for Afghanistan Reconstruction, and their agents officers, employees and contractors) from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorneys' fees, costs or interests which may be asserted on behalf of the Shadman Claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.

11. Except as to any claims arising under the FCA, the United States, on its own behalf and on behalf of its representatives, agents, assignees, and attorneys, hereby agrees to forever discharge and hold harmless the Shadman Claimants and any and all companies, officers, agents, representatives, heirs, assigns, and employees of same, from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorney's fees, costs or interests which may be asserted on behalf of the United States.

3

12. For the purpose of effectuating this Settlement Agreement, the Shadman Claimants, without admitting any liability, agree not to oppose the entry of a Judgment of Forfeiture consistent with the terms of this Settlement Agreement.

13. Each party shall bear its own costs, attorney's fees, and expenses.

14. As it pertains to this Settlement Agreement, all rights of appeal are hereby waived. Notwithstanding the foregoing, the United States and the Shadman Claimants do not waive their rights to enforce the terms of this Settlement Agreement, which rights are expressly retained.

15. The Shadman Claimants and the United States agree that this Settlement Agreement is contingent upon and will become immediately null and void should the Court fail to enter a Judgment of Forfeiture consistent with this Settlement Agreement.

16. The Shadman Claimants and the United States agree that this Settlement Agreement is contingent upon and will become immediately null and void if the United States' claims against the Shadman Companies in the FCA Action and the Relator's claims for attorneys' fees are not resolved successfully through completed execution of the FCA Settlement Agreement and payment as set forth above.

17. The Shadman Claimants acknowledge that they are represented by competent counsel in connection with the negotiation, preparation, and execution of this Settlement Agreement, and the legal effects thereof have been explained to them, and they are entering into this Settlement Agreement freely and voluntarily, without coercion, duress or undue influence.

18. Except as set forth in the FCA Settlement Agreement, this Settlement Agreement constitutes the entire final, complete and exclusive agreement and understanding between and among the United States and the Shadman Claimants, and supersedes all prior or contemporaneous written or oral agreements. The United States and the Shadman Claimants expressly acknowledge that they have not relied on any representations, warranties, agreements, or understandings not expressly contained in this Settlement Agreement.

19. Each party to this Settlement Agreement acknowledges that it has participated in the negotiation, drafting, and preparation of this Settlement Agreement. If there is a dispute, controversy, or disagreement over the meaning of this Settlement Agreement, or any term herein, the parties acknowledge that no provision of this Settlement Agreement will be interpreted in favor of, or against, either of the parties hereto because any such party or its counsel participated in the drafting thereof, or because any such provision is inconsistent with any prior draft hereof or thereof.

20. There shall be no modification of this Settlement Agreement unless in writing and signed by all the undersigned parties or their authorized representatives.

21. This Settlement Agreement, and any dispute arising thereof, shall be governed by the laws of the United States and the laws of the District of Columbia. The United States and the Shadman Claimants agree that the exclusive jurisdiction and venue for any dispute arising under this Settlement Agreement is the United States District Court for the District of Columbia. This Court shall retain jurisdiction to enforce this Settlement Agreement.

22. The signatories to this agreement represent that they have authority to execute this Settlement Agreement on behalf of their clients.

23. The Parties stipulate that the allegations set forth in the Complaint are sufficient to establish a statutory and factual basis for forfeiture.

Dated: 2/22/19         By:

DEBORAH L. CONNOR, CHIEF
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

[signature]
Daniel H. Claman
Principal Deputy Chief, International Unit
Patricia M. Sulzbach
Steven C. Parker
Trial Attorneys, International Unit
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW, Ste 10100
Washington, D.C. 20005
Tel: (202) 616-5313
Fax: (202) 514-5522

*Attorneys for Plaintiff United States of America*

Dated: 2-22-19         By:

FH+H, PLLC

[signature]
Thomas M. Craig
Milton C. Johns
1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
Phone: (703) 590-1234
Fax: (703) 590-0366

*Attorneys for the Shadman Claimants*

5