

**STEPHEN M. BALDINI**
+1 212.872.1062/fax: +1 212.872.1002
sbaldini@akingump.com

September 30, 2022

VIA ECF

The Honorable Hector Gonzalez
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Wildman v. Deutsche Bank Aktiengesellschaft, et al.*, No. 21 Civ. 4400 (E.D.N.Y.) (HG) (RML)

Dear Judge Gonzalez:

      We represent defendant Wall Street Exchange LLC ("WSE") in this action.[1] In accordance with Your Honor's Individual Practices, we write to request a pre-motion conference to address WSE's proposed motion to dismiss the Amended Complaint. Plaintiffs assert two claims against all Defendants for aiding and abetting terrorist attacks in violation of the Anti-Terrorism Act of 1992 ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act, ("JASTA"), 18 U.S.C. § 2333(d). To date, WSE has not been properly served in this action. WSE makes a special appearance for the limited purpose of filing a motion to dismiss. Without submitting itself to the jurisdiction of this Court and without waiving any of its rights or defenses, WSE seeks to dismiss the Amended Complaint on the grounds that: (1) Plaintiffs have not properly served WSE; (2) this Court lacks personal jurisdiction over WSE; and (3) Plaintiffs fail to state a viable claim for aiding and abetting under the ATA.

      **I.**    ***Plaintiffs Failed to Effectuate Proper Service.*** Because WSE is a foreign company located in the United Arab Emirates ("UAE"), Plaintiffs must serve WSE pursuant to Federal Rule of Civil Procedure 4(f) and (h), the applicable provision of which requires Plaintiffs to demonstrate that service was "prescribed by the [UAE's] law for service in that country in an action in its courts of general jurisdiction." FED. R. CIV. P. 4(f)(2)(A). Although Plaintiffs filed what purports to be an affidavit of service on the docket (ECF No. 39), that conclusory document is facially deficient.

      UAE law limits the persons or entities that may serve process to (i) public officials appointed by a competent authority, (ii) the litigant or his agent when specifically authorized by a relevant UAE court, or (iii) a company or private office that holds a contract with the UAE Ministry of Justice. But the affidavit of service does not provide any basis to conclude that the supposed process server who signed the affidavit of service— "Mr. Bilal Tahir Malik"—falls into any of those categories. Indeed, to WSE's knowledge, Mr. Malik is not a public official, no UAE court

---

[1] The Amended Complaint refers to Wall Street Exchange LLC, however, the correct name is Wall Street Exchange Centre LLC.



September 30, 2022                                                                    Page 2

has authorized him to serve WSE, and he is not affiliated with a company that holds a contract with the Ministry of Justice to be a process server.

Moreover, numerous inconsistencies with the procedural requirements for serving process under UAE law provide independent grounds for dismissal. Among other things, UAE law requires the process server to obtain the signature, seal, or fingerprint of the person on whom service was purportedly effected. Yet here the affidavit of service records the recipient as "Shajahan (last name refused)" and does not explain why that person is an "Authorized Agent" of WSE. Courts have found service of process to be improper in light of the same violations of UAE law. *See, e.g.*, *Nabulsi v. Nahyan*, No. 06-cv-2683, 2009 WL 1658017 (S.D. Tex. June 12, 2009).

**II.**     <u>**The Court Lacks Personal Jurisdiction Over WSE.**</u> Plaintiffs also cannot show that personal jurisdiction exists over WSE. With respect to New York's long-arm statute, Plaintiffs must establish that their claims arise from acts committed within the forum. But Plaintiffs make only generalized allegations that WSE sends dollars through facilities in New York so that they reach WSE customers in Dubai, without connecting those allegations to terrorist organizations or the attacks on Plaintiffs. Plaintiffs must provide "some articulable nexus between the business transacted and the cause of action sued upon" or "a substantial relationship between the transaction and the claim asserted"—both of which are wholly absent here. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal citations omitted).

Even assuming Plaintiffs could satisfy New York's long-arm statute, Plaintiffs still bear the burden of demonstrating that the exercise of jurisdiction satisfies the Due Process Clause. It does not. Again, Plaintiffs' generalized allegations fail to demonstrate that this litigation arose out of any particular contacts with New York. The same is true with regard to any argument that WSE has sufficient contacts with the United States as a whole. Plaintiffs cannot simply allege that WSE was generally aware of unlawful activities from which the attacks were foreseeable and instead must allege, in more than conclusory fashion, that WSE "expressly aimed intentional tortious acts at residents of the United States." *In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71, 95 (2d Cir. 2008), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010).

**III.**     <u>**The Amended Complaint Fails on the Merits.**</u> The Amended Complaint should be dismissed not only under Rule 8 because it falls short of basic pleading standards, but also under Rule 12(b)(6) because Plaintiffs offer only "threadbare recitals" and "conclusory statements" that fail to state a JASTA claim against WSE. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs fail to plausibly allege WSE aided and abetted an "act of international terrorism" by "knowingly providing substantial assistance"—demonstrated through "general awareness" of its role and "substantial assistance"—to a foreign terrorist organization ("FTO"). 18 U.S.C. § 2333(d)(2).[2]

***Plaintiffs Fail to Establish General Awareness.*** Plaintiffs do not plausibly plead WSE was "generally aware" of its "role as part of an overall illegal or tortious activity at the time that

---

[2] WSE notes that the other Defendants in this case have also sought to dismiss this complaint utilizing similar arguments. *See* ECF Nos. 44, 48, 52 and 54.



September 30, 2022            Page 3

[it] provides the assistance." *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 494 (2d Cir. 2021). Plaintiffs' "general awareness" allegations lump all Defendants together with "no factual basis to distinguish [WSE's] conduct" from that of other Defendants. *Toumazou* v. *Turkish Rep. of N. Cyprus*, 71 F. Supp. 3d 7, 21 (D.D.C. 2014); *see, e.g.*, AC ¶¶ 591-735. Although Plaintiffs allege "[t]he nature, counterparties, and sheer volume of transactions" provided WSE with "general awareness," they do not explain why the volume of transactions or nature of the counterparties should have alerted WSE that the transactions were for terroristic purposes. *See Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019). Most of Plaintiffs' citations to public sources are dated after the relevant attacks and therefore cannot demonstrate WSE had the requisite awareness *at the time* it provided the alleged financial services. *Honickman*, 6 F.4th at 501. Finally, Plaintiffs implausibly allege that FTO-affiliated customers concealed their identities and terroristic purposes, but that somehow WSE still "knew" their identities without non-conclusory factual allegations to support that conclusion. *See* AC ¶¶ 250 (p. 142), 269 (p. 150), 688, 949.

**Plaintiffs Fail to Establish Substantial Assistance.** Plaintiffs also fail to plausibly plead WSE "knowingly and substantially assisted the principal violation." *Honickman*, 6 F.4th at 494. Plaintiffs allege, without support, that WSE had "a culpable mental state because it knew that Khanani and the Khanani MLO was using WSE facilities to launder money…and allowed him to do so." AC ¶ 1016. Such conclusory allegations fail on their face. Plaintiffs do not plausibly allege any of the six factors courts consider to evaluate "substantial assistance."[3] Plaintiffs do not "advance any non-conclusory allegation" that WSE "knew or intended" that a FTO receive funds through any alleged transaction or that WSE encouraged a FTO's engagement in terrorist activities. *Siegel*, 933 F.3d at 225. Plaintiffs make only conclusory allegations that WSE facilitated the transfer of "millions if not billions" of dollars, and never state that WSE knew or intended that any FTOs would receive those funds. AC ¶¶ 585, 951. Plaintiffs do not allege WSE was present at any attack or that WSE had any relationship with any of the respective FTOs. Plaintiffs also fail to allege WSE "desired to make the venture succeed." *Cabrera v. Black & Veatch Spec. Projects Corps.*, No. 19-CV-3833-EGS-ZMF, 2021 WL 3508091, at *28 (D.D.C. July 30, 2021). Finally, Plaintiffs fail to plead any non-conclusory allegation as to when WSE provided services to any FTO; Plaintiffs also provide no information as to the date, location, or dollar amount to any transaction.

**Plaintiffs Fail to Link WSE to Any Attack or FTO**. Plaintiffs improperly group FTOs and non-FTOs together and allege their injuries stem from attacks committed by organizations that are not FTOs or by a FTO before it was designated as such. Plaintiffs' pleading failures make it impossible to identify links between WSE and any FTO responsible for their injuries.

Pursuant to Your Honor's Individual Practices, WSE will address the merits of its proposed motion to dismiss at the pre-motion conference and will file its full motion at the Court's request.

---

[3] The factors are: "(1) The nature of the act encouraged; (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the period of defendant's assistance." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018) (citing *Halberstam v. Welch*, 705 F.2d 472, 483-84 (D.C. Cir. 1983)).



September 30, 2022 | Page 4

                                              Respectfully submitted,

                                              */s/ Stephen M. Baldini*

                                              Stephen M. Baldini

cc:      All Counsel of Record (via ECF)