

1920 L Street, N.W., Suite 835
Washington, D.C. 20036

150 South Wacker Drive, Suite 2400
Chicago, IL 60606

September 30, 2022

VIA CM/ECF

The Honorable Hector Gonzalez
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 21-cv-4400-HG-RML

Dear Judge Gonzalez,

Plaintiffs respectfully offer two responses to the Standard Chartered Defendants' letter regarding *Bernhardt v. Islamic Republic of Iran*, 2022 WL 4074415 (D.C. Cir. Sept. 6, 2022).

First, the allegations here are stronger than in *Bernhardt*, and Standard Chartered does essentially no work to argue otherwise. Unlike the banks' customers in *Bernhardt*, which were financial institutions, Standard Chartered knowingly served customers that were closely intertwined with terrorist violence—including sham companies owned by notorious Syndicate money launderer Altaf Khanani, VAT fraud cells raising money for al-Qaeda, warlords like Hikmatullah Shadman known to support the Haqqani Network, and front companies for the Islamic Revolutionary Guard Corps, among others. Standard Chartered also enabled Pakistani CAN fertilizer manufacturers—even after the head of the Joint IED Defeat Unit pleaded with Standard Chartered to curtail U.S. Dollar services that were essential to those companies' production of Syndicate bomb materials. *See* SCB MTD Opp. (Doc. 61), at 20-23 & n.5. Because both the "general awareness" and "substantial assistance" elements are fact-intensive, *Bernhardt* provides no justification to dismiss here—especially since *Bernhardt* itself was a sharply divided decision featuring a cogent dissent, which illustrates at a minimum that *Bernhardt* was a very close case. This one is not nearly so close.

Second, defendants' selective quotations from *Bernhardt* misstate circuit law. Defendants try to frame the "general awareness" element as whether the defendant knew it was "playing a role in al-Qaeda's terrorism." The actual test is whether the defendant was "generally aware of its role in an overall illegal activity from which an act of international terrorism was a foreseeable risk." *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 498 (2d Cir. 2021) (quotation marks omitted). The complaint explains why terrorist acts were a foreseeable risk of Standard Chartered's multifaceted support for the Syndicate. Defendants also argue that the claims in *Bernhardt* failed in part because the plaintiffs could not quantify the funds that reached al-Qaeda. But "if a



plaintiff plausibly alleges the general awareness element, she does not need to also allege the FTO actually received the funds" to establish substantial assistance. *Honickman*, 6 F.4th at 500.

Respectfully submitted,

Tejinder Singh