**HADEF**&PARTNERS

Hadef & Partners LLC
12th Floor, The Blue Tower
Sheikh Khalifa Street
PO Box 3727, Abu Dhabi, UAE

T +971 2 627 6622
F +971 2 627 6556

هادف وشـركــاؤه

هادف وشركاؤه ذ.م.م
الطابق ١٢، البرج الأزرق
شارع الشيخ خليفة
ص.ب ٣٧٢٧، أبوظبي، الإمارات العربية المتحدة

هاتف ٦٦٢٢ ٦٢٧ ٢ ٩٧١+
فاكس ٦٥٥٦ ٦٢٧ ٢ ٩٧١+

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST WILDMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK AKTIENGESELLSCHAFT, DEUTSCHE BANK TRUST COMPANY AMERICAS, STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, STANDARD CHARTERED BANK (PAKISTAN) LIMITED, DANSKE BANK A/S, DANSKE MARKETS INC., PLACID NK CORPORATION d/b/a PLACID EXPRESS, and WALL STREET EXCHANGE LLC, <br><br> Defendants. | **21 Civ. 4400 (KAM) (RML)** |

### DECLARATION OF DR. FARAJ A. ANHISH
### REGARDING METHODS OF SERVICE PRESCRIBED
### UNDER THE LAW OF THE UNITED ARAB EMIRATES

I, Dr. Faraj Abdullah Ahnish, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a citizen of the United Arab Emirates ("**UAE**") and a lawyer licensed to practice in the UAE with the right of audience before all courts in UAE, including the Federal Supreme Court. I hold a Ph.D degree in International Law from the University of Cambridge, England, and am a Founding Partner of the law firm Hadef and Partners LLC, of PO Box 3727, Abu Dhabi ("**Hadef and Partners**"). The said firm has offices in Abu Dhabi, the capital of the UAE, and Dubai, UAE.

2. I have been actively practicing law in the UAE since 1990. This declaration is being made by me at the request of United States counsel for one of the Defendants, Wall Street Exchange LLC of Twin Towers, Baniyas Creek, Office No. 2201-2204, Deira, Dubai, the United Arab Emirates ("**WSE**"), in my capacity as an expert on UAE law. I am providing a UAE legal opinion by way of this declaration on the service described in the Affidavit of Service filed before the US District Court for the Eastern District of New York on 8 April 2022 on behalf of the Claimants (the "**Affidavit of Service**"). I have previously provided such opinions to US courts. *See, e.g., Nabulsi v. Nahyan*, Civil Action No. H-06-2683, 2009 WL 1658017 (S.D. Tex. June 12, 2009).

3. I have been engaged by WSE to provide this declaration. WSE is responsible for payment of the fees incurred for its preparation. Nonetheless, the below represents my own opinion and view in respect of the interpretation and application of UAE law.

4. I have seen a copy of the Affidavit of Service. The Affidavit of Service declares that an individual by the name of Mr. Bilal Tahir Malik ("**Mr. Malik**") served on 28 September 2021 a summons and complaint for violation of the US Anti-Terrorism Act on Wall Street Exchange LLC of Twin Towers, Baniyas Creek, Office No. 2201, Deira, Dubai, the United Arab Emirates.

5. The Affidavit of Service declares that Mr. Malik *"[l]eft a copy with a person authorised to accept service, e.g., managing agent, registered agent, etc."*. The name of the person purportedly served was identified as *"Shajahan (last name refused)"* being an *"Authorised Agent"*. No further details were given as to Shajahan's full name, or his relation with WSE.

6. The Affidavit of Service does not indicate under what capacity Mr. Malik was acting as a process server. I have noticed that the date recorded for the service was September 28, 2021, whereas, the date of signing by Mr. Malik of the Affidavit of Service was April 8, 2022.

7. I have also noticed that a Mr. Hassan Ali Matar Al Reyami placed his signature opposite to Mr. Malik's signature as *"Notary Signature"*. However, the seal placed underneath Mr. Al Reyami's signature reads that he is a lawyer in the law firm Hassan Al Reyami Advocates and Legal Consultants and not a notary public.

8. I will outline briefly the relevant provisions of UAE law governing service of process in the UAE and will also provide my view as to whether the service of process alleged in the Affidavit of Service was in accordance with service of process under UAE law.

9. I provide this declaration on the basis of UAE law as applied by the UAE Federal and Emirates Courts of law in the UAE.

### Applicable Law

10. Under UAE law, service of process is primarily governed by Federal Law No. 11 of 1992 (the "**Civil Procedure Law**"), as amended. The Civil Procedure Law was amended by Decree Law No. 10 of 2017. As a result of this amendment, the rules governing the service of process were replaced and alternative rules were introduced by Cabinet Resolution No. 57 of 2018 (the "**2018 Regulations**"). The 2018 Regulations were also subject to two amendments, the latest one under Cabinet Resolution No. 75 of 2021. These amendments are now deemed to form part of the Civil Procedure Law.

11. Therefore, any reference to the Civil Procedure Law and the 2018 Regulations herein is a reference to those legislations as most recently amended as of the date of this declaration.

### Service of a Process/Process Server

12. Generally, the Civil Procedure Law refers to the service of process as *"Notice"* and henceforth I will make such reference when the context so requires. Article 3 of the 2018 Regulations, which replaces Article 5 of the Civil Procedure Law, states:

    *1. The notice shall be served by the Process Server or in the manner specified by this Regulation, upon the request of a litigant or a Court's order or an order of the case management office.*

    *2. The Court may authorise the litigant or his agent to serve the notice according to the serving procedures prescribed in this Regulation, except for serving in the means of modern technology set forth in Clause (1) of Article (6) of this Regulation.*

    *3. Notice may be served through one private company or office or more in accordance with the provisions of this Regulation. The Council of Ministers shall issue a special regulation on the process service through private companies and offices in accordance with the provisions hereof. Any person entrusted with the process serving shall be considered as a Process Server.*

    *In all cases, the notice may be served at the State level without being bound by the rules of the territorial jurisdiction.*

13. The 2018 Regulations define a Process Server as *"[a]ny public official or private juridical person, charged under the law, the regulations, or the decisions in force to serve legal documents"*. A copy of the UAE Ministry of Justice issued translation of the 2018 Regulations is attached as Exhibit FAA 1.

14. Thus, under Article 3 of the 2018 Regulations, the only persons/entities qualified to carry out service of process in the UAE are as follows:

    (a) a public official, such as a court employee, appointed by the competent authority (such as the UAE Federal Ministry of Justice or the Dubai Judiciary Department) as a Process Server;

(b)  the litigant or his agent who is specifically authorised by a UAE Civil or Personal Court of First Instance; and

(c)  a company or private office, subject to the provisions set out in the specific regulations to be issued in this regard. The term "*office*" includes law firms which are commonly called in the UAE "*legal consulting or advocacy offices*".

15. I have seen a copy of the Affidavit of Service. It does not refer to Mr. Malik (the individual who is said to have effected service of process on WSE) as a public official, nor does the Affidavit of Service bear any government stamp or other proof of any such capacity.

16. With regards to authorisation from the Dubai Courts, I was informed by Mr. Abdulrahman Juma, the Deputy Managing Partner of the Dubai office of Hadef and Partners, that a formal search for any proceedings that might be filed against WSE in the Dubai Courts was conducted by Hadef and Partners recently. No order authorising service of process on WSE was found.

17. I will now deal in greater detail with the provisions of UAE law regarding service via companies and private offices. Service by such entities is stated in Article 3(3) of the 2018 Regulations as being subject to the regulations to be issued by the "*Council*" or Cabinet of Ministers.[1] These regulations are found in Cabinet Resolution No.11 of 2006 (the "**2006 Regulations**"). A certified translation of the 2006 Regulations is attached to this declaration as Exhibit FAA 2.

18. Article 3 of the 2006 Regulations states that "*[t]he Ministry of Justice prepares the necessary contracts for the carrying out of the business of serving judicial notice, and is empowered to sign with companies or their branches that meet the required conditions and obligations as mentioned in Articles 1 and 2 of this decision.*"

19. It is therefore only companies and private offices that have specifically contracted with the UAE Ministry of Justice that can be considered Process Servers under UAE law. The Affidavit of Service does not provide any affiliation between Mr. Malik and a company or private office that holds a contract with the UAE Ministry of Justice. In addition, as noted in paragraph 34 of this declaration, a law firm such as Hassan Al Reyami Advocates and Legal Consultants would be strictly prohibited from serving process.

20. In addition, one of the requirements under Article 1 of the 2006 Regulations is that "*[t]he company or office shall abide by and respect the laws, regulations and legislations in force in the State, especially those related to Judicial Proceedings*". Similarly, Article 2(1) requires that contracted companies and private offices "*[f]ollow the procedures set forth in the Civil Procedure Law when effecting the service of the notice*". Therefore, where the UAE procedural requirements for service have not been

---

[1] The reference in Article 3(3) of the 2018 Regulations to a subsequent regulation to be issued, as opposed to already having been issued, is due to the fact that Article 3(3) was copied verbatim from an earlier version of the Civil Procedure Law which was referring to a soon to be issued Cabinet Resolution No.11 of 2006. Notwithstanding the issuance of the 2018 Regulations and continued reference to subsequent regulations being issued in respect of Article 3(3), Cabinet Resolution No.11 of 2006 has not been repealed or replaced and continues to be applied in practice.

followed, it is extremely unlikely that such service was carried out by a private firm or company that has contracted with the UAE Ministry of Justice as per the 2006 Regulations. I discuss the UAE procedural requirements for service next.

**Procedural Requirements**

21. Article 5 of the 2018 Regulations, which replaces Article 7 of the Civil Procedure Law, sets forth the fundamental procedures that must be followed when serving process. These apply to service on natural and juridical persons alike.

22. These procedures are widely recognised and strictly observed in the UAE. The most essential requirement under these procedures is that the notice document must have the essential data and information related to the service of process carried out. As set out in Article 5(1) of the 2018 Regulations, this information includes:

    *a- The notice applicant's name, surname, profession or job, domicile, a photocopy of his ID, his mobile number, fax number or email address, or his elected domicile and workplace, as well as the name, surname, profession or job, domicile and workplace of his representative in case he works for others.*

    *b- The addressee's name, his surname, profession or job and domicile or elected domicile; in case his domicile was unknown at the time when the notice was served, his last domicile and workplace, mobile phone number, fax number and e-mail address, if any, shall be specified.*

    *c- The name of the Process Server, his job, the entity he works for and his signature.*

    *d- The date of the day, month, year and hour when the notice has been served.*

    *e- The name of the Court, the subject of the notice, the number of the case and the session, if any.*

    *f- The name of the person to whom the notice was delivered, his surname, signature, seal or fingerprint as acknowledgment of receipt or a proof of his abstention from receiving such notice and the reason thereof.*

23. Procedurally, UAE practice is that the above information is recorded in writing in the body of the notice paper in duplicate. A copy of the notice paper, duly signed by the recipient, is returned to the case file for review by the court adjudicating the claim prior to the hearing date. The second copy is served on the recipient along with the other documentation.

24. The Affidavit of Service refers to a *"Notice of a Lawsuit and Request to Waive Service of a Summons"* and *"Summons and Complaint for violation of the Anti-Terrorism Act"* being the documentation served (the "**Documents**").

25. I have reviewed copies of what I believe to be the Documents. The Documents contain only some of the relevant information outlined in Article 5(1) of the 2018 Regulations, such as the names of the parties, addresses of the Defendants, name of the Court, subject matter of the claim, and number of the case. However, the Documents are nonetheless

missing much of the key mandatory information set out in Article 5(1) of the 2018 Regulations.

26. In particular, the Documents do not identify or bear the signature of the Process Server carrying out service of the Documents nor identify his designation and name of the employing entity as required under Article 5(1)(c). The Documents also do not identify or bear the signature, seal or fingerprint of the person on whom such service was purportedly effected as required by Article 5(1)(f). Furthermore, the Documents do not identify the date or time of such service as required by Article 5(1)(d).

27. The Affidavit of Service in this case cannot be considered a notice paper under UAE law for at least three reasons: (i) it was not itself served upon the person who was said to have received the notice paper, (ii) it did not properly identify the full name, capacity or title of the recipient, nor bear the signature, seal or fingerprint of the person on whom such service was purportedly effected, and (iii) it did not record under what authority Mr. Malik purported to serve the notice paper.

28. It is also pertinent to mention that, in the UAE, service of process must be effected in Arabic. Article 4 of the Civil Procedure Law provides that the language of the UAE Courts is Arabic. Article 5(3) of the 2018 Regulations provides that, where the official language of the recipient is not Arabic, a certified English translation of the notice is to be provided. Accordingly, the service of English documentation is the exception and not the rule under UAE law.

29. In light of the above, the service of process described in the Affidavit of Service was, in my opinion, effected in a manner that is contrary to the applicable procedures for service of process under UAE law.

**Affidavit of Service**

30. In considering the Affidavit of Service, there are a number of further inconsistencies apparent to me based on my experience as a UAE law practitioner that I believe are noteworthy.

31. As noted in paragraph 5 of this declaration, the Affidavit of Service records that an individual identified only by his first name as *"Shajahan"* received the service as *"Authorized Agent"*. Under UAE law, an agent of a commercial company can only be the general manager/the chief operating officer or an individual who possesses a duly notarized power of attorney with the power to represent the company. In respect of a limited liability company incorporated in the UAE, such as WSE, the trade licence of that company, issued by the competent authority, should identify the name of the general manager of the company. I have seen a copy of the trade licence of WSE dated 23 November 2021 which is attached to this declaration as Exhibit FAA 3. It does not name "Shajahan" as the general manager of WSE.

32. Furthermore, the Affidavit of Service purports to be signed by a notary public named Hassan Ali Mater Al Reyami. In the Emirate of Dubai, all private notaries are specifically listed on the Dubai Court website. No individual by the name Hassan Ali Mater Al Reyami is currently listed as a private notary on the Dubai Court website. As observed in paragraph 7 of this declaration, Mr. Al Reyami apparently signed the

Affidavit of Service in his capacity as a lawyer of the law firm Hassan Al Reyami Advocates and Legal Consultants.

### Service of Foreign Process on a UAE Domiciled Person

33. Neither the Civil Procedure Law nor the 2018 Regulations contain any provision specifically dealing with the service of foreign process on a person domiciled in the UAE. This is expected as the service of such process will have to be carried out through diplomatic channels, and ultimately through the UAE Ministry of Justice, subject to the existence of any overriding applicable treaty. Once the UAE Ministry of Justice receives the service documents, it dispatches the service documents to the court within which the UAE domiciled person resides. The court having jurisdiction then assigns one of its clerks to carry out the service process in accordance with the rules and procedures as described above.

34. To ensure strict compliance with this practice, the UAE Ministry of Justice issued on 27 December 2010 a circular to all law firms prohibiting them from carrying out service of foreign process on UAE domiciled litigants directly (the "**2010 Circular**"). A certified translation of the 2010 Circular stamped by the UAE Ministry of Justice with the attestation of UAE Ministry of Foreign Affairs and International Corporation is attached to this declaration as Exhibit FAA 4. In relevant part, the 2010 Circular states that "*it is strictly prohibited for Legal Consultants Offices to receive judicial documents or notices coming from abroad or deliver the same to the nationals of the State or the residents in the State. Such Judicial documents or notices should be sent through the Diplomatic Channels or through the Ministry of Justice*".

### Conclusions

35. In light of the above, it is my considered view that the service of process evidenced in the Affidavit of Service is not in accordance with the provisions of UAE law.

36. I do not believe that Mr. Malik is a UAE public official. Upon a search conducted by Hadef and Partners, no record was found indicating that he was duly authorised by the Dubai Courts to carry out service of process.

37. The Affidavit of Service also does not indicate that Mr. Malik acted on behalf of a private company or office that had a valid contract with the Ministry of Justice to carry out service of court process in the UAE. In any case, the manner and form in which service on WSE was carried out was not in compliance with the requirements of the 2006 Regulations, which govern services by companies and private offices.

38. Neither the Documents, nor the Affidavit of Service, contain all the essential and mandatory information that UAE law requires to be included upon serving a process; in particular, they do not contain the name and signature of the Process Server, or the name and signature, seal or fingerprint of the person being served. Furthermore, the Documents purportedly served were in English without an accompanying Arabic translation in clear violation of Article 4 of the Civil Procedures Law.

39. Moreover, the 2010 Circular issued by the UAE Ministry of Justice stipulates that service of foreign process in the UAE must be carried out via diplomatic channels or through the UAE Ministry of Justice.

40. It is therefore my view that the service of process as evidenced in the Affidavit of Service was contrary to the rules for service of process under UAE law for at least the following reasons:

    1. Not being carried out by a Process Server as defined under UAE law;

    2. Not containing the information required by UAE law for serving a process;

    3. Not being in the language prescribed by UAE law; and

    4. Not being carried out in the manner specifically prescribed by the UAE Ministry of Justice in the 2010 Circular.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Declared on this 8th day of September 2022 in the city of Abu Dhabi, UAE.

**DR. FARAJ ABDULLAH AHNISH**