# Exhibit FAA 1

## Cabinet Decision No. 57

Issued on 2018/12/09

Corresponding to 2 Rabi' Al-Akhar 1440H.

# ON THE IMPLEMENTING REGULATION OF FEDERAL LAW NO. 11 OF 1992 ON THE CIVIL PROCEDURE LAW

**Amended by**
**Cabinet Decision no. 33 dated 2020/04/30**

The Council of Ministers:

- After perusal of the Constitution;

- Federal Law No. (1) of 1972 on Competencies of the Ministries and Powers of the Ministers and its amendments;

- Federal Law No. (10) of 1973 on the Federal Supreme Court and its amendments;

- Federal Law No. (11) of 1973 on Judicial Relationships amongst Emirates;

- Federal Law No. (6) of 1978 concerning the Establishment of Federal Courts and the Transfer of the Jurisdictions of the Local Judicial Authorities in certain Emirates Thereto and its amendments;

- Federal Law No. (17) of 1978 on the Regulation of the Cases and Procedures of Appeals before the Supreme Federal Court and its amendments;

- Federal Law No. (8) of 1980 n the Regulation of Labour Relations and its amendments;

- Federal Law No. (3) of 1983 on the Federal Judiciary and its amendments;

- Federal Law No. (5) of 1985 on the Issuance of the UAE Civil Transactions Law and its amendments;

- Federal Law No. (23) of 1991 on the Regulation of the Legal Profession and its amendments;

- Federal Law No. (10) of 1992 on the Issuance of the Law of Evidence in Civil and Commercial Transactions and its amendments;

- Federal Law No. (11) of 1992 promulgating the Civil Procedure Law and its amendments;

- Federal Law No. (18) of 1993 promulgating the Commercial Transactions Law;

- Federal Law No. (28) of 2005 on the Personal Status;

- Federal Law No. (1) of 2006 on Electronic Commerce and Transactions;

- Federal Law No. (6) of 2010 on Credit Information;

- Federal Law No. (5) of 2012 on Combating Cyber-Crimes and its amendments;

- Federal Law No. (6) of 2012 on the Regulation of the Translation Profession;

- Federal Law No. (7) of 2012 on the Regulation of Expertise before the Judicial Authorities;

- Federal Law No. (2) of 2015 on Commercial Companies and its amendments;

- Federal Decree-Law No. (9) of 2016 on Bankruptcy;

- Federal Law No. (6) of 2018 on Arbitration;

- Based on the proposal of the Minister of Justice and the approval of the Council of Ministers,

Has issued the following Decision:

Case 1:21-cv-04400    Document 81    Filed 11/06/22    Page 3 of 99    PageID #: 5290

## Article 1

The provisions of this Regulation concerning civil procedures shall apply before the Courts of the State.

## Article 2

**Article 2 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

In the application of the provisions of this Regulation, the following terms and expressions shall have the meanings assigned thereto unless the context otherwise requires:

State: The United Arab Emirates.

Law: Federal Law No. (11) of 1992 promulgating the Civil Procedure Law and its amendments.

Court: The civil or personal status Court of first instance.

Supervising Judge: The Judge overseeing the Case Management Office.

Process Server: Any public official or private juristic person, charged under the law, regulations or decisions in force to serve legal documents.

Executor: Any public official or private juristic person, charged under the law, regulations or decisions in force to enforce the decisions of the execution judge.

Judgment: The only copy signed by the judge or judicial entity, electronically or manually, according to the rules and procedures set forth in this Regulation.

## Book One

## Litigation before Courts

## Chapter 1

## Process Service and Procedures Thereof

## Article 3

**Article 3 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The notice shall be served by the Process Server or in the manner specified by this Regulation, upon the request of a litigant or a Court's order or an order of the case management office.

2- The Court may authorise the litigant or his agent to serve the notice according to the serving procedures prescribed in this Regulation, except for serving in the means of modern technology set forth in Clause (1) of Article (6) of this Regulation.

3- Notice may be served through one private company or office or more in accordance with the provisions of this Regulation.

The Council of Ministers shall issue a special regulation on the process service through private companies and offices in accordance with the provisions hereof. Any person entrusted with the process serving shall be considered as a Process Server.

In all cases, the notice may be served at the State level without being bound by the rules of the territorial jurisdiction.

## Article 4

Ex 1, P2

1- No notice may be served, nor an execution procedure may be initiated by the Process Server or the Executor, before 7:00 am or after 9:00 pm, or during the official holidays, except in case of necessity and under a written permission issued by the Supervising Judge, the competent judge, or the magistrate of summary justice.

2- If the notice is served by any means of modern technology, whether upon a physical or a juristic person, the dates stipulated in clause (1) of this article shall not apply.

3- As for the government and public juristic persons, the date of the process service, or the commencement of execution shall be set in accordance with the activities and working hours thereof.


## Article 5

1- The notice paper shall include the following data:

a- The notice applicant's name, surname, profession or job, domicile, a photocopy of his ID, his mobile number, fax number or email address, or his elected domicile and workplace, as well as the name, surname, profession or job, domicile and workplace of his representative in case he works for others.

b- The addressee's name, his surname, profession or job and domicile or elected domicile; in case his domicile was unknown at the time when the notice was served, his last domicile and workplace, mobile phone number, fax number and e-mail address, if any, shall be specified.

c- The name of the Process Server, his job, the entity he works for and his signature.

d- The date of the day, month, year and hour when the notice has been served.

e- The name of the Court, the subject of the notice, the number of the case and the session, if any.

f- The name of the person to whom the notice was delivered, his surname, signature, seal or fingerprint as acknowledgment of receipt or a proof of his abstention from receiving such notice and the reason thereof.

2- In the case of serving the notice by means of technology, the data specified in clauses (a), (b), (d) and (e) of paragraph (1) of this article shall be deemed sufficient.

3- If the official language of the defendant is not Arabic, the plaintiff shall be bound to attach to the notice a certified translation in English, unless there is an earlier agreement between the parties to attach the translation in another language.

The provisions of the preceding paragraph shall apply to all civil and commercial proceedings, except for labour claims filed by workers and personal status claims.


## Article 6

### Article 6 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The addressee shall be served with the notice in any of the following ways:

a- Voice or video recorded calls, SMS, smart applications, e-mail or fax, or any other means of modern technology or any other means as agreed by the parties.

b- In person wherever found, at his domicile or place of residence or to his agent. If the addressee abstains from receiving such notice, it shall be considered served to him in person, and if the process server does not find the addressee at his domicile, he shall deliver the copy thereof to any of the persons living with said addressee, including spouses, relatives, in-laws or servants. In the event that any of the above-mentioned persons refuse to receive the notice or are absent or the place of residence is closed, he shall immediately post the notice clearly on the front door of his place of residence.

c- In his elected domicile.

d- In his workplace. In case the Process Server was unable to find the addressee in his workplace, he shall hand over a copy of the notice to the employer or to any manager or employee as he deems appropriate.

Ex 1,  P3

e- By private companies or offices.

2- The Process Server shall make sure that the person to which the notice is delivered is at least 18 years old and that neither such person nor the person represented thereby has an apparent conflict of interests with the addressee. In the event that the notice is served by means of modern technology as provided for in paragraph (a) of clause (1) of this article, the Process Server shall ensure that such means, regardless of the type thereof, is directed to the addressee. In the case of serving the process by voice or video recorded calls, the Process Server shall draft minutes wherein he shall record the calls' contents, time, date and recipient. Said minutes shall be valid as evidence and attached to the case file.

3- Should it be impossible to serve the notice upon the addressee in accordance with clause (1) of this article, the matter shall be referred to the concerned case management office, the competent judge or the chief judge of the circuit, as the case may be, so as to investigate his domicile from at least one of the concerned parties and then notify him by publication in a daily newspaper widely circulated and issued in the State in Arabic, and in another newspaper issued in a foreign language if necessary and where the addressee is a foreigner.

## Article 7

### Article 7 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

Except as provided for in any other legislation, the notice shall be delivered as follows:

1- As for ministries, governmental, federal, local departments and public authorities and institutions of all kind, the copy shall be delivered to their legal representative.

2- As for private juristic persons, private and individual companies, associations and institutions, and foreign companies that have a branch or office in the State, where the notice relates to the branch of the company, they shall be served in accordance with the provisions of clause (1) of Article 6 of this Regulation, or the notice shall be delivered at the head office thereof to their legal representative or whoever acts in his capacity, or any of its partners, as the case may be. In the absence of a legal representative or a person acting in his capacity, the copy of the notice shall be delivered to an employee of their respective offices. Where any of such entities does not have a head office, or it is closed or its manager or any of its employees refuses to receive the notice, the notice shall be served by way of posting or publication, without permission from the Court, as the case may be.

3- As for the members of the armed forces, the police or the like, the copy shall be handed over to the competent department, as determined by the above-mentioned entities, to deliver it to them.

4- As for prisoners and detainees, the copy shall be delivered to the administration of the place where they are imprisoned in order to notify them thereof.

5- As for sailors of commercial vessels and their crews, the copy shall be delivered to the master to notify them. If the vessel has left the port, the copy shall be delivered to the shipping agent.

6- As for persons who have a known domicile abroad and cannot be notified by means of technology or through private companies or offices or as agreed by the parties, the copy shall be delivered to the Ministry of Justice so as to refer it to the Ministry of Foreign Affairs and the latter shall communicate it to them by diplomatic means, unless the notice serving methods in such case are regulated under special agreements.

## Article 8

### Article 8 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

The process service shall be considered as having produced its effects as per the following:

1- The date of receipt of a copy thereof in accordance with the provisions of Articles (6) and (7) of this Regulation, or from the date of refusal of the addressee in person to receive the notice.

2- The date on which the letter is sent by the Ministry of Foreign Affairs or the Diplomatic Mission to indicate that the addressee has either received a copy of the notice or abstained from receiving same.

3- The date of the fax arrival, the date of sending the e-mail or SMS or any means of technology and from the date of the voice or video recorded call.

4- The posting or publication date, according to the provisions set forth in the provisions of this chapter.

## Article 9

1- If the Law or this Regulation sets, as regards appearance or occurrence of the procedure, a date counted by days, months or years, the day on which the notice is served, or the matter considered by the Law or this Regulation as giving effect to the deadline shall not be counted. The deadline shall expire by the lapse of the last day thereof.

2- If the deadline is counted by hours, the hour on which the deadline starts running and on which it expires shall be counted as previously mentioned.

3- In case the deadline is to expire before the procedure, the procedure shall not take place before the lapse of the last day of the deadline.

4- The deadline counted by month or year shall expire on the corresponding day of the following month or year.

5- In all cases, if the deadline expiry date falls on an official holiday, said deadline shall be extended to the following working day.

6- The deadline counted by month or year shall be counted according to the Gregorian calendar where a month consists of 30 days and the year of 365 days, unless the Law stipulates otherwise.

## Article 10

1- The procedure shall be deemed null if the Law expressly provides for its nullity or if it contains a substantial defect or deficiency for which the purpose of the procedure has not been achieved.

2- In all cases, notwithstanding this stipulation, nullity shall not be ruled if the achievement of the purpose of the procedure has been established.

## Article 11

Except in cases relating to the public order:

1- Nullity may not be upheld except for those in whose favour it was enacted.

2- Nullity may not be upheld by the litigant who caused it.

3- Nullity shall cease to exist in case the person in whose favour it was enacted, expressly or implicitly, waives the same.

## Article 12

The null procedure may be validated even after it has been upheld, provided that such validation is effected within the time-limit prescribed for undertaking the procedure by the Law or this Regulation. If the Law or this Regulation does not specify a time-limit for the procedure, the Court shall set an appropriate time for its validation and the procedure shall not be deemed valid except from the date of its validation.

## Article 13

If the procedure is null and fulfils the elements of another procedure, the latter shall be deemed valid as it shall be considered the procedure fulfilling all its elements. If the procedure is null as regards any of its aspects, only such aspects shall be deemed null.

The nullity of the procedure shall not result in the invalidity of the previous procedures or procedures subsequent to such procedure unless they are not based thereon.

### Article 14

**Article 14 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

A clerk shall attend the sessions with the judge, draft the minutes of the session and sign the same electronically or in writing along with the judge, otherwise the minutes shall be considered void.

### Article 15

Neither the Process Servers nor the clerks nor any of the judge's assistants may undertake any work that falls within the scope of their functions in the cases relating to them, their spouses, relatives or in-laws up to the fourth degree, otherwise such work shall be deemed null and void.

## Chapter 2

## Filing and Registering Lawsuits

### Article 16

1- The lawsuit shall be filed before the Court, upon the plaintiffs' request, by submitting his statement of claim to the case management office electronically or in writing as applicable in the Court.

2- The statement of claim shall contain the following data:

a- The plaintiff's name, surname, ID number or photocopy thereof, or any similar documents issued by government entities confirming his identity, profession, occupation, domicile, workplace, phone number, fax number or e-mail - the plaintiff has no domicile in the State, a domicile shall be elected therefor - as well as the name of his representative, his surname, ID number, occupation, job, domicile, workplace, fax number or e-mail address.

b- The defendant's name, surname, ID number (if any), profession or job, domicile or elected domicile, residence, workplace, phone number, e-mail address, fax number - if the defendant has no domicile in the State, a domicile shall be elected therefor - as well as his representative's name, surname, profession or job, domicile and workplace, if he works for others. However, in case neither the defendant nor his representative has a known domicile or workplace, the last domicile, residence or workplace and fax number or e-mail address thereof shall be mentioned.

c- The Court before which the lawsuit is filed.

d- The date of filing the statement of claim with the case management office.

e- The subject-matter of the lawsuit, the demands and grounds thereof.

f- The signature of the plaintiff or his representative, after verifying the identity of each of them.

### Article 17

**Article 17 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- An office called the "Case Management Office" shall be established by a decision of the Minister of Justice or the president of the local judicial authority, each in accordance with his competencies, at the seat of the competent Court. The decision shall determine the work system thereof.

2- The case management office shall be formed of a president and a sufficient number of the Court's employees including those working in the legal field and others, under the supervision of the president of the competent Court, or a judge or more to be elected by the president of the competent Court.

3- The case management office shall be responsible for the preparation and management of the case before the trial phase, including its registration, announcement, exchange of memoranda and documents and expertise reports between the litigants.

Ex 1, P6

4- The Supervising Judge may issue a decision not to accept the case for failure to pay the fees, or decide to prove waiving or assignment or to assign an expert, refer the case to the investigation, hear the witnesses and interrogate the litigants. He may also sign the procedural sanctions stipulated in the Law and shall have the right to meet with the parties to the lawsuit before him, propose conciliation thereto and try to reconcile them. For this purpose, he may summon them to appear before him in person. If a conciliation is reached, he shall issue a decision wherein this conciliation and the content of the agreement of the parties are recorded. Such decision shall have the power of a writ of execution.

5- If the dispute is interrupted ipso jure by the death of one of the litigants or by their loss of capacity to litigate or by the loss of capacity of the attorney who was initiating the proceedings before the referral of the case, or where the joinder of a party against whom the lawsuit was not filed is requested, the case management office shall refer the case to the Supervising Judge to decide on the correction of the form of the lawsuits in such cases.

6- If the action brought before the case management office contains a plea raised by a litigant that may result in interrupting the case or a summary request, or if it was an appeal lodged against a judgment of inadmissibility or lack of jurisdiction, or an appeal filed after the time-limit prescribed by the law, the case management office shall refer the case, after completion of the process service, by a decision issued thereby to the competent Court held at the Council Chamber to adjudicate what has been presented thereto. The Court may set a session to hear the case if necessary. In all cases, the trial court may not remand the case to the Supervising Judge or the case management office, after it has been decided that it has the jurisdiction to hear the case.

7- The right to raise defences not relating to public order set out in Article (84) of the Law shall be forfeited if the litigant present fails to bring said defences before the case management office.

8- If a claim fulfilling the conditions for the issuance of the payment order provided for in Articles (62) and (63) of this Regulation, is submitted to the case management office, the latter shall immediately present it to the Supervising Judge to refer it to the competent judge who issued the payment order so to adjudicate it within the period specified in Article 63 (4) hereof. The referral decision shall be considered final and not subject to appeal.

## Article 18

1- The date for appearance before the case management office or the Court is ten days. In case of necessity, this period may be reduced to three days.

2- The date set for appearance in summary actions is twenty-four hours. In case of necessity, such period may be reduced to a minimum of one hour, provided that the litigant is notified in person, unless the action is a maritime action.

3- The dates referred to in clauses (1) and (2) of this article shall be reduced under the permission of the competent judge or the Supervising Judge, as the case may be, of which copy shall be served upon the litigant accompanied by the statement of claim.

4- Failure to comply with the dates set for appearance shall not result in nullity, without prejudice to the right of the addressee to adjourn appearance in order to complete the date.

## Article 19

### Article 19 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

Upon collection of the fees, the case management office shall record the lawsuit in the relevant register, either electronically or in writing, provided that the date of registration and the plaintiff's knowledge of the session are recorded therein. In such case, the lawsuit shall be deemed filed and effective as of the date of filing the statement of claim, provided that the fee is paid within a period not exceeding three working days from the date of deposit, otherwise the deposit shall be considered void.

## Article 20

In the case of the use of remote communication technology or electronic registration:

1- The plaintiff shall, upon registration of his statement of claim, submit a number of copies thereof equal to the number of defendants. A copy to the case management office shall be saved electronically or in a special file. Moreover, the plaintiff shall submit, along with the statement of claim, copies of all the supporting documents, in addition to expertise reports drafted by registered experts, if any.

2- The defendant, within ten days from the date of his notification of the claim, shall deposit electronically or in writing a memorandum of his defence and copies of supporting documents signed thereby.

3- Upon disagreement on the validity of the documents' copies, the Court or the case management office or the Supervising Judge, as the case may be, shall set the closest session possible for the submission of original copies thereof. The documents submitted by the litigant shall not be denied for being mere copies, unless the person who denies them, upholds their invalidity or non-issuance by the person to whom they are attributed. If the validity of documents denied or their issuance by the person to whom they are attributed is proven, and the denial of their validity is unjustified, resulting in the delay of the proceedings, or in inflicting upon the litigant who submitted the documents additional expenses without justification, the Supervising Judge or the competent judge, as the case may be, may impose upon the person who denied such documents or claimed their invalidity, a fine of not less than (1000) dirhams and not more than (10000) dirhams. This shall not preclude addressing the entity responsible for regulating the legal profession in this regard, where the Court finds a justification therefor.

4- In all cases, the translated documents shall be legally certified if drafted in a foreign language.

## Article 21

In the absence of the use of technology means and remote communication:

1- The case management office shall, at most on the day following the date of registration of the statement of claim, deliver a copy thereof, with the attached copies and documents, to the authority in charge of notifying the same, in order to serve the notice as per the form prepared for that purpose and save it. If the file is electronically available, the judicial authority shall allow the litigants to access the same in the system or send it electronically or by any other technology means.

2- The statement of claim shall be served within ten days at most from the date of its delivery to the Process Server. If a session falling within such deadline is set to hear the case, the notice shall be served before the session.

3- Failure to comply with the deadlines set out in clauses (1) and (2) of this article shall not result in nullity.

## Article 22

### Article 22 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- Except for cases to which the State is a party, summary actions and payment orders, subject to the provisions of clause (1) of Article (30) of the Law and Article (23) of this Regulation, a decision by the Minister of Justice or the president of the competent local judicial authority, as the case may be, may allocate one minor circuit or more to adjudicate lawsuits filed before them during one session only, and that in any of the following cases:

a- Civil, commercial and labour claims, the wages and salaries claims that the value of which not exceeds (500,000) five hundred thousand dirhams.

b- Actions on the validity of a signature, regardless of their value;

2- The case management office shall prepare the case and set the first session of the circuits referred to in paragraph (1) of this article within a period not exceeding (15) fifteen days from the date of registration of the statement of claims. Said period may be extended for one similar period only by a

decision of the Supervising Judge. In the case of assignment of an expert, the first session shall be held within three days from the date of receiving the expertise report thereon. Otherwise, all the rules, provisions and procedures provided for in Articles (16), (17), (19), (20) and (21) hereof shall apply as regards the preparation of the case before such circuits.

3- The Supervising Judge shall have - in respect of the circuits referred to in clause (1) of this article - the powers stipulated for him in clauses (4, 5, 8 and 6) of Article (17) and Article (33) hereof.

# Chapter 3

## Assessment of the Case Value

### Article 23

**Article 23 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Minor circuits provided for in clause (1) of Article (30) of the Law shall be competent to issue first instance judgments in civil, commercial and labour actions, the value of which does not exceed (10,000,000) ten million dirhams, and counterclaims, regardless of their value.

2- In all cases, the judgment delivered by minor circuits shall be final in labour actions if the value of the lawsuit does not exceed fifty thousand dirhams (50,000).

3- Judgments issued by Courts of appeal shall be final and cannot be subject to appeals in cassation if the value of the lawsuit does not exceed five hundred thousand dirhams (500,000).

### Article 24

The value of the lawsuit shall be assessed on the day of its filing. In all cases, the assessment shall be based on the litigants' latest demands. The value of the lawsuit shall include any interests, indemnities, revenues, expenses and other appurtenances of which value is estimated, due on the day of its filing. However, in all cases, the building and plants' value shall be taking into account, in case their removal is required.

### Article 25

**Article 25 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- If the value is not mentioned in cash, and assessment thereof is possible, the Court shall estimate it.

2- If the amount claimed is an amount of money in a currency other than that of the State, the lawsuit's value shall be assessed at the equivalent of such amount in the State's currency.

3- Lawsuits relating to the ownership of real estates shall be estimated on the basis of the real estate's value. If the real estate or the vacant land is not assessed, the lawsuit shall be considered not able to be evaluated and shall be subject to Clause (11) of this Article. The action related to the movable shall be estimated at its value.

4- If the action is related to a request for a contract's validity, nullification, or rescission, its value shall be assessed on the basis of the value of the subject-matter of the contract. As for the contracts of exchange, the action shall be estimated on the basis of the higher value of exchanged parts.

5- If the lawsuit relates to a request for a continuous contact's validity, nullification or rescission, its value shall be estimated on the basis of the total of the monetary consideration for the contract's entire period. If the said contract has been implemented in part, the lawsuit for its rescission shall be estimated on the basis of the remaining period.

6- Actions relating to dissolving the company and appointing a liquidator therefor are valuated on the basis of the value of the company's capital at the time of filing the lawsuit.

Ex 1, P9

7- The lawsuit for evacuating the premises shall be estimated on the basis of the annual rental.

8- If the lawsuit is filed between a creditor and debtor concerning the seizure - or an auxiliary real right, the value thereof shall be estimated on the basis the debt's value or the value of the property seized or the real right, whichever is less. As for the action filed by third parties for the recovery of such fund, it shall be estimated on the basis of the value of said fund.

9- If the lawsuit includes claims based on a single legal ground, evaluation thereof shall be made on the basis of their value as a whole. If the claims are based from several legal grounds, evaluation thereof shall be made on the basis of each apart.

10- Notwithstanding clause (1) of this Article and except for the commercial papers, the request of extraction, recovery or refund of documents or certificates shall be estimated at the value of AED (5,000) five thousand dirhams.

11- If the lawsuit is concerning a request not able to be estimated as per the above-mentioned rules, its value shall be considered exceeding AED (10,000,000) ten million Dirhams.

## Chapter 4

## Litigants' Appearance and Failure to Appear

### Article 26

### Article 26 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- On the day appointed for the hearing of the lawsuit before the case management office or the Court, as the case may be, the litigants shall appear in person or by their attorney or a relative or in-law up to the fourth degree or a representative from among their employees if the party is a private juristic person, provided that the power of attorney is issued by his legal representative, stating his employment capacity and ratified by the Notary Public in every litigation.

2- For the issuance of the special power of attorney in the lawsuit set forth in Clause (1) of this Article, the representative shall meet the following conditions:

a- He shall be a national having full legal capacity and holder of a university degree in law.

b- He shall be in service at the principal for a period of not less than one consecutive year.

3- The presence of the lawyer's representative shall be accepted by a power of attorney before the case management office only, in the lawsuits in which the attorney is assigned.

### Article 27

1- If neither the plaintiff nor the defendant appears, the Court shall decide on the lawsuit if valid for adjudication, or otherwise it would issue a judgment of nonsuit. If thirty days elapse and none of the litigants' requests to proceed with the lawsuit or none of them attends thereafter, it shall be considered as void ab initio. The case management office shall refer the lawsuit after the lapse of the period referred to in this paragraph to the competent judge to issue a decision to this effect.

2- The Court shall issue a judgment of nonsuit if the plaintiff fails to attend any session and the defendant appears unless the latter requests the Court to issue its judgment in the case.

3- If the lawsuit is filed before the case management office, it shall be deemed nonsuited and void ab initio, by a decision issued by the Supervising Judge immediately after the passage of the period referred to in paragraph (1) of this article.

### Article 28

### Article 28 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

Ex 1, P10

1- The litigation shall be deemed in presence against the defendant if he appears in person or by his attorney before the case management office, or attends any sessions of the Court, or appears before the expert or arbitrator or submits a memorandum of his defence, even if he fails to attend thereafter.

2- Subject to the provisions of Article (35) hereof, the plaintiff may not raise at a session at which the defendant fails to appear, new demands nor may he modify his initial claims, unless the modification thereof is in favour of the defendant and does not prejudice any of his rights.

3- Likewise the defendant may not demand a ruling on any claim in the absence of the plaintiff.


### Article 29

Subject to the provision of clause (1) of Article (28) hereof, if the summoned defendant fails to appear, the Court shall adjudicate the case and its ruling shall be deemed in absence default towards those who failed to attend.


### Article 30

1- If the Court or the case management office finds, in the absence of the defendant, that he was not duly notified of the statement of claim, it shall postpone the hearing of the case to a following session so as to duly notify him thereof.

2- If the Court finds, in the absence of the plaintiff, that the latter was not duly notified of the session, it shall postpone the hearing of the case to a following session of which he shall be duly notified.


### Article 31

**Article 31 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The litigant notified of the lawsuit shall follow up any postponements, session dates and procedures related thereto, and the Court decisions issued by the Supervising Judge and the case management office, as the case may be, after the commencement of the litigation shall be deemed effective without the need for any notice, except for tendering the decisive oath or appeal of forgery.

2- If the date set for the trial session falls on a holiday for any reason whatsoever, the session shall be considered adjourned to the same day of the following week, without the need for any notice.


## Chapter 5

## Procedures of the Session

### Article 32

The pleading shall be proceeded at the first session, and if the plaintiff or the defendant submits at such session a document which he could have submitted in the date specified in clause (2) of Article (20) hereof, the Court shall accept it if this does not result in adjourning the hearing of the lawsuit. If accepting the documents results in the postponement of the hearing of the lawsuit, the Court shall, sua sponte or at the request of the litigants, rule to impose upon the person who caused the postponement a fine of not less than (2000) two thousand dirhams and not more than (5000) five thousand dirhams. However, each of the plaintiff or the defendant may submit documents to reply to the opponent's defence and incidental pleas.


### Article 33

**Article 33 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The Court or Supervising Judge shall impose upon the Court's employees or the litigants who fail to submit the relevant documents or to carry out any of the lawsuit's procedures on the date set by

Ex 1, P11

said Court or by the case management office, a fine of no less than 1,000 dirhams and no more than 10,000 dirhams, by virtue of a decision to be registered in the session's minutes. Said decision shall have the same executory force of the judgments and may not be appealed by any means whatsoever.

2- The Court or the Supervising Judge, as the case may be, may exempt the convicted person from all or part of the fine if he produces an acceptable excuse.

3- The Court may, if any of the litigants after being fined, refuses to submit the documents or carry out the required procedures, rule in the lawsuit according to its case.

## Article 34

The fine decision issued in accordance with the provisions of Articles 32 and 33 hereof may be enforced by the Court or the Supervising Judge, as the case may be, after notification of the convicted person thereof, if he is not present at the session. If this is not possible, enforcement shall be carried out in accordance with the coercive execution procedures provided for in this Regulation.

## Article 35

1- The Court may allow the litigants to submit new documents, defences or means of proof, or to modify their demands or submit incidental pleas which they were not able previously to submit before the case management office. The Court may reject the same if it finds that said documents could have been submitted to the case management office. The memoranda of the litigants shall be notified by depositing them with the case management office or by exchanging them, provided that the concerned litigant annotates the original copy to this effect, or by electronic means.

2- The Court may, sua sponte, inquire the litigants about any shortage in the lawsuit or documents thereof.

3- The Court may, upon setting a date for adjudication of the case, allow the litigants to exchange closing arguments on the dates specified thereby in accordance with the controls provided for in Article (49) of this Regulation.

## Article 36

The Court may propose conciliation to the litigants and may order for this purpose their presence in person. The conciliation shall be recorded and enforced in accordance with the procedures, rules and effects provided for in Article (41) hereof.

## Article 37

**Article 37 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

The Court may not postpone the hearing of the lawsuit more than once for a single reason attributed to one of the litigants except for an acceptable excuse after referral, such as one of the litigants' death or loss of eligibility, interference in the case by others, challenge of forgery or submitting evidence of a criminal lawsuit on the same subject matter or a request to one of the litigants to provide conciliation, provided that the postponement period does not exceed two weeks. It shall not be permitted to postpone the lawsuit more than (10) ten hearings regardless of the various reasons. In all events, the Court shall issue the judgment ending litigation within a period not exceeding (100) one hundred days from the date of the hearing of the first lawsuit before it.

## Chapter 6

## Order of the Session

## Article 38

Ex 1, P12

The pleading shall be held in public, unless the laws in force in the State provide otherwise, or the Court, sua sponte or at the request of one of the litigants, decides to hold it in camera in order to preserve public order or in deference to decency or the dignity of the family.

### Article 39

The Court may seek the assistance of a translator appointed or licensed by the Ministry of Justice or the competent authority, as well as the assistance of a translator of any other entity or any means of technology that is approved and available if it deems it necessary.

### Article 40

1- The litigants shall be called upon at the time set to hear the case.

2- The plaintiff shall have the right of pleading first, unless the defendant admits the matters given in the statement of claim and claims there are legal grounds or additional facts that refute the plaintiff's case, in which case the right of pleading first shall go to the defendant.

3- The party with the right of pleading first may present its case and submit corroborating evidence. The other party may afterwards present its defence and submit corroborating evidence.

4- The party who pleaded first may produce its evidence in refutation of the adversary's evidence.

5- The Court shall hear the pleading of the litigants and the defendant shall be the last to speak.

6- The Court may interrogate the litigants and hear the testimony of whoever it deems necessary to hear his testimony.

### Article 41

The litigants may request the Court, regardless of the status of the lawsuit , to record their agreement in the minutes of the sessions and sign the same in person or by their authorised agents, and if they have written whatever they agreed on, the written agreement shall be attached to the minutes of the session and its content shall be recorded therein. The minutes of the session shall have, in both cases, the power of the writ of execution and a copy thereof shall be delivered in accordance with the rules prescribed for the delivery of the copies of judgments.

### Article 42

1- Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the president of the session shall maintain the order of the session and undertake its management. For this purpose, he may expel from the session hall whoever violates its order. If he fails to comply, the Court shall immediately order to hold him in custody for 24 hours or to impose upon him a fine of not less than (1000) thousand dirhams and not more than (3000) three thousand dirhams. Its decision shall be final.

2- The Court may, before the end of the session, retract the order it has issued under clause (1) of this article.

### Article 43

The Court may, sua sponte, order deletion of expressions offending or contrary to the provisions of public order or morals from any pleadings or memoranda.

### Article 44

Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the president of the session shall order that a report be drafted on each offence that takes place during the course of the session and investigation procedures be undertaken as he deems appropriate, and refer the documents to the public prosecution so as to carry out the necessary actions, and if necessary, he may rule the arrest of the person who committed the offence.

#### Article 45

1- Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the Court may try whoever commits, during the course of a session, a misdemeanour against its panel or any of its members or workers and shall immediately rule to impose upon him the penalty prescribed by law.

2- The Court may also order the arrest of whoever makes a false testimony at the session and his referral to the public prosecution.

3- Judgments rendered by the Court in cases referred to in clauses (1) and (2) of this article shall be effective even if an appeal is filed against them.

## Chapter 7

## Judgments

#### Article 46

**Article 46 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Judgments are issued by federal Courts and enforced on behalf of the Head of State.

2- Judgments issued in commercial, civil, real estate and labour matters of all levels of litigation shall be published according to the controls and rules determined by the Minister of Justice or Head of the local judicial authority, as the case may be.

#### Article 47

The Court may not, after setting a date for adjudication of the case or during the deliberation, hear a litigant or his representative, except in the presence of his opponent, nor may it accept documents or memoranda from a litigant without the other party being notified thereof, otherwise, the procedure shall be deemed null, unless an agreement on conciliation is signed by both parties and authenticated by a notary public.

#### Article 48

**Article 48 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

Upon completion of the pleading, the Court shall adjudicate the case, or adjourn pronouncement of the judgment. It may not postpone the issuance of the judgment thereafter, except for one time under a grounded decision to be announced at the session and recorded in its minutes. The pronouncement of said decision shall be considered as a notification to the litigants of the new date. In either case, the postponement of the sentencing hearing may not exceed two weeks.

#### Article 49

**Article 49 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

Subject to the provisions of Article 30 (bis) of the Law:

1- Deliberation in judgments shall be conducted behind closed doors among the judges, and only the judges who heard the pleading may participate therein.

2- The president of the Court shall collect all opinions starting with the most junior to the most senior judge, then he shall express his own opinion. Judgments shall be issued unanimously or by a majority of opinions. If the majority is not achieved and there is more than one opinion, the less numerous party or the party comprising the most junior judges shall join one of the two opinions expressed by the most numerous party, and that after retaking the opinions.

3- The judgment shall be issued by the judge or the chief judge of the circuit, as the case may be.

4- A minutes of deposit of judgment shall be prepared on the date specified for issuance thereof stating the names of judges who attended such deposit, to be signed by the chief judge of the circuit or the judge, as the case may be.

### Article 50

**Article 50 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- In all cases, the judgments shall include the reasons on which they are based and shall be deposited, after being signed by the president and the judges whether electronically or in writing, in the case file.

2- In summary actions, if the judgment is rendered at the pleading session, it may be filed including its reasons within three days at the latest from the date of its issuance.

3- Violation of the provisions mentioned in clauses (1) and (2) of this article shall result in the nullity of the judgment.

### Article 51

**Article 51 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The judgment shall indicate the Court that issued it, the date and venue of its issuance, the type of case and the names of the judges who heard the pleading and issued the judgment, the opinion of the public prosecution, if present, the names of the litigants, their appearance or absence.

2- The judgment shall present an overview of the facts of the case, the litigants' demands, a brief summary of their meritorious defence and the opinion of the public prosecution, and then the grounds of the judgment and its enacting terms.

3- Shortages or deficiencies in the factual reasons of the judgment and serious error in the names of the litigants and their capacities and in the name the judges who delivered the ruling shall result in the nullity thereof.

4- Notwithstanding the provisions of clauses (2) and (3) of this article, judgments issued in partial proceedings shall only state the plaintiff's demands, a brief summary of the defendant's defence, the opinion of the public prosecution - in cases provided for in the Law - and the grounds of the judgment and its enacting terms, without this being regarded as shortage or deficiency in the factual reasons of the judgment, or entailing nullity of the judgment.

### Article 52

Article 52 was deleted by virtue of Article 2 of Cabinet Decision no. 33 dated 2020/04/30.

### Article 53

1- The copy of the judgment under which the execution is to be carried out, shall be stamped by the seal of the Court and signed by the competent officer after stamping it with the executory formula and shall be delivered only to the litigant who has an interest in the execution of the judgment, provided that the judgment is enforceable. The judgment may be stamped with the executory formula by electronic signature if obtained remotely.

2- A second executory copy may not be delivered to the same litigant, unless the first copy is lost or it was impossible to use it, by virtue of an order by the judge or the chief judge of the circuit, as the case may be.

3- A certified copy of the original copy of the judgment may be granted electronically or in writing to the concerned person who requests it to the exclusion of others, except under the permission of the judge or the chief judge of the circuit, as the case may be.

### Article 54

Ex 1,  P15

1- Notwithstanding the provisions of Articles (48) and (50) of this Regulation, the circuits provided for in Article (22) hereof shall adjudicate the lawsuits filed before them by a decision terminating the dispute and stating the grounds therefor, to be issued at the same session.

2- An appeal against the decisions referred to in clause (1) of this article may be filed before the competent court of appeal held at the Council Chamber, within fifteen days from the filing of the grounds and in accordance with the rules and procedures prescribed for filing an appeal against judgments, provided that an insurance of (1000) one thousand dirhams is collected for each appeal, and returned to the appellant upon acceptance of his appeal. The appellant must file a memorandum explaining the grounds for the appeal upon its registration in the case management office. Otherwise, the Court will rule the inadmissibility of the appeal. In all cases, the ruling issued on the appeal shall be final and may not be challenged by any means whatsoever.

# Chapter 8

## Expenses of the Lawsuit

### Article 55

1- Upon issuance of the judgment or decision terminating the litigation, the Court shall, sua sponte, adjudge the expenses of the lawsuit.

2- The expenses of the lawsuit shall be imposed upon the losing party, and the costs of the translation of the notice and the attorney fees shall be included in the expenses. In case of multiple losing parties, the expenses may be divided equally among them or in proportion to the interest of each one of them in the lawsuit, at the Court's discretion. Expenses shall not be imposed upon them jointly unless they are jointly liable for the original obligation. The attorney fees shall not increase depending on the number of the prevailing parties or convicted persons or attorneys.

3- The expenses of the joinder shall be imposed on the intervening party if he has separate claims and the Court has ruled to not accept his joinder or to reject his claims.

### Article 56

The Court may rule to impose upon the prevailing party to pay all or part of the expenses, if such party has caused the disbursement of unnecessary expenses or did not bring to the knowledge of his opponent the decisive documents in his possession, or the content thereof.

### Article 57

If both litigants fail in some requests, it is permissible for the Court to rule that each party bears the expenses he paid or that the expenses be divided between them as it determines in its judgment, and the Court may also rule to impose all the expenditures on either of them.

### Article 58

1- The Court may award compensation for expenses arising out of a vexatious lawsuit or defence.

2- Without prejudice to the provisions of Article (55) of this Regulation, the Court may, upon issuance the judgment, rule to impose a fine of not less than (1000) thousand dirhams, and not more than (10,000) ten thousand dirhams on the litigant who files a vexatious lawsuit, request, plea or defence.

# Book Two

## Judicial Orders

# Chapter 1

# Orders on Petition

### Article 59

1- In cases where the litigant wishes to obtain an order from the Court, he shall submit a petition to the competent judge or the chief judge of the circuit that hears the case wherein he requests the issuance thereof. Such petition shall be of two copies, unless it is electronically registered, and shall contain the facts and supporting documents of the request and the petitioner's domicile and workplace and the domicile elected for him in the State if he has no domicile or workplace therein. The supporting documents shall be attached to the petition.

2- The judge or the chief judge of the circuit, as the case may be, shall issue his order in writing on one of the copies of the petition or electronically, the day following its submission at the most. The reasons on which the order was based shall not be stated unless said order is contrary to an order previously issued, in which case the grounds for the new order shall be mentioned, otherwise, it shall be deemed null and void and. Such order shall be recorded in special minutes or in the minutes of the session.

3- The order shall be executed under a letter to be issued by the judge or the chief judge of the circuit, as the case may be, to the concerned authority. The petition shall be kept in the file without the need for a notice or an executory formula. If it is not possible to execute the order for a reason attributed to a private physical or juristic person, the judge or the chief judge of the circuit, as the case may be, may impose upon such person a file of not less than (1000) thousand dirhams and not more than (10,000) ten thousand dirhams for each day of delay in execution, under a grounded decision that may not be challenged by any of means of appeal. The judge or the chief judge of the circuit, as the case may be, may exempt the losing party from paying the fine in whole or in part, if said party provides an acceptable excuse after completion of execution.

4- The judgment imposing the fine may be executed in accordance with clause (3) of this article by the source thereof after notification of the convicted person.

5- The order on a petition shall lapse if it is not submitted for execution within fifteen days from the date of its issuance. Such lapse shall not prevent the issuance of a new order.

### Article 60

**Article 60 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The petitioner whose request has been rejected, the person against whom the order has been issued, and the concerned persons, shall have the right to file a grievance against said order before the competent Court or the judge who has issued it, as the case may be, unless the Law or this Regulation stipulates otherwise. Hearing the grievance shall not preclude the filing of the original case before the Court.

2- The grievance shall be grounded.

3- The grievance shall be filed independently or on the basis of the original lawsuit, pursuant to the procedures prescribed for filing incidental pleas.

4- The judgment issued on the grievance shall confirm, amend or cancel the order and the judgment may be subject to appeal only, unless the judgment in the grievance is rendered by the court of appeal.

### Article 61

1- Grievance filed against the order shall not entail the stay of execution thereof.

2- However, the Court or the judge may order a temporary stay of execution in accordance with the provisions of Article (84) hereof.

Ex 1,  P17

# Chapter 2

## Payment Orders

### Article 62

**Article 62 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

With the exception of the general rules of filing the lawsuit before the courts of first instance, the provisions stipulated in the following articles shall be applied if the creditor's right is confirmed - electronically or in writing - and is urgent, and the whole claim is a debt of a specified amount or a movable of a specified type and amount. Claiming the interests or taking any provisional measure shall not hinder any precautionary measure.

The provisions of the preceding paragraph shall be followed if the subject of the financial claim is the enforcement of a commercial contract or if the holder of the right is a creditor with a commercial paper.

### Article 63

**Article 63 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The creditor shall serve upon the debtor a notice to pay the amount due within a time-limit of five days at least, then he shall obtain a payment order from the judge of the Court in whose jurisdiction the debtor's domicile is located, the Court where the agreement was made or implemented in whole or in part, or the Court where the agreement shall be implemented. The amount of the right stated in the notice may not be less than that stated in the petition filed for the issuance of the payment order. The notice to pay shall be served by any means of notification specified in this Regulation.

2- The payment order shall be issued based on a petition, either electronically or in writing, as the case may be, to be filed by the creditor. The debt instrument and evidence of notice to pay shall be attached to the petition. The petition shall be kept at the case management office until the time-limit prescribed for appeal expires.

3- The petition shall contain the information to be included in the statement of claim provided for in Article (16) of this Regulation.

4- The order shall be issued within three days at most from the submission of the petition, indicating the amount or the movable ordered to be paid, as the case may be, and whether it was issued in a commercial matter.

5- The petition referred to in this article shall be deemed as having the same effects of filing the case as of the date of its submission, even if the Court is not competent.

### Article 64

**Article 64 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

The judge shall decide to accept or reject the petition in whole or in part. If he decides to reject it or not accept it, his decision shall be grounded.

### Article 65

**Article 65 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The debtor shall be notified of the order issued against him in accordance with the provisions and methods set forth in this Regulation.

2- The payment order issued against the debtor shall be considered void ab initio if it has not been notified to the debtor within three months from the date of issuing the order.

Ex 1, P18

## Article 66

**Article 66 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The litigants may file a grievance against the performance order if its value is within the limits of the final quorum of the Court of First Instance within (15) fifteen days from the date of the debtor's notification of the order and the date of issuance of the decision for the creditor. The grievance shall be settled before the competent performance order judge under the usual procedures for filing the lawsuit. Upon observation of the lawsuit, the rules and procedures followed before the Court shall be taken in consideration. The judge shall decide on the grievance definitively in the litigation not subject to appeal, of which the grounds shall be deposited in the same session.

2- Taking in consideration Clause (1) of this Article, the performance order whose value exceeds the final quorum of the Court of First Instance may be appealed within a period of (15) fifteen days, according to the procedures prescribed for the appeal of judgments.

3- The Court shall decide on the appeal in the Council Chamber without preparation by the case management within one week from the date of announcement of the statement of appeal. It may specify a hearing to study the matter if necessary and it shall not return the claim to the Court of First Instance.

4- The rules and procedures related to grievance of the performance order or the appeal thereof shall apply to the precautionary measures issued with the order.

## Article 67

The rules of provisional enforceability shall apply to the payment order in accordance with the provisions of the Law or this Regulation.

## Article 68

If the creditor, pursuant to the provision of Article (62) of this Regulation, wishes to law an attachment on the assets the debtor has in the hands of third parties, the usual seizure procedures shall be applied.

# Book Three

# Execution

# Chapter 1

# Execution Judge and Assistants Thereof

## Article 69

1- Execution shall be made under the supervision of the execution judge assigned at the seat of each court of first instance and shall be assisted by a sufficient number of execution officers, or private companies or offices.

2- The procedures prescribed to be followed before the Court of first instance shall be observed before the execution judge unless the provisions of the Law or this Regulation otherwise provide.

## Article 70

1- The execution judge shall have the sole competence to enforce the writ of execution and to summarily adjudicate all disputes of execution, and to issue judgments, decisions and orders related

Ex 1, P19

thereto.

2- The execution competence shall be conferred upon the execution judge in the Court that issued the writ of execution in the State.

3- If the execution relates to a procedure within the jurisdiction of another Court's circuit, the execution judge shall immediately initiate execution in such circuit and may assign the competent execution judge in whose circuit the action is required to be taken.

4- The (electronic or paper) assignment shall be carried out by sending all the supplies required for execution.

5- If the execution files between the same parties and heard before execution judges at various circuits are multiple, they may be joined together to be heard before the execution judge with whom first execution file was registered. Should the seizures be multiple through execution judges in different Court circuits, the execution judge who imposed the first seizure shall be competent to distribute the proceeds of sales among creditors.

6- If the action to be taken is to issue a detention order in accordance with the provisions of the debtor's imprisonment set out in the Law or this Regulation, and the debtor's domicile is located in the jurisdiction of a Court other than the Court before which the writ of execution was enforced, the competent execution judge shall initiate the detention procedures and shall refer the matter to the execution judge in whose jurisdiction the action is required to be taken so as to carry out the investigation and issue and execute the appropriate order.

### Article 71

#### Article 71 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The assignment shall be sent by the competent execution judge to the execution judge in whose circuit the action is required to be taken, accompanied by all the legal documents required for its implementation.

2- The execution judge assigned shall take the necessary decisions to carry out the assignment and shall decide on the execution complications brought before him. Grievance or appeal against his decisions shall be filed before the competent Court as the case may be in accordance with the procedures and deadlines stipulated in Article (72) hereof.

3- The execution judge, who carried out the execution of the assignment, shall inform the execution judge of procedures carried out and shall transfer to him any objects or funds he has received as a result of the sale of the seizures.

4- If the execution judge assigned finds that there are legal impediments to the execution or if he is unable to execute for any other reason, he shall inform the competent execution judge thereof.

### Article 72

#### Article 72 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1. Decisions of the execution judge may be subject to grievance in any of the following cases:

a- Arrangement of priority among the prevailing parties;

b- Postponement of the execution of the judgment for any reason;

c- Granting the debtor a time-limit to pay the amount for which settlement the execution has been ordered;

d- Acceptance or rejection of the guarantee;

e- Travel ban.

f- Arrest warrant.

The grievance shall be filed with the president of the Court or his authorised representative within seven days from the day following the date of its issuance, as regards the person in whose presence the procedure is issued, and from the date of his notification as regards the person in whose absence

Ex 1: P20

the procedure is issued, by virtue of an application to be deposited in the same file of execution. The judge before whom the grievance against execution was filed, shall issue a decision to cancel or modify the grieved-against decision as he deems fit, without having to summon the litigants, unless he deems it necessary.

The decision issued in the grievance shall be final and may not be subject to appeal.

2- Decisions of the execution judge may be appealed directly before the competent court of appeal within (10) ten days from the date of issuance of the decision if in presence and from the date of its announcement if in absentia, in any of the following cases:

a- The competence or lack of competence of the execution judge to implement the writ of execution;

b- Where the funds seized are such funds that may or may not be seized or sold.

c- The participation of persons other than litigants in the seizure.

d- The decision to imprison the debtor, provided that the appellant presents a surety responsible for bringing the judgment debtor or paying the amount adjudged, and in case he is unable or fails to bring him before Court, the Court shall impose upon him to pay the amount of the guarantee and collect same in the manner under which judgments are executed.

3- In the cases referred to in clause (2) of this article, the court of appeal held at the Council Chamber may hear the appeal and order that the procedure, subject-matter of the appeal, be stayed temporarily pending the adjudication of the dispute, unless by its nature affects its full execution, in which case, it shall order the entire stay of execution.

## Article 73

The Minister of Justice and the presidents of the local judicial authorities, each within his competencies, shall issue the organisational decisions regarding the registration of the applications for execution and the preparation of their files.

## Article 74

In the event that a resistance or aggression takes place against the Executor, resulting in the interruption of the execution, he shall immediately notify the execution judge to take the precautionary measure as he deems appropriate, seek the assistance of the police officers and send the referral report to the public prosecution in order to take such action as it sees fit.

## Chapter 2

## Writ of Execution

## Article 75

1- Coercive execution may be carried out only under a writ of execution, in satisfaction of a right verified, liquid and of a specified amount.

2- Writs of execution are:

a- Judgments and orders, including penal judgments along with any refunds, compensation, fines and other civil rights contained therein.

b- Documents authenticated in accordance with the law on the authentication and documentation.

c- Minutes of the conciliation ratified by the Courts.

d- Other documents granted such capacity by the law.

3- The execution may not take place, in cases other than those exempted by law, except under a copy of the writ of execution stamped with the following executory formula: "The competent authorities and entities shall proceed with the execution of this writ and assist in its execution even coercively whenever requested to do so. "

Case 1:21-cv-04400-HG   Document 61-3   Filed 01/22   Page 23 of 99 PageID #: 1249

4- The writ of execution shall not be executed if abandoned for fifteen years from the date of the last executory transaction or left for the same period since its issuance without enforcement.

## Article 76

The Court, in summary actions or in cases where the delay is harmful, may order, upon the request of the concerned person, the execution of the judgment without notice and without stamping it with an executory formula.

# Chapter 3

# Provisional Enforceability

## Article 77

1- The judgments may not be enforced coercively insofar as the appeal against them is permitted unless provisional enforceability is provided for in the law or awarded.

2- In accordance with the provisions referred to in clause (1) of this article, precautionary measures may be taken in their regard.

## Article 78

1- Provisional enforceability is a duty under the law in any of the following cases:

a- The judgments issued in summary matters, regardless of the Court which issued them;

b- The judgments issued on expenses, the increase or reduction thereof, and fees.

c- The judgments issued on delivering, seeing, visiting or accompanying a minor.

d- Orders on petitions.

2- Judgments shall be provisionally enforceable without guarantee, unless the judgment or the order provides for the provision thereof.

## Article 79

The Court may issue, at the request of the concerned parties, a provisionally enforceable judgment with or without guarantee in any of the following cases:

1- Rulings rendered in respect of commercial matters.

2- If the convicted person admits the establishment of the obligation, even if he litigated in its scope or claimed its extinguishment.

3- If the judgment is rendered in implementation of a previous judgment acquiring the force of res judicata or declared as provisionally enforceable without guarantee or based on an official document not challenged for forgery or an unofficial document that was not denied where the convicted person was a litigant in the previous judgment or a party to the deed.

4- If the judgment is delivered in favour of the execution applicant in a dispute concerning him.

5- If the judgment imposes the payment of wages or salaries or compensation arising from an employment relationship.

6- If the judgment is rendered in a possessory action or imposes the eviction of the lessee whose lease contract has terminated or rescinded, or eviction of the occupant of a real estate without justification, where the plaintiff's right is not denied or is supported by an official document.

7- In any other case, if the delay in execution entails serious harm to the interests of the prevailing party, provided that such matter shall be sufficiently reflected in the judgment.

## Article 80

Ex 1, P22

1- Provisional enforceability - by force of law or Court order - extends also to the attachments of the original application and to the expenses of the proceedings.

2- It shall not be permissible to agree on the provisional enforceability of the judgment before its issuance in any case other than its case.

### Article 81

In cases where the judgment or order may be executed only with a guarantee, the person bound thereby shall have the choice either to present a solvent surety or deposit at the Court's treasury sufficient currencies or securities, or accept to deposit at the Court's treasury proceeds collected from the execution, or deliver the thing ordered to be delivered in the decision or the order to an honest judicial receiver.

### Article 82

1- The person bound by the guarantee shall declare his choice either through the Executor in a separate paper or in the notice of the writ of execution.

2- In all cases, the choice shall include appointing an elected domicile in the State for the execution applicant if he has no domicile or workplace wherein to notify him of the documents relating to the dispute on the guarantee.

3- Within three days after the announcement of the choice, the person concerned may file before the execution judge a grievance against the solvency of the surety or the honesty of judicial receiver or the adequacy of the things deposited. The decision rendered in the grievance shall be final.

4- If the grievance is not filed within the time-limit prescribed therefor or is filed then rejected, the execution judge shall impose on the surety to undertake to pay the guarantee or the judicial receiver to accept receivership. The minutes containing the surety's undertaking or the judicial receiver's consent shall be deemed a writ of execution towards him in respect of the obligations resulting from the surety's undertaking or the judicial receiver's acceptance.

### Article 83

1- The grievance against the description of the judgment issuance may be filed before the court of appeal by means of the usual procedures. The court of appeal held at the Council Chamber shall hear the grievance.

2- The grievance referred to in clause (1) of this article may be heard in the session - even after the time-limit for filing the appeal - during the hearing of the appeal lodged against the judgment.

3- The grievance shall be determined independently from the merits.

### Article 84

1- In all cases, the Court before which the appeal or grievance is filed may, upon the request of the person concerned, order a stay of execution where there is a fear that a serious harm would result from the execution.

2- The Court, when ordering a stay of execution, shall impose the provision of a guarantee or order what it deems fit to secure the right of the prevailing party.

## Chapter 4

## Execution of Foreign Judgments, Orders and Bonds

### Article 85

Ex 1,  P23

1- Judgments and orders delivered by a foreign country may be ordered to be executed in the State under the same conditions as prescribed in the law of that country for the execution of judgments and orders issued in the State.

2- The application for execution, including the particulars specified in Article (16) of this Regulation shall be made on a petition and submitted by the person concerned to the execution judge. The judge shall issue his order within three days from the date of its submission. His order may be appealed in accordance with the rules and procedures prescribed for filing an appeal. It shall not be possible to order the execution before the verification of the following:

a- The Courts of the State are not exclusively competent in the dispute in which the judgment or order was rendered and the foreign Courts that issued it are competent in accordance with the rules of international jurisdiction established by their law.

b- The judgment or order is delivered by a Court in accordance with the law of the country in which it was issued and duly ratified.

c- The litigants in the case in which the foreign judgment was delivered were summoned and were duly represented.

d- The judgment or order has the force of res judicata in accordance with the law of the Court which issued it, provided that the judgment has acquired the force of res judicata or provided for in the same judgment.

e- The judgment does not conflict with a judgment or order rendered by a Court of the State and does not contain anything contrary to public order or morals.

3- The execution judge shall have the right to obtain the documents supporting the application before issuing his decision.

## Article 86

The provisions of Article (85) of this Regulation shall apply to arbitrators' awards issued in a foreign country. The arbitrators' award shall be issued in a matter in respect of which arbitration is permissible pursuant to the law of the State and enforceable in the country in which it was issued.

## Article 87

1- The authenticated documents and the minutes of conciliation ratified by the Courts in a foreign country may be ordered to be executed in the State under the same conditions prescribed in the law of that country for the enforcement of the judgments rendered in the State.

2- The execution order referred to in clause (1) of this article shall be made on a petition to be submitted to the execution judge under the same procedures and conditions stipulated in clause (2) of Article (85) of this Regulation. The execution order may only be carried out after verifying that the conditions required for the enforceability of the document or the minutes are fulfilled in accordance with the law of the country in which it has been authenticated or ratified and that it does not breach the public order or morals in the State.

## Article 88

The rules provided for in this chapter shall not prejudice the provisions of treaties and agreements between the State and other States concerning the enforcement of foreign judgments, orders and bonds.

# Chapter 5

# Enforcement of Writs of Execution and Decisions on Personal Status Matters

## Article 89

Ex 1,  P24

Notwithstanding the provisions of Article (69) of this Regulation, the judgments and decisions on personal status shall be enforced under the supervision of a competent judge assigned at the seat of each Court and assisted by a sufficient number of executors and social workers.

The provisions and procedures of execution contained herein shall apply regarding what is not provided for in this chapter.

### Article 90

The personal status execution judge shall be the sole competent to enforce writs of execution and decisions on personal status provisions, adjudicate all disputes of execution and objections thereto, and issue travel ban orders, provided that the customs and traditions prevailing in the State are observed.

### Article 91

The personal status execution judge may, when necessary, seek the assistance of a person of expertise and specialisation in matters of personal status.

### Article 92

The personal status judge may propose the conciliation to the parties to the execution. He may ratify the conciliation minutes concluded between the parties as to the method of enforcement of the writ of execution, even if such conciliation contravenes the writ of execution or the decision executed thereunder, provided that the interests of the children are not prejudiced.

### Article 93

Execution sessions in matters of personal status shall not be held in public, and decisions of execution shall be issued without the need to hold a session therefor, unless the personal status execution judge decides otherwise.

### Article 94

1- The personal status execution judge may amend the dates, places of sight, visitation and accompaniment provided in the writ of execution whenever necessary and in the interest of the children, and his decision in this regard shall be subject to grievance in accordance with the procedures and controls mentioned in clause (1) of Article (72).

2- The personal status execution judge may grant the debtor a grace period of not more than one month, or the payment of the amount in satisfaction of which the execution is carried out in appropriate instalments with guarantees or precautionary measures estimated by the judge and provided that the interests of the children are not prejudiced.

### Article 95

The writs of execution and decisions relating to personal status matters shall be enforced seven days after the date of the notification of the writ.

### Article 96

**Article 96 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Judgments delivered by the personal status execution judge in substantive execution disputes shall be subject to appeal within fifteen days from the date of their issuance.

2- If the execution applicant or the judgment debtor possesses files relating to personal status matters between them in other Courts' circuits, said files may be joined together to be heard by the execution judge with whom the first execution file is registered, unless the parties agree otherwise.

Ex 1, P25

# Chapter 6

## Execution Procedures

### Article 97

1- The execution shall be preceded by the service of the writ of execution in accordance with the procedures prescribed in this Regulation.

2- The service paper shall state the matter required and the notice to pay the debt served upon the debtor within fifteen days from the date of his notification, and the election of domicile for the execution applicant in the Court's jurisdiction wherein the execution takes place if his original home or work place or his elected domicile is not located therein.

3- If the writ of execution is issued based on a contract to open a letter of credit, it shall be notified together with an extract of the debtor's account as per the creditor's current ledgers.

4- In the event of execution by the evacuation of a property or by the delivery of a movable or real estate, the notice of the writ of execution shall adequately specify such funds.

5- If the writ of execution includes a date for evacuation or delivery, the notice shall mention such date.

### Article 98

**Article 98 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Notwithstanding the provisions of Article (97) of this Regulation, without prejudice to the rules of provisional seizure of movable property, seizure of the funds the debtor has with third parties and the provisions of any other legislation, the execution judge may order the provisional seizure of the debtor's funds in accordance with the rules and procedures prescribed in this Regulation prior to his notification of the writ of execution, if he finds evidence indicating that the debtor seeks to smuggle his money from the credit information report or from the case presumption or that the creditor hast lost the general guarantee.

2- The execution judge may order to inquire about the debtor's funds prior to his notification of the writ of execution.

3- The execution judge may prevent the execution debtor from traveling before announcement of the writ if he finds something indicating that the debtor is seeking to leave the State.

### Article 99

1- If the debtor proposes to the Executor at the time of notification of the writ of execution or in any of the procedures' cases, the payment or delivery of the sum, subject-matter of the execution, in whole or in part, the Executor shall record the same in the minutes and request the debtor to deposit the sum proposed at the Court's treasury in favour of the execution applicant. Said deposit or delivery shall be carried out on the same day or on the following day at most.

2- If the thing proposed is part of the debt, the Executor shall continue to execute against the remainder.

### Article 100

The Executor shall not break open doors or open locks by force to carry out the execution except with the approval of the execution judge, and in the presence of a police officer whose presence shall be recorded in the execution minutes, otherwise it shall be deemed null.

### Article 101

Ex 1, P26

1- If the debtor dies or loses his capacity or if the capacity of the person who initiates the proceedings on his behalf prior to the commencement of the execution or prior to its completion ceases to exist, it shall not be permissible to execute or continue to execute against his heirs, whose names and capacities are mentioned in the legacy notification or whoever represents them, unless after the lapse of seven days from their notification of the writ of execution.

2- If the creditor dies or loses his capacity or if the capacity of the person who initiates the proceedings on his behalf after to the commencement of the execution ceases to exist, the execution procedures and all the deadlines in force against him shall be stayed until they are expedited by one of the parties to the execution.

3- Before the expiry of three months from the date of death, the notice referred to in clauses (1) and (2) of this article may be served upon all the heirs in the last domicile where their legator resided without stating their names and capacities. After this period, the notice shall mention their names and capacities.

### Article 102

The third party may not pay the amount required under the writ of execution nor may he be forced to settle it until after the debtor has been notified of the intention to carry out such execution at least seven days before the date scheduled therefor.

## Chapter 7

## Objections to Execution

### Article 103

1- If at the time of execution, an objection requiring a provisional procedure is filed, the Executor agent or the execution debtor shall present said objection to the execution judge so as to decide to stay the execution or proceed therewith.

2- In all cases, the Executor may not proceed with the execution before the judge issues his decision. Grievance against this decision shall be filed in accordance with clause (1) of Article (72) of this Regulation.

3- The execution judge may refuse to issue the decision referred to in clause (1) of this article and shall set a session by the usual procedures for filing the lawsuit if he finds that the objection is considered as a substantive execution dispute, while proceeding with the execution, unless the Court hearing the dispute rules the stay of execution.

4- If the objection is filed under a lawsuit relating to the ownership of a real estate in the usual procedure for filing a lawsuit before the competent Court, this shall result in the stay of execution unless otherwise ordered by the Court.

5- The filing of any other objection shall not result in the stay of execution, unless the execution judge decides its stay. The provisions of this clause shall be also applied on objections filed after any substantive execution dispute staying the execution.

### Article 104

The real offer shall not result in the stay of the execution if the offer is subject to a dispute, and the execution judge may order the execution to be stayed temporarily and the thing offered, or a larger amount thereof be deposited.

### Article 105

**Article 105 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

Ex 1, P27

If the execution judge declares the registration of execution dispute, he shall obtain from the objector a guarantee of AED (5,000) five thousand to be retuned in case of acceptance of the objection, and shall be confiscated by force of law in case of loss.

In all events, dispute shall not be accepted if not accompanied by a proof of deposit of guarantee.

# Chapter 8

## Attachments

## Section 1

## General Provisions

### Article 106

Without prejudice to any provision of any other legislation, the following may not be placed under attachment:

1- Public funds of the State or of one of its emirates, in addition the funds of the Waqf.

2 - The property considered as a residence of the debtor or the convicted person and, in case of his death, of those of his relatives residing therewith him and for whom he legally provides, unless the property or joint property therein is mortgaged and the debt has arisen from its price, in which case it may be seized to repay the debt.

3- Clothes, furniture and kitchenware needed by the debtor and his family, and food and fuel needed thereby for a period of six months.

4- The land or agriculture equipment owed by the farmer or the fisherman in proportion to what is needed for his living and the living of those for whom he provides.

5- Funds gifted or inherited to be, themselves or their revenue, an alimony, or a temporary or a life-time salary, and the amounts adjudged by the Court and prescribed or allocated temporarily for the alimony or disbursement therefrom in a certain purpose, to the extent of one quarter to settle the debt of a prescribed alimony.

6- Funds gifted or inherited, provided that they may not be seized and that if the judgment creditor is one of the creditors of the grantee or the legatee whose debt has arisen before the gift or the will, except for a debt of a prescribed alimony and to the extent of one quarter.

7- Books, tools and means needed by the debtor to practice his profession or craft by himself, unless the attachment is imposed to collect their price or their maintenance expenses or a prescribed alimony.

8- The movable considered as a fixture, if its attachment is independent from the real estate allocated for its service, unless its attachment is to collect its price or its maintenance expenses.

9- Wages and salaries with the employer even if transferred to a bank account to the extent of on quarter of the wage or gross fixed salary, and upon competition, the debt of alimony shall have the priority.

10- Funds of foreign embassies and diplomatic bodies enjoying diplomatic immunity under the condition of reciprocity.

### Article 107

If the attachment is not completed in one day, it may be completed within one consecutive day or consecutive days. The Executor shall take the necessary measures to preserve the things required to be attached until completion of the minutes. The minutes shall be signed whenever the attachment procedures are suspended.

Ex 1, P28

However, if necessary, the Executor shall continue to carry out the attachment procedures after the dates specified in Article (4) of this Regulation or on public holidays, and he may complete them without the need to obtain a permission from the execution judge.

### Article 108

It shall be possible, in any of the procedures' cases, before the auction knock-down, to deposit an amount of money equal to the debts, subject-matter of the execution, and to the expenditures, at the Court's treasury.

Such deposit shall result in the extinguishment of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 109

The distrainee may request from the execution judge, in any of the procedure's cases, the estimation of a sum of money or its equivalent to deposit it at the Court's treasury as a payment guarantee to the judgment creditor. Such deposit shall result in the extinguishment of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 110

The attachment shall be imposed to the extent of the debt claimed. If the value of the right in satisfaction of which the attachment is imposed is not proportional to the value of the attached properties, the debtor may request the competent judge to limit the attachment to some of those properties.

## Section 2

## Provisional Seizure

### Article 111

Without prejudice to the provisions of any other legislation, the creditor may request the Court hearing the case or the magistrate of summary justice, as the case may be, to impose the provisional seizure on the property and the assets of his opponent in any of the following cases:

1- Each case wherein he fears from losing the guarantee of his right, in any of the following cases:

a- If the debtor does not have a stable residence in the State.

b- If the creditor fears on the basis of serious evidence that the debtor flees or smuggles or conceals his funds.

c- If the debt securities are at risk of being lost.

2- In favour of the lessor against each of the lessee or the sub-tenant, on the movables, fruits and proceeds existing in the leased premises as a guarantee for the preferential right legally prescribed for the lessor. Such seizure may be imposed in favour of the lessor where the movables, fruits and proceeds were moved without his knowledge, unless thirty days have lapsed from the date of their movement, or unless amounts of money sufficient to guarantee the preferential right prescribed for him remained in the leased premises.

3- If the creditor holds an official document or an ordinary document for a debt payable and not subject to a condition or where he possesses a non-enforceable judgment if the debt established therein is of a specified amount.

4- In favour of the employee where it is impossible to settle his dues as determined by the law governing the relationship between them, in order to secure payment of his dues after being temporarily evaluated by the competent administrative authority.

Ex 1,  P29

5- In all cases, the Court may, before accepting the application for seizure, request any statements, evidence or affidavits, conduct a brief investigation or the necessary investigations with the assistance of the competent administrative authorities when it deems it necessary.

### Article 112

The owner of a movable property and whoever has a real right therein or a right to withhold the same, may request the imposition of provisional seizure thereon with the party in whose hands it is available, and that under a petition containing sufficient details on the movable required to be seized.

### Article 113

1- If the debtor does not hold any writ of execution or if his debt is not of a specified amount, the magistrate of summary justice may order the imposition of provisional seizure and temporarily estimate the debt of the judgment creditor based on a grounded petition submitted by the seizure applicant. Prior to issuing the order, the judge may carry out a brief investigation should he deem that the documents supporting the application are insufficient.

2- In the case of seizure of a property, an official copy of the title deed of the property required to be seized shall be submitted together with the petition.

3- If the lawsuit was previously filed the competent Court, the seizure order referred to in clause (1) of this article may be requested by the Court hearing the case.

### Article 114

**Article 114 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The rules and procedures provided for in Articles (112) and (113) of this Regulation, except for the provisions relating to the appointment of the sale date, shall be followed in the provisional seizure of movables, unless the movables are subject to damage, in which case the provisions of clause (2) of Article (137) hereof shall be observed. The rules and procedures stipulated in Articles (149) to (169) hereof, except for the provisions relating to the submission of the writ of execution and the procedures for auction sale shall be followed in the provisional seizure of real estate.

2- The judgment creditor shall, within eight days at most from the date of issuance of the seizure order, file before the competent Court the action for the establishment of the right, in cases where the seizure is ordered by the magistrate of summary justice, otherwise, the seizure shall be deemed void ab initio.

3- The person whose request was rejected, the distrainee and concerned persons may file a grievance against the seizure order before the magistrate of summary justice or the competent Court, as the case may be, whether the grievance relates to the subject or dates of the seizure. The judge shall rule to reject the grievance or consider it void ab initio or limit the seizure if the distrainee so requests in his grievance. In all cases, the seizure shall be terminated if a final judgment dismisses the action for the establishment of the right.

4- If a judgment rejects the grievance and it was enforceable or has become enforceable, the procedures prescribed for sale in Articles (128) to (146) and (149) to (169) of this Regulation, as the case may be, shall be followed or the execution shall be carried out through the delivery of the movable in the case mentioned in Article (112) hereof.

### Article 115

1- If the lessor of the real estate imposes the seizure on the movables of the subtenant in accordance with clause (2) of Article (111) hereof, the procedures shall be directed to both the principal lessee and the subtenant.

2- The subtenant's notification of the seizure shall also be considered also as a seizure of the rent in his hands.

Ex 1, P30

3- If the principal lessee is not prohibited from subletting, the sub-tenant may request to discharge the seizure imposed on his movables while the rent in his hands remains seized.

## Section 3

## Seizure of the Debtor's Property in the Hands of a Third Party

### Article 116

1- Each creditor may request from the competent Court or from the magistrate of summary justice to impose the seizure on movables or debts which his debtor has in the hands of a third party, even if they are deferred or subject to a condition or disputed.

2- If the seizure is not levied on a movable or on a debt per se, it shall include all the distrainee's movables in the hands of the garnishee and the debts accrued until the date of filing the statement on the properties held thereby.

3- The seizure of the properties that the debtor has in the hands of third parties shall be imposed on the debtor's movables in the possession of his legal representative.

### Article 117

The seizure shall take place - with no need for a prior notification to the debtor- by virtue of an order issued by the judge. The order shall be notified to the garnishee with the knowledge of the executor, and it shall include the following data:

1- A statement of the principal sum for satisfaction which the seizure has been levied in addition to the expenditures.

2- A determination of the seized thing not open to ambiguity and ignorance, if the seizure involves a specific property and the garnishee fails to pay or deliver the property owed to the distrainee.

3- The number of the lawsuit or the seizure application, the name of the judgment creditor, his domicile and workplace in the State. Should he have no domicile or workplace in the State, he shall elect a domicile within the jurisdiction of the Court wherein execution is taking place.

4- The request made to the garnishee to file a statement on the properties held thereby and a statement from the Court that levied the seizure, within seven days from the date on which the seizure notice is served.

### Article 118

If the order does not include the data mentioned in clauses (1) and (2) of Article (117) hereof, the seizure shall be deemed null and void. Any interested party may uphold this nullity.

### Article 119

1- The payment by the garnishee shall be made by depositing the debt at the Court's treasury, and if the subject of seizure is a movable impossible to be deposited thereat, it shall be possible to deliver the same to a judicial receiver to be appointed by the authority that ordered the seizure under a request submitted thereto by the garnishee or the distrainee.

2- The deposit shall be accompanied by a statement signed by the garnishee as regards seizures levied on funds in his hands, their notification dates, the names of the judgment creditors and the distrainees, their capacity and addresses, the documents under which the seizures have been imposed and the sum of money for satisfaction which the seizure has been imposed.

3- The authority ordering the seizure shall immediately inform the judgment creditor and the distrainee of the deposit or the placement of the movables in a judicial receiver's hand.

4- The deposit or the placement of the movables under the receivership shall dispense of filing the statement on the properties held if the money or the movable is sufficient for the payment of the

judgment creditor's debt.

5- If a new seizure is levied on the amount deposited or the movables placed under the receivership and any of them has become insufficient, any of the judgment creditors may request the garnishee to file the statement on the properties held thereby within seven days from the day of his request.

### Article 120

1- If the deposit does not take place according to Article (119) or Articles (108) and (109), the garnishee shall file the statement on the properties held thereby before the authority ordering the seizure within seven days from his notification of the seizure, and he shall mention therein the debt's amount, reason therefor and the reasons of its extinction, if any, and if the garnishee has movables in his hands, he shall attach a detailed list thereof to the statement on the properties held thereby.

2- If the seizure is levied on funds in the hands of the government, or a public association or institution or a bank, the statement on the properties held thereby shall be filed through a letter including the details thereof, sent by the garnishee to the authority that ordered the seizure in the date mentioned above.

3- The garnishee shall not be exempt from filing the statement on the properties held thereby if he was not indebted to the distrainee, then it shall be permissible to file such statement by virtue of a statement to be submitted by the authority that ordered the seizure. Moreover, the professional confidentiality shall not exempt him from filing the statement on the properties held thereby.

### Article 121

If the garnishee dies or loses his capacity or if his representative loses his capacity, the judgment creditor may notify the heirs of the garnishee, or his representative, with a copy of the seizure notice and he shall request them to file the statement on the properties held thereby within seven days from such request.

### Article 122

The dispute on the statement on the properties held and filed by the garnishee shall be brought before the Court hearing the seizure lawsuit at any stage of the case.

### Article 123

1- If the garnishee fails to duly file the statement on the properties held thereby or files an adequate or false statement, or conceals documents to be deposited in order to confirm the statement, it shall be possible to impose upon him, in favour of the creditor who has obtained a writ of execution to collect his debt, the sum for which satisfaction the seizure has been levied, through a lawsuit filed with the usual procedures.

2- The execution of the decision delivered against the garnishee shall be considered a payment to the judgment creditor's right towards the distrainee, without prejudice to the garnishee's right of recourse against the distrainee as to the amount he paid to the judgment creditor.

3- The decision shall not be rendered if the garnishee has redressed the reason for which the lawsuit has been filed until the closure of the pleading even before the court of appeal.

4- The garnishee shall, in all cases, bear the lawsuit expenses and the compensations for his failure or default.

### Article 124

Should the right of the judgment creditor be proven by virtue of a writ of execution, he shall be entitled, immediately upon filing the statement on the properties held thereby, to request the execution judge - the issuance of an order against the garnishee to pay to the judgment creditor the sum acknowledged thereby or the sum paid therefrom to the judgment creditor, provided that procedures set in Article (102) hereof are observed.

Ex 1, P32

## Article 125

If the payment is not made according to the Article (124) of this Regulation nor deposited according to Articles (108), (109) and (119) hereof, the judgment creditor may execute against the funds of the garnishee on the basis of a writ of execution attached to an official copy of the garnishee's statement on the properties held thereby, without prejudice to the provisions of Article (97) hereof.

## Article 126

If the seizure is imposed on movables sold through the procedures prescribed for selling the movable seized in the hands of the debtor, and if the seized property is not a payable debt, it shall be sold through the procedures stipulated in Article (148) hereof.

## Article 127

1- The creditor may impose seizure of his debts to the debtor under an order issued by the competent judge to be notified to the debtor including the information to be mentioned in the seizure notice.

2- If the judgment creditor does not hold a writ of execution or a judgment, the procedures and deadlines stipulated in clauses (2, 3, 4 and 5) of Article (114) of this Regulation shall be followed.

# Section 4

# Seizure of the Movables with the Debtor

## Article 128

1- Taking into consideration the provisions of Article (100) hereof, the seizure shall be proceeded on the basis of written or electronic minutes as the case may be, drafted at the place of its signature, and including, in addition to the data required to be mentioned in the notice, the following:

a- The writ of execution.

b- The judgment creditor's residence or workplace in the State; if he does not have a residence or a workplace in the State, he shall elect a domicile within the jurisdiction of the Court in which the execution shall be proceeded.

c- The seizure place, the procedures which the Executor has undertaken, the obstacles and objections he has faced during the seizure and the measures he has taken to this effect.

d- The things seized in detail, their type, description, amount, weight or dimensions and a statement of their approximate value.

2- The Executor and the debtor, if present, shall sign the seizure minutes, and in case of his abstention to sign, the Executor shall record that in the seizure minutes. The mere signature of the debtor shall not be considered an approval on the decision.

3- The seizure shall not require moving the seized things from their places except by virtue of the order of the execution judge.

4- The things shall become seizure by merely mentioning them in the seizure minutes, even if a judicial receiver has not been appointed therefor.

5- If the seizure takes place in the presence of the debtor or in his residence or workplace, a copy of the minutes shall be delivered to him or to whoever receives it on his behalf; however, if the seizure takes place in his absence or in a place other than his residence or workplace, he shall be notified with the minutes in the manner prescribed in Article (6) hereof, within, at most seven days following the seizure.

## Article 129

1- If the seizure is levied on jewelleries or bars of gold or silver or other precious metal or precious stones, they shall be weighed and described accurately in the seizure minutes, and such items shall be evaluated by an expert assigned by the execution judge at the request of the execution applicant.

2- It shall be possible, in the same way, to valuate the other artistic and precious items at the request of the judgment creditor or distrainee, and in all cases, the expert's report shall be attached to the seizure minutes.

3- If there is need to move these items in order to weigh or assess them, they shall be placed in a sealed shelter and this shall be mentioned in the minutes with the description of the seals and they shall be deposited at the Court's treasury.

4- If the seizure is imposed on money or currencies, the Executor shall mention their description and amount in the minutes and deposit them at the Court's treasury.

### Article 130

1- The Executor shall appoint a judicial receiver for the seized items, and he shall elect a solvent person as a receiver if the judgment creditor or the distrainee does not appear, and the distrainee shall be appointed, if he request so, except in fear of squandering based on valid reasons to be stated in the minutes, in such case, the opinion of the garnishee shall be taken on said reasons and they shall be presented immediately to the execution judge to take his decision thereon.

2- If the Executor does not find at the seizure place someone to accept the receivership and the debtor was present, he shall appoint him for the receivership and his refusal thereof shall not be irrelevant, however, if the debtor is not present, the receiver shall take all the possible precautions to preserve the seized items and refer that matter immediately before the execution judge to order either to move or deposit them with a trustee who accepts the receivership and elected by the judgment creditor or the Executor or to assign temporarily the police for the receivership.

### Article 131

1- If the receiver is present at the time of the seizure, the seized items shall be delivered to him at the place where the seizure is effected, after signing the seizure minutes and being handed a copy thereof, and if he is absent or has been assigned thereafter, the seized items shall be counted and delivered to him after signing the inventory minutes and being handed a copy thereof.

2- If the receiver abstains from signing the seizure or the inventory minutes or refuses to receive a copy thereof, the Executor shall appoint another receiver, otherwise he shall forthwith refer the matter to the execution judge to decide such action as he deems appropriate.

### Article 132

The receiver, other than the debtor or the possessor, shall be entitled to a remuneration for his receivership and such remuneration shall de regarded judicial expenses on the movables seized. The receiver's remuneration shall be estimated by an order issued by the execution judge based upon a petition submitted thereto.

### Article 133

1- The receiver shall not be allowed to use the seized items, nor exploit, lend, nor expose them to damage, otherwise he shall be denied the receivership and liable for compensation; however, if he was the owner or a usufructuary thereof, he may use them for the purpose allocated thereto.

2- If the seizure is levied on livestock, bids, tools, or equipment needed for the management or exploitation of a land, factory, workshop, association or the like, the execution judge may, based on a petition submitted to him by one of the concerned parties, order the receiver with the management or exploitation if he is competent therefor or replace him with another receiver.

### Article 134

Ex 1,  P34

1- The receiver may not request his exemption from receivership before the day appointed for the sale except for reasons necessitating that, and his exemption shall be under an order on a petition issued by the execution judge.

2- When the new receiver assumes his task, the Executor shall count the seized items. He shall draft a report thereof to be signed by the receiver and a copy thereof shall be delivered to him.

### Article 135

1- If the Executor moves to seize movables which were previously seized with the debtor, the receiver shall show him the copy of the seizure minutes and submit the seized items. The Executor shall count them in a report and seize items not previously seized. Also, he shall appoint the first receiver a receiver thereon, if there are at the same place.

2- Such report shall be notified, within three days at most, to the first judgment creditor, the debtor and the receiver if he was not present, and it shall also be notified to the authority which has ordered the first seizure.

3- Such notification shall result in the continuation of the seizure for the benefit of the second judgment creditor even if the first judgment creditor has waived it, and it shall be considered as a seizure of the proceeds of the sale in the hands of the Executor.

4- If the first seizure imposed on the movables is void, such invalidity shall not affect the subsequent seizures if they were valid.

### Article 136

1- Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the funds seized for a buyer and attach the price of the sale to the application and the buyer's consent. This shall be presented to the judgment creditor within seven days from the date of the application, if he does not object thereto within seven days from the date of his notification or upon his consent, the sale shall be made, and the price shall be deposited at the Court's treasury in favour of the creditor. In the case of multiple creditors, the approval of the majority of the holders of privileged debts and the holders of registered rights shall be as per the order of their degrees set forth in the Law or this Regulation.

2- Subject to the provisions of Article (140) of this Regulation, in the event that it is not possible to obtain the approval or rejection of the judgment creditor, the date of sale, its time and place shall be determined by the execution judge. The Executor shall then immediately post the same on the door of the place where the seized items are stored, as well as the bulletin board prepared for that purpose in the Court.

3- The execution judge may order announcement thereof in one of the daily newspapers issued in the State in Arabic or in foreign languages when necessary or by other technical means and media.

### Article 137

1- The sale shall be carried out in the place where the seized items are stored or in the place designated by the execution judge for the sale of the seizures unless otherwise required by the interest. The sale shall take place after at least three days from the date of completion of the posting or publication procedures. Whoever wishes to inspect the seizure in the mentioned period shall be permitted to do so.

2- However, if the seized items are subject to damage or price fluctuation, the execution judge may order the sale at the place he deems fit and from one hour to another, as the case may be, at the request of the receiver or a person concerned or the Executor.

3- If the creditor does not sell the seized items within thirty days from the date of the seizure, unless there are legal impediments, the execution judge may initiate the sale or lift the seizure, as the case may be, and deduct the expenses from the sale proceeds.

## Article 138

If the sale does not take place on the day specified in the seizure minutes, another day shall be set and notified to the receiver and the concerned party, and the posting and the publication shall be redone in the manner indicated in the articles of this chapter, with the possibility to reduce the valuation 5% for five times and then sell them at a price estimated by the execution judge.

## Article 139

1- The sale shall be carried out by public auction under the supervision of the execution judge by calling upon the executor, provided that the price is paid immediately. The judge may grant him a period of not more than five days. The Executor shall not start the sale until after the inventory of the seized items has been made and recorded in the sale minutes. He shall prove therein the procedures of the sale, the objections made thereto, the obstacles he has faced, and the actions he took in this respect. Also, the presence or absence of the judgment creditor and the garnishee shall be proved as well as his signature if he is present or refusal to sign.

2- The Executor shall record in the minutes the names of the bidders and their respective domiciles, workplace or e-mail, as the case may be, in addition to the prices offered and their signatures. The minutes shall include in particular the price paid at the auction knock-down, the name, domicile, workplace and signature of the successful bidder.

3- For the purpose of announcing the continuation or deferral of the sale, it shall be sufficient that the Executor mentions same in public and record it in the sale minutes.

4- The remote communication technology provided for in the Law may be used in any of the auction procedures mentioned in this article and Articles (140) to (142) of this Regulation.

## Article 140

If no one appears to purchase the jewelleries, or bars of gold or silver, jewels, gems or the precious stones and the items estimated at their values according to the experts' valuation, and the creditor does not accept the settlement of his debt in rem at that value, their sale date shall be extended to the following day, if it is not a holiday, or to the first working day after the holiday, and if no purchaser has offered the value estimated, the sale shall be postponed to another day and the posting and publication shall be remade as mentioned in the preceding articles, then the Executor shall present the matter to the competent judge to order that the auction be knocked down at the price which he finds appropriate even if on another date.

## Article 141

If the successful bidder does not pay the price immediately, the judge may grant him five days to pay. After the expiry of the said period without paying, he shall resell on his responsibility in the manner mentioned, at any price, and pay the price difference, and the expenses and fees of the resale. The sale minutes shall be regarded as a writ of execution towards him as regards the price difference.

He shall not be entitled to any increase in the price, but such increase shall be the right of the debtor and its creditors. The Executor shall be liable for the price if he does not receive it immediately from the purchaser and proceed with the resale on his responsibility, and the sale minutes shall be regarded as a writ of execution towards him.

## Article 142

The Executor shall stop the sale if its proceeds are sufficient to pay off the debts for which satisfaction the seizure has been imposed, in addition to the expenses thereof. As for seizures levied thereafter on the price in the hands of the Executor or any other person, only the part required for the settlement of the forgoing shall be considered.

### Article 143

The action for recovery of the seized items shall be filed before the competent Court and shall result in the stay of the sale unless the Court rules the execution continuation on the conditions it deems appropriate. The Court may impose a fine of not less than (1000) thousand dirhams and not more than (5000) five thousand dirhams in case of rejection recovery action.

### Article 144

The recovery action shall be filed against the judgment creditor, the distrainee and the judgment creditors intervening, and the statement of claim shall include a full statement of ownership evidence, otherwise it shall not be inadmissible, and the Court will rule sua sponte its inadmissibility.

### Article 145

1- The judgment creditor shall have the right to proceed with execution if the Court decides to nonsuit the recovery action or if it is deemed void ab initio, or it has been decided to consider it as such. He has also the right to proceed with the execution if the Court rules the rejection of the action, its lack of jurisdiction, the inadmissibility of the case, the nullity of its statement of claim, the extinguishment of the dispute therein, or the approval to abandon it.

2- The judgment creditor shall proceed with the execution even if the judgments referred to in clause (1) of this article are subject to appeal.

### Article 146

1- If another recovery action is filed by the same restorer, and his first action has been considered as void ab initio or the Court rules to consider it as such, or its rejection or inadmissibility, its lack or jurisdiction, the nullity of its statement of claim, the extinguishment of the litigation therein, or the approval to abandon it, the sale shall not be stayed unless the competent Court rules so. This provision shall be applied if the recovery action has been renewed after its nonsuit or stay.

2- The judgment referred to in clause (1) of this article shall apply if a second recovery claim is filed against another restorer and the case shall be deemed to be second when it is subsequent on the date of its filing, even before the extinguishment of the effect staying the sale caused by the filing of the first action.

## Section 5

## Seizure of Stocks, Bonds, Revenues and Shares

### Article 147

1- If the shares or bearer bonds or endorsable, their seizure shall be made through the proceedings set for the seizure of the movable with the debtor or with third parties.

2- The seizure of the arranged revenues, the nominal shares, the shares of profits due by juristic persons and the rights of the testators in the companies shall be made through the procedures set for the seizure of the funds that the debtor has in the hands of third parties. Their seizure shall result in the seizure of their profits until the sale day.

### Article 148

The shares and bonds and the like mentioned in the Article (147) hereof shall be sold by public auction, according to the procedures stipulated in Article (136) et seq. of this Regulation, under the supervision of the execution judge.

## Section 6

Ex 1,  P37

## Seizure and Sale of Real Estate

### Article 149

1- The judgment creditor shall submit to the execution judge an application for seizure of the real estate, including the following data:

a- The applicant's name, surname, profession, residence, workplace, and his elected domicile in the jurisdiction of the Court in which the execution shall be made if he has not a domicile or a workplace therein.

b- The name of the garnishee, his surname, profession, domicile and workplace.

c- The description of the real estate required to be seized including its location, area, boundaries, or its number and zone and any other information to help designate it according to what is established in the official registers prepared for this purpose.

2- The creditor may obtain a petition an order from the execution judge authorising the Executor - to enter the real estate, obtain the information needed for its description and designation of its contents. Such order may not be subject to grievance.

### Article 150

1- If the execution judge finds that the real estate seizure application fulfils its legal conditions, he shall issue his decision to impose the seizure. This decision shall be communicated to the competent department for the registration of real estate for annotation to this effect in the registers of such property and determine the time and date.

2- The registration of the seizure decision shall result in considering the real estate seized.

3- The competent circuit with which the property is seized shall notify the execution judge of the real estate register, the creditors - holders of registered rights - their respective domicile and workplace, and whether there are any impediments to the disposition of the property.

### Article 151

1- The Executor shall notify the debtor, the possessor and the in-kind surety of a copy of the application for seizure, after its annotation to the effect of its registration, within seven days of the seizure.

2- At the same date referred to in clause (1) of this article, the same seizure shall be notified to the creditors with the registered rights. Such creditors shall be deemed, upon their notification, parties to the procedures as judgment creditors, and the notification shall be served, in case of death of any of them, upon his heirs altogether in the residence designated in the register if a period of three months at most has not lapsed since the death.

### Article 152

**Article 152 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the property seized to a purchaser. He shall attach to the application the sale price and the buyer's consent. This shall be presented to the judgment creditor within seven days from the date of the submission of the application. If he does not object thereto within seven days from the date of his notification or his approval, the sale shall be made, and the price shall be deposited at the Court's treasury in favour of the creditor. In the case of multiple creditors, the approval of the majority of the holders of privileged debts and the holders of registered rights shall be taken into consideration as per the hierarchy of their degrees set out in the Law before the ordinary creditors.

2- The execution judge, before undertaking the real estate sale through the auction, should notify the debtor to pay the debt within (15) fifteen days from the notification date otherwise the real estate

Ex 1, P38

would be sold by auction, and the debtor may request within such date the postponement of the sale and the execution judge may respond to the request in the two following cases:

a- If the real estate's revenues within a period of three years were sufficient for settling the debt, profits, fees and expenses, the execution judge may assign the creditor to collect, under his supervision, the real estate's revenues until completion of payment. If an impediment prevents the creditor from obtaining his rights on a regular basis the execution judge shall, at the creditor's request, continue the procedures of the real estate's sale.

b- If the real estate's revenues within a period of three years are not sufficient to settle the debt, profits, fees and expenses and the debtor had other revenues in addition to the real estate's revenue sufficient to pay off the debt by instalments within such period and under the guarantees as the execution judge deems fit, and if the debtor defaults in paying any of these instalments, the execution judge - at the creditor's request- shall continue the procedures of the real estate's sale.

3- If the notice time-limit stipulated in Clause (1) of this Article has elapsed without the debtor's payment or submission of a request to postpone the sale or upon rejection of such request, the execution judge shall determine the sale place, day, and period during which the auction shall be made.

4- The execution judge shall assign, before announcing the sale, an expert or more to estimate the real estate's price within a period not exceeding fifteen days from the date on which the judge assigned him for the task.

5- The case management office shall notify each of the debtor, the possessor and the in-kind surety of the sale place, date, the period during which the auction shall be made and the sale notice before the day set therefor within a period not exceeding (30) thirty days, through publication in two daily newspapers issued in the State. A copy of the notice shall be posted in a prominent place of the real estate and another copy on the bulletin board of the Court.

## Article 153

1- The sale announcement shall include the following data:

a- The name, surname, profession, domicile and workplace of the judgment creditor, debtor, possessor or in-kind surety.

b- The real estate according to the seizure decision.

c- The sale conditions and the principal price designated by the expert, the expenses and the surety that the person wishing to purchase shall pay in advance, provided it is not less than 20% of the principal price.

d- The Court before which the sale shall be made, the auction's day and the period within which the auction shall be made.

2- The judgment creditor, debtor, possessor, in-kind surety and any concerned party may obtain a permission from the execution judge for the publication of other sale announcements in the newspapers and other media because of the importance of the real estate or its nature or any other reasons. In no case shall the multiple publication result in the delay of the sale, and it shall not be permissible to file a grievance against the judge's decision in this regard.

## Article 154

1- If the real estate offered for sale is divisible and the part of such real estate – according to the expert's report – is sufficient to pay off the debt, its profits, the fees and expenses, the execution judge shall partition that part by offering it up for auction and exclude the other parts, and if he finds, as a result of the auction, that the amount offered for this part of the real estate is not sufficient for the settlement, the execution judge shall offer up for auction the rest of the real estate or any other additional part thereof sufficient for the settlement. If the rei vindication action is filed as regards a part of the real estate offered up for auction and the Court decides to postpone the auction, such decision shall not postpone auction for the remaining parts unless the shares, according to the experts' estimation, are indivisible, in which case, the auction shall be deferred be for the remaining shares.

Ex 1,  P39

2- If there are many real estates needed to be sold by auction, each real estate shall be separately offered for sale unless the execution judge – after taking the experts' opinion – finds that it shall be beneficiary to sell more than one real estate or all the real estates in one auction.


### Article 155

The real estate may not be sold except to a national, excluding the special conditions for the foreign ownership of real estate provided for in the laws in force in the State, without prejudice to the rules governing the transfer of the real estate ownership.


### Article 156

1- The disposition of the debtor, possessor or in-kind surety of the real estate shall not be executed nor consequent mortgages or preferential right shall be executed against the judgment creditors even if they are ordinary creditors, or against the successful bidder if the disposition, mortgage, or preferential right has been registered after the registration of the seizure decision.

2- The profits and revenues of the real estate for the period following the registration of the seizure decision shall be attached to the real estate. The revenue, and the price of fruits and crops shall be deposited at the Court's treasury, and if the real estate is not rented, the distrainee shall be considered an in-kind surety till the sale is effected; if the real estate is rented, the rent accrued for the period following the registration of the seizure application shall be considered seized in the hands of the tenant as soon as he has been requested by the judgment creditor, or any creditor bearing a writ of execution, not to pay it to the debtor. If the tenant has paid the rent before such request, payment shall be deemed valid, and the distrainee, in his capacity as a receiver, shall be liable therefor.

If the lease has been registered prior to requesting the tenant to pay, the contract shall remain enforceable towards the judgment creditor and the creditors with registered rights, prior to registration.


### Article 157

1- If the real estate is encumbered with an in-kind security and devolves to an owner with a registered contract before the seizure, the possessor shall be warned before the seizure application to pay the debt or to evacuate the real estate, otherwise the execution shall be proceeded against him.

2- The warning shall include, in addition to the general information in the announcement, and the request to pay or evacuate, the following data:

a- The writ of execution.

b- The debtor's notification and notice to pay according to Article (97) hereof.

c- The real estate subject of the execution according to the official registers prepared for this purpose.

3- The warning mentioned in clause (1) of this article shall also be addressed to the mortgagor in the circumstances in which the execution is to be made against a mortgaged real estate by a party other than the debtor.

4- The warning against the addressee shall result in all the provisions and effects stipulated in Article (156) hereof.


### Article 158

1- The concerned parties shall state the nullity grounds in the notice mentioned in Articles (151) and (152) hereof under a request to be submitted to the execution judge three days at least before the session set for the sale, otherwise their right to state them shall be forfeited.

2- The execution judge shall decide upon the nullity grounds mentioned in clause (1) of this article on the day set for the sale. The decision issued by said judge may not be challenged in any means. If the Court rules the nullity of procedures for the service of process, the sale shall be postponed to a day set by the judge, and the procedures shall be repeated.

Ex 1, P40

3- If the nullity request is rejected, auction shall be ordered to be carried out immediately.

4- The creditor, the possessor, the in-kind surety and the debtors referred to in Article (150) hereof shall present the other nullity grounds related to the procedures preceding the sale session, as well as the grounds for objection to the sale conditions, ten days at least before the date of said session, otherwise, their right to submit same shall be forfeited. Said grounds shall be presented by virtue of a request to be submitted to the competent execution judge. The latter shall rule, based on the aforementioned request, either the stay or continuation of sale, depending on the extent of seriousness of such grounds. If the judge rules the continuation of sale, auction shall take place immediately.

### Article 159

The creditor shall, before the beginning of the auction procedures, deposit a sum of money at the discretion of the execution to cover the charges and the expenses of the real estate sale including the attorney fees. Said amount shall be deduced from the real estate price and returned to the creditor.

### Article 160

**Article 160 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The execution judge shall supervise, on the day set for the sale, the auction procedure. The auction shall not be initiated except after verifying that the decision enforced thereunder is final.

2- If one purchaser, or more, appears at the first sale session, the execution judge shall approve, at the end of the period set for the auction, the highest offer, provided that it is not less than the principal price which the expert has designated with the expenses, and if the bid is less than that or no purchaser appears at that session, the execution judge shall rule the postponement of the sale to the following day in the same place and within the same period set for the auction. If no purchaser offering the principal price appears at the second session, the judge shall postpone the auction to the following day and reduce the principal price of 5 % and then to another session, while reducing the price by 5% each time. If the total of the price reduction reaches 25%, the sale shall be postponed for a period of three months and the announcement procedures shall be repeated, in such case, the real estate shall be sold at the highest offer provided that it is not less than 50% of the principal price set by the expert.

3- The sales session in the concept of this article shall include the electronic session.

### Article 161

1- The party whose bid is accepted by the execution judge shall deposit, within ten days following the sale session, the full price accepted and the expenses. In case the price is paid by said party, the judge shall award the auction to him.

2- Should the successful bidder fail to pay the price in full, the execution judge shall offer the real estate to the following bidder at the price proposed thereby. Should he accept, the judge shall approve his bid and he shall deposit the price within the period specified in clause (1) of this article. However, should the following bidder reject the offer, the execution judge shall repeat the auction within fifteen days and with the same procedures, then the judge shall award the auction to the highest bidder.

3- Every person who is not prohibited from auction may increase the price, within ten days following the date of the auction knock-down, provided that such increase is not less than one tenth of the price. In such case, the bidder shall deposit the full price offered along with the expenses at the Court's treasury. In such case, the auction shall be repeated within seven days. If no one offers a higher bid, the judge shall award the auction to said person.

4- The bidder who fails to pay the amount owed shall pay the difference of the real estate price. The judgment of the auction knock-down shall include imposing upon the defaulting party to pay the price difference if any. He may not be entitled to any excess in the price, such excess shall be rather granted by the debtor, possessor or in-kind surety, as the case may be.

Ex 1,  P41

5- In all cases, the provision of a guarantee from an accredited bank in the State or the provision of a certified cheque shall have the same effect of deposit. In case the depositor is a debtor and the value and degree of his debt justify his exemption from such deposit, the judge shall exempt him from depositing the price and the expenses, imposed by the law, in whole or in part.

6- It may not be stipulated otherwise in the sale conditions in any case whatsoever.

7- If, for a reason not due to the purchaser, it was impossible to complete the procedure of sale and registration, at the auction value, within thirty days from the date of the auction knock-down, the purchaser may request termination of the auction and recovery of the cash paid. When such request is accepted, the execution judge shall repeat the auction.

8- At any time prior to the completion of the procedure of transfer of ownership and registration of the real estate for the purchaser as a result of the auction, the debtor may pay off the debt, interests, fees and expenses or sell the real estate with the approval of the execution judge and under his supervision at a higher price and with an increase equal to no less than 10 % of the price at which the auction was knocked down.

### Article 162

If the auction has been delayed for legal reasons or for the creditor's failure to pursue it, the auction shall be remade for a period of fifteen days, however, if it has been abandoned for a period of six months or more, the auction shall be remade, and the preceding deadlines shall be cancelled.

### Article 163

**Article 163 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The judgment of the auction knock-down shall be delivered in the preamble of judgments, and it shall include a copy of the application for seizure of the real estate, a statement of the procedures followed in this regard, and in the sale announcement, and a copy of the minutes of the sale session, and its enacting terms shall include the order to the debtor, possessor, in-kind surety to deliver the real estate to whom the successful bidder. The judgment's original copy shall be deposited in the case's file on the day following its issuance.

2- This decision referred to in clause (1) of this article shall not be notified, and shall be coercively executed by summoning the debtor, the possessor, the in-kind surety or the receiver, as the case may be, at the delivery location on the day and at the hour set therefor, provided that the announcement thereof is made two days, at least, before the day set for the delivery.

3-If the real estate contains movables to which is attached a right for other than the distrainee, the execution applicant shall file a petition with the execution judge, to take the procedures needed for preserving the rights of the concerned parties. He may also hear the concerned parties, where need be, before issuing his order.

4- If it is not possible to transfer the ownership of the sold property or any part thereof for any reason not attributed to the parties, the execution judge shall cancel the judgment of the auction knock-down and restore the status quo ante.

### Article 164

1- The judgment of the auction knock-down shall not be subject to appeal, unless there is a defect in the auction procedures, in the judgment form, or for its issuance without staying the procedures when such stay is a duty by the law.

2- The appeal shall be lodged through the usual procedures within seven days from the date of the sentencing hearing.

### Article 165

Ex 1,  P42

Case 1:21-cv-04400-HG   Document 131-2   Filed 11/01/22   Page 44 of 99 PageID #: 5270

1- The execution judge, upon the request of the concerned parties, shall request the department responsible for the real estate's registration to register the judgment of the auction knock-down, after the successful bidder deposits the full price, unless he was exempted therefrom. The rules set in the real estate registration shall be applied on the judgment.

2- This registration mentioned in clause (1) of this article shall result in clearing the sold real estate from the preferential rights, the mortgage and possessory lien which their holders have been notified according to Article (150) and only their right in the price shall be remaining.

### Article 166

**Article 166 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The other parties may request the nullity of the execution procedures and request the maturity of all or part of the seized real estate by virtue of an action filed through the usual procedures before the competent Court at which the judgment creditor and the creditors referred to in Article (150) hereof, the debtor, the possessor or the in-kind surety shall be parties to such action. The Court shall rule at the first session the stay of the sale procedures if the action's statement of claim included an accurate statement of the ownership's evidences or the merits of the possession on which the action has been based and to which the documents supporting it has been attached.

2- If the day appointed for the sale arrives before the Court rules its stay, the plaintiff may request the execution judge to stay on the condition that an official copy of the statement of claim notified is deposited in the execution file.

3- The judgments delivered according to clauses (1) and (2) of this article on the stay of the sale or the continuation therein may not be challenged.

4- The rei vindicatio action shall not be accepted until after depositing a bond of (10,000) ten thousand dirhams upon registration and it shall be returned upon accepted and confiscated in case of rejection.

### Article 167

1- If the rei vindicatio action deals only with a part of the seized real estates, the sale of the remaining parts shall not be stayed.

2- Without prejudice to the provision of clause (1) of this article, the execution judge may, upon the request of the concerned party, order the stay of the sale in respect of all the properties on basis of serious grounds.

### Article 168

If the sale has been considered payable, the successful bidder may claim the price, compensations from the creditors and the debtors if grounded, and the sale terms may not provide for the exemption from refunding the price.

### Article 169

Neither the debtor nor the judges nor the public prosecution nor the executors nor the clerks of the Court nor the attorneys at law who initiate the procedures on behalf of the debtor or their relatives up to the second degree may participate in the auction, in person or by employing others, otherwise the sale shall be deemed null.

## Section 7

## Certain Special Sales

### Article 170

Ex 1,  P43

1- A bankrupt property shall be sold in accordance with the Bankruptcy Law and by way of auction and shall be conducted according to the sale terms provided by the bankruptcy trustee.

2- The real estate of the incapacitated person, which sale is permitted and that of the absentee, shall be sold by auction and under the sale terms submitted provided by their respective attorneys to the execution judge, after his approval thereof.

3- The sale terms shall include the sale permission issued by the competent Court.

4- The case management office of the Court shall notify the public prosecution of the sale terms, before presenting them to the execution judge.

### Article 171

1- If the Court has decided the sale of the real estate jointly owned for the impossibility of the division without harm, the execution judge shall carry out its sale by auction, at any of the joint owners' request.

2- The sale terms shall state all the joint owners and respective domicile, accompanied by a copy of the sale judgment.

### Article 172

The rules related to the procedures of the real estate sale, at the creditors' request, and stipulated in this Regulation shall be applied on the sales mentioned in Articles (170) and (171) hereof.

### Article 173

Subject to the provisions of this chapter, the execution judge may assign any private or public physical or juristic person to take the procedures for the seizure or sale of the seizures, whether in whole or in part. or to assist therein, in accordance with the rules and procedures issued by a decision of the Minister of Justice or the president of the competent judicial authority - each within his competencies - provided that these rules determine the mechanism of their work and the calculation of their fees.

## Chapter 9

## Allocation of the Execution Proceeds

### Article 174

Upon the seizure of the money with the debtor, or the completion of the sale of the seized fund, or the lapse of ten days form the date of filing the statement on the properties held thereby - the seizure of property that the debtor has in the hands third parties, the execution proceeds shall be distributed on the judgment creditors and those who are considered parties to the procedures without any other procedure, even if the proceeds are not sufficient to settle their entire rights.

### Article 175

1- If the execution proceeds are sufficient to settle all the judgment creditors' rights, and all the rights of those who were considered parties to the procedures, the execution judge shall order that each of the creditors' debts be settled after submitting the writ of execution.

2- If none of the creditors referred to in clause (1) of this article holds a writ of execution, and the action for the establishment of the right is still under examination, an amount corresponding to the debt for which satisfaction the seizure has been imposed shall be allocated to that creditor and kept at the Court's treasury for his account as a security for the final decision in the action.

Ex 1, P44

### Article 176

1- If the execution proceeds are not sufficient to settle all the debts of the judgment creditors and those considered parties to the procedures, the party who has such proceeds shall immediately deposit the same at the Court's treasury, accompanied by a list of the seizures in his hands.

2- The distribution shall be among the holders of the privileged debts and the holders of registered rights, as per the order of their degrees stipulated in the Law.

### Article 177

The distribution procedures shall begin with the execution judge's preparation of a distribution list to be notified to the debtor, the possessor and the judgment creditors, and a party to the proceedings, summoning them to appear before him at a session he sets therefor. The execution judge shall decide, within three days following the date of the session, on any objection filed before the disbursement of the amounts.

### Article 178

1- The execution judge shall deposit at the case management office of the Court, the final distribution list including the principal debt and expenses payable to each creditor.

2- In all cases, the execution judge shall order the deposit of the payment orders at the Court's treasury and the deletion of entries, whether related to debts stated in the list or debts not distributed.

## Chapter 10

## Performance in Kind

### Article 179

1- The Executor - in the case of the execution by delivering a movable or a real estate, shall move to the place where the item is located in order to deliver it to the applicant, and he shall list in his minutes the items to be delivered and the writ of execution, and the date of its announcement. If the delivery relates to a real estate occupied by an occasional possessor, the Executor shall advise him to recognize the new possessor after the completion of the procedure of the real estate delivery.

2- If the items required to be delivered are seized, the Executor may not deliver them to the applicant, and the Executor shall notify the judgment creditor thereof.

3- The execution judge shall issue the orders necessary for securing the rights of the concerned parties, at the request of the stakeholder or the Executor.

### Article 180

1- The Executor shall notify the person obligated to evacuate the real estate of the day and hour of the evacuation, three days, at least, before the scheduled day. On the date set, he shall enable the requester to take possession of the real estate, and if the real estate contains movables not to be delivered to the evacuation requester and their owners have not transported them immediately, the Executor shall entrust their receivership, at the same place, to the requester, or move them to another place if the requester does not accept the receivership, and if such movables are subject to a seizure or receivership, the Executor shall inform the creditor at whose request the seizure or receivership has taken place thereof. In both cases, the Executor shall refer the matter to the execution judge in order to undertake the measures he deems necessary to protect the rights of the concerned parties.

2- The Executor shall draft minutes including the writ of execution, its announcement date, the description of the real estate, subject-matter of the evacuation, the movables not to be delivered to the requester and the procedure taken in this respect.

Ex 1,  P45

### Article 181

1- The requester of the coercive execution as regards a work obligation or omission of an act, shall submit a request to the execution judge to designate the manner through which the execution shall be carried out. Said request shall be attached to the writ of execution and its announcement.

2- After notifying the other party in order to hear his statements, the execution judge shall deliver his order on the manner through which the execution shall be carried out and appoint the Executor and the persons assigned to complete the work and the removal.

### Article 182

1- If the performance in kind cannot be effected in the manner specified in Article (181) of this Regulation, or the execution requires that the debtor undertakes it himself and he fails to do so, the execution judge shall impose upon him to pay a daily fine of not less than (1000) dirhams, to be paid as compensation to the judgment creditor for delay, provided that the total of the fines does not exceed the principal debt in question.

2- The execution judge shall have the right to cancel the fine, or a part thereof, if the judgment debtor initiates execution, before actually paying it.

3- The provisions of clause (1) of this article shall apply to the legal representative of the juristic person, and the employees thereof who personally impeded the execution.

# Chapter 11

# The Debtor's Detention and Travel Ban and Other Precautionary Measures

## Section 1

## The Debtor's Detention

### Article 183

1- The execution judge may issue an order, at the request of the prevailing party, to imprison the debtor if he has abstained from enforcing any writ of execution, unless he proves his insolvency. The debtor shall not be considered solvent if it is proved that he owns only funds that may not be seized or sold.

2- Insolvency of the debtor shall not be accepted, if he abstains from the payment in any of the following cases:

a- If the debtor has smuggled or concealed his money with the intention of harming the creditor, and it has been impossible for the creditor because of this to execute against these properties.

b- If the debt was one or more of the instalments due by the debtor, or the debtor was one of those who guaranteed the principal debtor for the payment before the Court or the execution judge, except if the debtor has proved the occurrence of new facts that affected his solvency and made him incapable of paying the instalments or the value of the guarantee or any part thereof, after imposing these instalments upon him or after giving him the guarantee.

3- The execution judge shall order the detention of the debtor in the cases mentioned in the paragraphs (a) and (b) of clause (2) of this article within a period not exceeding one month and that may be renewed for other periods, so if the debtor had a residence and he is not likely to flee, the detention periods may not exceed six consecutive months and may be renewed after the elapse-expiry of ninety days from his release if he continues to abstain from the execution in spite of his provided that the total periods of imprisonment of the debtor does not exceed thirty-six months, regardless of the number of debt or creditors, unless the debt is the result of deliberate financial crimes, in which case the detention terms may be up to sixty months.

### Article 184

**Article 184 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The execution judge shall, before issuing the detention order, undertake a summary investigation if the documents supporting the request are not sufficient.

2- The judge may give the debtor a period of six consecutive months at most to pay off the debt or to pay the amount for which the execution has been imposed, in appropriate instalments for a period not exceeding three years with the guarantees or precautionary measures set by the judge should he fear the debtor escapes from the State.

3- A grievance or appeal against the order mentioned in clauses (1) and (2) of the present article shall be filed according to the procedures prescribed in Article (72) hereof.

### Article 185

1- An order of detention of the debtor may not be issued in the following cases:

a- If he is under 18 years of age or older than 70 years of age.

b- If he has a child under 15 years of age and his spouse is deceased or imprisoned for any reason.

c- If he was a spouse of the creditor or one of his ascendants, unless the debt is a prescribed alimony.

d- If he provides a bank guarantee or a solvent surety accepted by the execution judge to pay the debt on time or disclosed his funds in the State against which execution is possible and sufficient to pay the debt.

e- If it is proven, according to a certified medical report, that the debtor suffers from an incurable chronic disease with which the debtor cannot tolerate imprisonment.

f- If the debt subject of execution is less than AED 10000, unless it is a fine, a prescribed alimony or a work remuneration, or a work obligation or omission of an act.

2- The execution judge may postpone the issuance of the order of detention of the debtor in the following cases:

a- If the debtor is a pregnant woman.

b- If it is proven, by a certified medical report, that the debtor suffers from a temporary disease with which he does not tolerate imprisonment until cured.

### Article 186

If the debtor is a private juristic person, the order shall be issued to detain his legal representative or others if the abstention from execution is attributed to them in person, and may be prohibited from travelling according to the procedures and controls mentioned in Articles (188) to (190) of this Regulation, even if the creditor does not hold a writ of execution against them.

### Article 187

The execution judge shall order the extinction of the order to detain the debtor in the following cases:

1- If the creditor has accepted, in writing, the extinction of the order.

2- If, for any reason whatsoever, the debtor's obligation in satisfaction of which this order has been issued has expired.

3- If one of the conditions required for the detention order is no longer available, or any of the impediments to its issuance has been materialised.

## Section 2

## The Debtor's Travel Ban

### Article 188

**Article 188 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Even if the creditor accepts to file a substantive action, in fear based on serious reasons that the debtor would escape, and the debt is not less than (10,000) ten thousand dirhams, unless it was an established alimony or a work obligation or omission of an act, the creditor may request the competent judge or the chief judge of the circuit, as the case may be, to issue an order prohibiting the debtor from traveling in any of the two following cases:

First: If the debt is known, accrued and not subject to a condition.

Second: If the debt is not of a specific amount, the judge shall evaluate it temporarily, provided that the following conditions are fulfilled:

a- The claim for the right shall be based on written evidence.

b- The creditor shall submit a guarantee which is accepted by the Court and in which he guarantees each failure or damage that would affect the debtor because of prohibiting him from traveling if the creditor has been proved not to be rightful in his claims.

2- Before the order is issued, the judge may conduct a brief investigation if he deems that the documents supporting the application are not sufficient and he may order that the debtor's passport be deposited at the Court's treasury and that the travel ban order be circulated throughout all the state's outlets in case the order of travel ban is issued.

3- If a case mentioned in Articles (149) to (151) of Federal Law No. (28) of 2005 on Personal Status is available, an order to prevent the child from traveling will be issued by the personal status execution judge.

4- The person against whom the travel ban order was issued may file a grievance against it through the procedures prescribed for grievance against orders on petitions, unless the issuer of the order is the competent execution judge, against whose decisions a grievance shall be filed in accordance with the procedures stipulated in clause (1) of Article (72) of this Regulation.

5- A travel ban order does not prevent the implementation of the final judgments of deportation. The travel ban in the event of issuance of a final judgment or administrative order of deportation shall be presented to a judicial committee headed by a judge and formed by a Cabinet decision, to consider the implementation of either.

6- The president of the competent Court or his authorized representative may approve the travel of the debtor because of his illness or of any of his ascendants or descendants up to the first degree or his spouse. The request shall be accompanied by a medical certificate from an official authority indicating the need for treatment abroad and the impossibility of treatment within the State., with the travel ban remaining in place.

### Article 189

The travel ban order shall remain in force until the debtor's obligation expires towards the creditor who obtained the order, for any reason whatsoever. However, the competent judge may rule that the order be extinguished in any of the following cases:

1- If any of the conditions required for the order prohibiting from traveling is no longer available.

2- If the creditor has agreed, in writing, on the order extinction.

3- If the debtor provides an adequate bank guarantee or a solvent surety accepted by the judge, the guarantee minutes including the surety 's undertaking accompanied by the judgment or order imposing upon the debtor shall be considered as a writ of execution towards him as regards what is decided in that ruling.

4- If the debtor deposits a sum of money equal to the debt and the expenses at the Court's treasury and allocated to pay the right of the creditor at whose request the order was issued, this amount shall

be considered seized by the force of law in favour of the creditor.

5- If the creditor fails to give the judge evidence of the filing of the debt action within eight days of the issuance of the travel ban or did not begin to enforce the final judgment delivered in his favour within thirty days from the date of becoming final.

6- If three years have elapsed since the last correct procedure of the enforcement of the final judgment of debt in satisfaction of which the travel ban has been delivered, without the prevailing creditor's submission to the execution judge a request to proceed with the execution of the judgment.

## Section 3

## Other Precautionary Measures

### Article 190

If the debtor who is prohibited from traveling does not give up his passport without justification or the judge finds that he has disposed of his money or has smuggled it or is preparing to flee the country despite the measures taken to prevent him from traveling, the judge may decide to summon him and impose upon him to provide a payment guarantee or an attendance guarantee or to deposit the amount claimed at the Court's treasury, if the defendant does not comply with the order, the judge may decide to temporarily detain him until the order is executed. This decision shall be subject to appeal within seven days from the date of its issuance.

## Book 4

## Final Provisions

### Article 191

The Minister of Justice and the presidents of the local judicial authorities, as the case may be, shall issue the decisions necessary to implement the provisions of this Regulation.

### Article 192

Any provision contrary to or inconsistent with the provisions of this Regulation shall be repealed.

### Article 193

The present Regulation shall be published in the Official Gazette and shall come into force two months after the date of its publication.

Issued by Us: 9 December 2018
On: Corresponding to 2 Rabi' Al-Akhar 1440H.

**Mohammed Bin Rashid Al Maktoum**

Prime Minister

The present Decision was published in the Official Gazette, issue no. 643 (annex), p. 9.

Ex 1,  P49

## Cabinet Decision No. 57

Issued on 2018/12/09

Corresponding to 2 Rabi' Al-Akhar 1440H.

# ON THE IMPLEMENTING REGULATION OF FEDERAL LAW NO. 11 OF 1992 ON THE CIVIL PROCEDURE LAW

**Amended by**
**Cabinet Decision no. 33 dated 2020/04/30**

The Council of Ministers:

- After perusal of the Constitution;

- Federal Law No. (1) of 1972 on Competencies of the Ministries and Powers of the Ministers and its amendments;

- Federal Law No. (10) of 1973 on the Federal Supreme Court and its amendments;

- Federal Law No. (11) of 1973 on Judicial Relationships amongst Emirates;

- Federal Law No. (6) of 1978 concerning the Establishment of Federal Courts and the Transfer of the Jurisdictions of the Local Judicial Authorities in certain Emirates Thereto and its amendments;

- Federal Law No. (17) of 1978 on the Regulation of the Cases and Procedures of Appeals before the Supreme Federal Court and its amendments;

- Federal Law No. (8) of 1980 n the Regulation of Labour Relations and its amendments;

- Federal Law No. (3) of 1983 on the Federal Judiciary and its amendments;

- Federal Law No. (5) of 1985 on the Issuance of the UAE Civil Transactions Law and its amendments;

- Federal Law No. (23) of 1991 on the Regulation of the Legal Profession and its amendments;

- Federal Law No. (10) of 1992 on the Issuance of the Law of Evidence in Civil and Commercial Transactions and its amendments;

- Federal Law No. (11) of 1992 promulgating the Civil Procedure Law and its amendments;

- Federal Law No. (18) of 1993 promulgating the Commercial Transactions Law;

- Federal Law No. (28) of 2005 on the Personal Status;

- Federal Law No. (1) of 2006 on Electronic Commerce and Transactions;

- Federal Law No. (6) of 2010 on Credit Information;

- Federal Law No. (5) of 2012 on Combating Cyber-Crimes and its amendments;

- Federal Law No. (6) of 2012 on the Regulation of the Translation Profession;

- Federal Law No. (7) of 2012 on the Regulation of Expertise before the Judicial Authorities;

- Federal Law No. (2) of 2015 on Commercial Companies and its amendments;

- Federal Decree-Law No. (9) of 2016 on Bankruptcy;

- Federal Law No. (6) of 2018 on Arbitration;

- Based on the proposal of the Minister of Justice and the approval of the Council of Ministers,

Has issued the following Decision:

Ex 1, P50

Case 1:21-cv-04400-HG    Document 112-21    Filed 05/02/24    Page 52 of 99 PageID #: 5278

## Article 1

The provisions of this Regulation concerning civil procedures shall apply before the Courts of the State.

## Article 2

### Article 2 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

In the application of the provisions of this Regulation, the following terms and expressions shall have the meanings assigned thereto unless the context otherwise requires:

State: The United Arab Emirates.

Law: Federal Law No. (11) of 1992 promulgating the Civil Procedure Law and its amendments.

Court: The civil or personal status Court of first instance.

Supervising Judge: The Judge overseeing the Case Management Office.

Process Server: Any public official or private juristic person, charged under the law, regulations or decisions in force to serve legal documents.

Executor: Any public official or private juristic person, charged under the law, regulations or decisions in force to enforce the decisions of the execution judge.

Judgment: The only copy signed by the judge or judicial entity, electronically or manually, according to the rules and procedures set forth in this Regulation.

## Book One

## Litigation before Courts

## Chapter 1

## Process Service and Procedures Thereof

## Article 3

### Article 3 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The notice shall be served by the Process Server or in the manner specified by this Regulation, upon the request of a litigant or a Court's order or an order of the case management office.

2- The Court may authorise the litigant or his agent to serve the notice according to the serving procedures prescribed in this Regulation, except for serving in the means of modern technology set forth in Clause (1) of Article (6) of this Regulation.

3- Notice may be served through one private company or office or more in accordance with the provisions of this Regulation.

The Council of Ministers shall issue a special regulation on the process service through private companies and offices in accordance with the provisions hereof. Any person entrusted with the process serving shall be considered as a Process Server.

In all cases, the notice may be served at the State level without being bound by the rules of the territorial jurisdiction.

## Article 4

Ex 1,  P51

1- No notice may be served, nor an execution procedure may be initiated by the Process Server or the Executor, before 7:00 am or after 9:00 pm, or during the official holidays, except in case of necessity and under a written permission issued by the Supervising Judge, the competent judge, or the magistrate of summary justice.

2- If the notice is served by any means of modern technology, whether upon a physical or a juristic person, the dates stipulated in clause (1) of this article shall not apply.

3- As for the government and public juristic persons, the date of the process service, or the commencement of execution shall be set in accordance with the activities and working hours thereof.

### Article 5

1- The notice paper shall include the following data:

a- The notice applicant's name, surname, profession or job, domicile, a photocopy of his ID, his mobile number, fax number or email address, or his elected domicile and workplace, as well as the name, surname, profession or job, domicile and workplace of his representative in case he works for others.

b- The addressee's name, his surname, profession or job and domicile or elected domicile; in case his domicile was unknown at the time when the notice was served, his last domicile and workplace, mobile phone number, fax number and e-mail address, if any, shall be specified.

c- The name of the Process Server, his job, the entity he works for and his signature.

d- The date of the day, month, year and hour when the notice has been served.

e- The name of the Court, the subject of the notice, the number of the case and the session, if any.

f- The name of the person to whom the notice was delivered, his surname, signature, seal or fingerprint as acknowledgment of receipt or a proof of his abstention from receiving such notice and the reason thereof.

2- In the case of serving the notice by means of technology, the data specified in clauses (a), (b), (d) and (e) of paragraph (1) of this article shall be deemed sufficient.

3- If the official language of the defendant is not Arabic, the plaintiff shall be bound to attach to the notice a certified translation in English, unless there is an earlier agreement between the parties to attach the translation in another language.

The provisions of the preceding paragraph shall apply to all civil and commercial proceedings, except for labour claims filed by workers and personal status claims.

### Article 6

**Article 6 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The addressee shall be served with the notice in any of the following ways:

a- Voice or video recorded calls, SMS, smart applications, e-mail or fax, or any other means of modern technology or any other means as agreed by the parties.

b- In person wherever found, at his domicile or place of residence or to his agent. If the addressee abstains from receiving such notice, it shall be considered served to him in person, and if the process server does not find the addressee at his domicile, he shall deliver the copy thereof to any of the persons living with said addressee, including spouses, relatives, in-laws or servants. In the event that any of the above-mentioned persons refuse to receive the notice or are absent or the place of residence is closed, he shall immediately post the notice clearly on the front door of his place of residence.

c- In his elected domicile.

d- In his workplace. In case the Process Server was unable to find the addressee in his workplace, he shall hand over a copy of the notice to the employer or to any manager or employee as he deems appropriate.

Ex 1,  P52

e- By private companies or offices.

2- The Process Server shall make sure that the person to which the notice is delivered is at least 18 years old and that neither such person nor the person represented thereby has an apparent conflict of interests with the addressee. In the event that the notice is served by means of modern technology as provided for in paragraph (a) of clause (1) of this article, the Process Server shall ensure that such means, regardless of the type thereof, is directed to the addressee. In the case of serving the process by voice or video recorded calls, the Process Server shall draft minutes wherein he shall record the calls' contents, time, date and recipient. Said minutes shall be valid as evidence and attached to the case file.

3- Should it be impossible to serve the notice upon the addressee in accordance with clause (1) of this article, the matter shall be referred to the concerned case management office, the competent judge or the chief judge of the circuit, as the case may be, so as to investigate his domicile from at least one of the concerned parties and then notify him by publication in a daily newspaper widely circulated and issued in the State in Arabic, and in another newspaper issued in a foreign language if necessary and where the addressee is a foreigner.


### Article 7

#### Article 7 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

Except as provided for in any other legislation, the notice shall be delivered as follows:

1- As for ministries, governmental, federal, local departments and public authorities and institutions of all kind, the copy shall be delivered to their legal representative.

2- As for private juristic persons, private and individual companies, associations and institutions, and foreign companies that have a branch or office in the State, where the notice relates to the branch of the company, they shall be served in accordance with the provisions of clause (1) of Article 6 of this Regulation, or the notice shall be delivered at the head office thereof to their legal representative or whoever acts in his capacity, or any of its partners, as the case may be. In the absence of a legal representative or a person acting in his capacity, the copy of the notice shall be delivered to an employee of their respective offices. Where any of such entities does not have a head office, or it is closed or its manager or any of its employees refuses to receive the notice, the notice shall be served by way of posting or publication, without permission from the Court, as the case may be.

3- As for the members of the armed forces, the police or the like, the copy shall be handed over to the competent department, as determined by the above-mentioned entities, to deliver it to them.

4- As for prisoners and detainees, the copy shall be delivered to the administration of the place where they are imprisoned in order to notify them thereof.

5- As for sailors of commercial vessels and their crews, the copy shall be delivered to the master to notify them. If the vessel has left the port, the copy shall be delivered to the shipping agent.

6- As for persons who have a known domicile abroad and cannot be notified by means of technology or through private companies or offices or as agreed by the parties, the copy shall be delivered to the Ministry of Justice so as to refer it to the Ministry of Foreign Affairs and the latter shall communicate it to them by diplomatic means, unless the notice serving methods in such case are regulated under special agreements.


### Article 8

#### Article 8 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

The process service shall be considered as having produced its effects as per the following:

1- The date of receipt of a copy thereof in accordance with the provisions of Articles (6) and (7) of this Regulation, or from the date of refusal of the addressee in person to receive the notice.

2- The date on which the letter is sent by the Ministry of Foreign Affairs or the Diplomatic Mission to indicate that the addressee has either received a copy of the notice or abstained from receiving same.

3- The date of the fax arrival, the date of sending the e-mail or SMS or any means of technology and from the date of the voice or video recorded call.

4- The posting or publication date, according to the provisions set forth in the provisions of this chapter.

## Article 9

1- If the Law or this Regulation sets, as regards appearance or occurrence of the procedure, a date counted by days, months or years, the day on which the notice is served, or the matter considered by the Law or this Regulation as giving effect to the deadline shall not be counted. The deadline shall expire by the lapse of the last day thereof.

2- If the deadline is counted by hours, the hour on which the deadline starts running and on which it expires shall be counted as previously mentioned.

3- In case the deadline is to expire before the procedure, the procedure shall not take place before the lapse of the last day of the deadline.

4- The deadline counted by month or year shall expire on the corresponding day of the following month or year.

5- In all cases, if the deadline expiry date falls on an official holiday, said deadline shall be extended to the following working day.

6- The deadline counted by month or year shall be counted according to the Gregorian calendar where a month consists of 30 days and the year of 365 days, unless the Law stipulates otherwise.

## Article 10

1- The procedure shall be deemed null if the Law expressly provides for its nullity or if it contains a substantial defect or deficiency for which the purpose of the procedure has not been achieved.

2- In all cases, notwithstanding this stipulation, nullity shall not be ruled if the achievement of the purpose of the procedure has been established.

## Article 11

Except in cases relating to the public order:

1- Nullity may not be upheld except for those in whose favour it was enacted.

2- Nullity may not be upheld by the litigant who caused it.

3- Nullity shall cease to exist in case the person in whose favour it was enacted, expressly or implicitly, waives the same.

## Article 12

The null procedure may be validated even after it has been upheld, provided that such validation is effected within the time-limit prescribed for undertaking the procedure by the Law or this Regulation. If the Law or this Regulation does not specify a time-limit for the procedure, the Court shall set an appropriate time for its validation and the procedure shall not be deemed valid except from the date of its validation.

## Article 13

If the procedure is null and fulfils the elements of another procedure, the latter shall be deemed valid as it shall be considered the procedure fulfilling all its elements. If the procedure is null as regards any of its aspects, only such aspects shall be deemed null.

The nullity of the procedure shall not result in the invalidity of the previous procedures or procedures subsequent to such procedure unless they are not based thereon.

Ex 1,  P54

## Article 14

**Article 14 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

A clerk shall attend the sessions with the judge, draft the minutes of the session and sign the same electronically or in writing along with the judge, otherwise the minutes shall be considered void.

## Article 15

Neither the Process Servers nor the clerks nor any of the judge's assistants may undertake any work that falls within the scope of their functions in the cases relating to them, their spouses, relatives or in-laws up to the fourth degree, otherwise such work shall be deemed null and void.

## Chapter 2

## Filing and Registering Lawsuits

## Article 16

1- The lawsuit shall be filed before the Court, upon the plaintiffs' request, by submitting his statement of claim to the case management office electronically or in writing as applicable in the Court.

2- The statement of claim shall contain the following data:

a- The plaintiff's name, surname, ID number or photocopy thereof, or any similar documents issued by government entities confirming his identity, profession, occupation, domicile, workplace, phone number, fax number or e-mail - the plaintiff has no domicile in the State, a domicile shall be elected therefor - as well as the name of his representative, his surname, ID number, occupation, job, domicile, workplace, fax number or e-mail address.

b- The defendant's name, surname, ID number (if any), profession or job, domicile or elected domicile, residence, workplace, phone number, e-mail address, fax number - if the defendant has no domicile in the State, a domicile shall be elected therefor - as well as his representative's name, surname, profession or job, domicile and workplace, if he works for others. However, in case neither the defendant nor his representative has a known domicile or workplace, the last domicile, residence or workplace and fax number or e-mail address thereof shall be mentioned.

c- The Court before which the lawsuit is filed.

d- The date of filing the statement of claim with the case management office.

e- The subject-matter of the lawsuit, the demands and grounds thereof.

f- The signature of the plaintiff or his representative, after verifying the identity of each of them.

## Article 17

**Article 17 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- An office called the "Case Management Office" shall be established by a decision of the Minister of Justice or the president of the local judicial authority, each in accordance with his competencies, at the seat of the competent Court. The decision shall determine the work system thereof.

2- The case management office shall be formed of a president and a sufficient number of the Court's employees including those working in the legal field and others, under the supervision of the president of the competent Court, or a judge or more to be elected by the president of the competent Court.

3- The case management office shall be responsible for the preparation and management of the case before the trial phase, including its registration, announcement, exchange of memoranda and documents and expertise reports between the litigants.

Ex 1,  P55

4- The Supervising Judge may issue a decision not to accept the case for failure to pay the fees, or decide to prove waiving or assignment or to assign an expert, refer the case to the investigation, hear the witnesses and interrogate the litigants. He may also sign the procedural sanctions stipulated in the Law and shall have the right to meet with the parties to the lawsuit before him, propose conciliation thereto and try to reconcile them. For this purpose, he may summon them to appear before him in person. If a conciliation is reached, he shall issue a decision wherein this conciliation and the content of the agreement of the parties are recorded. Such decision shall have the power of a writ of execution.

5- If the dispute is interrupted ipso jure by the death of one of the litigants or by their loss of capacity to litigate or by the loss of capacity of the attorney who was initiating the proceedings before the referral of the case, or where the joinder of a party against whom the lawsuit was not filed is requested, the case management office shall refer the case to the Supervising Judge to decide on the correction of the form of the lawsuits in such cases.

6- If the action brought before the case management office contains a plea raised by a litigant that may result in interrupting the case or a summary request, or if it was an appeal lodged against a judgment of inadmissibility or lack of jurisdiction, or an appeal filed after the time-limit prescribed by the law, the case management office shall refer the case, after completion of the process service, by a decision issued thereby to the competent Court held at the Council Chamber to adjudicate what has been presented thereto. The Court may set a session to hear the case if necessary. In all cases, the trial court may not remand the case to the Supervising Judge or the case management office, after it has been decided that it has the jurisdiction to hear the case.

7- The right to raise defences not relating to public order set out in Article (84) of the Law shall be forfeited if the litigant present fails to bring said defences before the case management office.

8- If a claim fulfilling the conditions for the issuance of the payment order provided for in Articles (62) and (63) of this Regulation, is submitted to the case management office, the latter shall immediately present it to the Supervising Judge to refer it to the competent judge who issued the payment order so to adjudicate it within the period specified in Article 63 (4) hereof. The referral decision shall be considered final and not subject to appeal.


## Article 18

1- The date for appearance before the case management office or the Court is ten days. In case of necessity, this period may be reduced to three days.

2- The date set for appearance in summary actions is twenty-four hours. In case of necessity, such period may be reduced to a minimum of one hour, provided that the litigant is notified in person, unless the action is a maritime action.

3- The dates referred to in clauses (1) and (2) of this article shall be reduced under the permission of the competent judge or the Supervising Judge, as the case may be, of which copy shall be served upon the litigant accompanied by the statement of claim.

4- Failure to comply with the dates set for appearance shall not result in nullity, without prejudice to the right of the addressee to adjourn appearance in order to complete the date.


## Article 19

### Article 19 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

Upon collection of the fees, the case management office shall record the lawsuit in the relevant register, either electronically or in writing, provided that the date of registration and the plaintiff's knowledge of the session are recorded therein. In such case, the lawsuit shall be deemed filed and effective as of the date of filing the statement of claim, provided that the fee is paid within a period not exceeding three working days from the date of deposit, otherwise the deposit shall be considered void.

Ex 1, P56

## Article 20

In the case of the use of remote communication technology or electronic registration:

1- The plaintiff shall, upon registration of his statement of claim, submit a number of copies thereof equal to the number of defendants. A copy to the case management office shall be saved electronically or in a special file. Moreover, the plaintiff shall submit, along with the statement of claim, copies of all the supporting documents, in addition to expertise reports drafted by registered experts, if any.

2- The defendant, within ten days from the date of his notification of the claim, shall deposit electronically or in writing a memorandum of his defence and copies of supporting documents signed thereby.

3- Upon disagreement on the validity of the documents' copies, the Court or the case management office or the Supervising Judge, as the case may be, shall set the closest session possible for the submission of original copies thereof. The documents submitted by the litigant shall not be denied for being mere copies, unless the person who denies them, upholds their invalidity or non-issuance by the person to whom they are attributed. If the validity of documents denied or their issuance by the person to whom they are attributed is proven, and the denial of their validity is unjustified, resulting in the delay of the proceedings, or in inflicting upon the litigant who submitted the documents additional expenses without justification, the Supervising Judge or the competent judge, as the case may be, may impose upon the person who denied such documents or claimed their invalidity, a fine of not less than (1000) dirhams and not more than (10000) dirhams. This shall not preclude addressing the entity responsible for regulating the legal profession in this regard, where the Court finds a justification therefor.

4- In all cases, the translated documents shall be legally certified if drafted in a foreign language.

## Article 21

In the absence of the use of technology means and remote communication:

1- The case management office shall, at most on the day following the date of registration of the statement of claim, deliver a copy thereof, with the attached copies and documents, to the authority in charge of notifying the same, in order to serve the notice as per the form prepared for that purpose and save it. If the file is electronically available, the judicial authority shall allow the litigants to access the same in the system or send it electronically or by any other technology means.

2- The statement of claim shall be served within ten days at most from the date of its delivery to the Process Server. If a session falling within such deadline is set to hear the case, the notice shall be served before the session.

3- Failure to comply with the deadlines set out in clauses (1) and (2) of this article shall not result in nullity.

## Article 22

**Article 22 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Except for cases to which the State is a party, summary actions and payment orders, subject to the provisions of clause (1) of Article (30) of the Law and Article (23) of this Regulation, a decision by the Minister of Justice or the president of the competent local judicial authority, as the case may be, may allocate one minor circuit or more to adjudicate lawsuits filed before them during one session only, and that in any of the following cases:

a- Civil, commercial and labour claims, the wages and salaries claims that the value of which not exceeds (500,000) five hundred thousand dirhams.

b- Actions on the validity of a signature, regardless of their value;

2- The case management office shall prepare the case and set the first session of the circuits referred to in paragraph (1) of this article within a period not exceeding (15) fifteen days from the date of registration of the statement of claims. Said period may be extended for one similar period only by a

Ex. T, P57

decision of the Supervising Judge. In the case of assignment of an expert, the first session shall be held within three days from the date of receiving the expertise report thereon. Otherwise, all the rules, provisions and procedures provided for in Articles (16), (17), (19), (20) and (21) hereof shall apply as regards the preparation of the case before such circuits.

3- The Supervising Judge shall have - in respect of the circuits referred to in clause (1) of this article - the powers stipulated for him in clauses (4, 5, 8 and 6) of Article (17) and Article (33) hereof.

# Chapter 3

## Assessment of the Case Value

### Article 23

**Article 23 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Minor circuits provided for in clause (1) of Article (30) of the Law shall be competent to issue first instance judgments in civil, commercial and labour actions, the value of which does not exceed (10,000,000) ten million dirhams, and counterclaims, regardless of their value.

2- In all cases, the judgment delivered by minor circuits shall be final in labour actions if the value of the lawsuit does not exceed fifty thousand dirhams (50,000).

3- Judgments issued by Courts of appeal shall be final and cannot be subject to appeals in cassation if the value of the lawsuit does not exceed five hundred thousand dirhams (500,000).

### Article 24

The value of the lawsuit shall be assessed on the day of its filing. In all cases, the assessment shall be based on the litigants' latest demands. The value of the lawsuit shall include any interests, indemnities, revenues, expenses and other appurtenances of which value is estimated, due on the day of its filing. However, in all cases, the building and plants' value shall be taking into account, in case their removal is required.

### Article 25

**Article 25 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- If the value is not mentioned in cash, and assessment thereof is possible, the Court shall estimate it.

2- If the amount claimed is an amount of money in a currency other than that of the State, the lawsuit's value shall be assessed at the equivalent of such amount in the State's currency.

3- Lawsuits relating to the ownership of real estates shall be estimated on the basis of the real estate's value. If the real estate or the vacant land is not assessed, the lawsuit shall be considered not able to be evaluated and shall be subject to Clause (11) of this Article. The action related to the movable shall be estimated at its value.

4- If the action is related to a request for a contract's validity, nullification, or rescission, its value shall be assessed on the basis of the value of the subject-matter of the contract. As for the contracts of exchange, the action shall be estimated on the basis of the higher value of exchanged parts.

5- If the lawsuit relates to a request for a continuous contact's validity, nullification or rescission, its value shall be estimated on the basis of the total of the monetary consideration for the contract's entire period. If the said contract has been implemented in part, the lawsuit for its rescission shall be estimated on the basis of the remaining period.

6- Actions relating to dissolving the company and appointing a liquidator therefor are valuated on the basis of the value of the company's capital at the time of filing the lawsuit.

Ex 1, P58

7- The lawsuit for evacuating the premises shall be estimated on the basis of the annual rental.

8- If the lawsuit is filed between a creditor and debtor concerning the seizure - or an auxiliary real right, the value thereof shall be estimated on the basis the debt's value or the value of the property seized or the real right, whichever is less. As for the action filed by third parties for the recovery of such fund, it shall be estimated on the basis of the value of said fund.

9- If the lawsuit includes claims based on a single legal ground, evaluation thereof shall be made on the basis of their value as a whole. If the claims are based from several legal grounds, evaluation thereof shall be made on the basis of each apart.

10- Notwithstanding clause (1) of this Article and except for the commercial papers, the request of extraction, recovery or refund of documents or certificates shall be estimated at the value of AED (5,000) five thousand dirhams.

11- If the lawsuit is concerning a request not able to be estimated as per the above-mentioned rules, its value shall be considered exceeding AED (10,000,000) ten million Dirhams.

## Chapter 4

## Litigants' Appearance and Failure to Appear

### Article 26

### Article 26 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- On the day appointed for the hearing of the lawsuit before the case management office or the Court, as the case may be, the litigants shall appear in person or by their attorney or a relative or in-law up to the fourth degree or a representative from among their employees if the party is a private juristic person, provided that the power of attorney is issued by his legal representative, stating his employment capacity and ratified by the Notary Public in every litigation.

2- For the issuance of the special power of attorney in the lawsuit set forth in Clause (1) of this Article, the representative shall meet the following conditions:

a- He shall be a national having full legal capacity and holder of a university degree in law.

b- He shall be in service at the principal for a period of not less than one consecutive year.

3- The presence of the lawyer's representative shall be accepted by a power of attorney before the case management office only, in the lawsuits in which the attorney is assigned.

### Article 27

1- If neither the plaintiff nor the defendant appears, the Court shall decide on the lawsuit if valid for adjudication, or otherwise it would issue a judgment of nonsuit. If thirty days elapse and none of the litigants' requests to proceed with the lawsuit or none of them attends thereafter, it shall be considered as void ab initio. The case management office shall refer the lawsuit after the lapse of the period referred to in this paragraph to the competent judge to issue a decision to this effect.

2- The Court shall issue a judgment of nonsuit if the plaintiff fails to attend any session and the defendant appears unless the latter requests the Court to issue its judgment in the case.

3- If the lawsuit is filed before the case management office, it shall be deemed nonsuited and void ab initio, by a decision issued by the Supervising Judge immediately after the passage of the period referred to in paragraph (1) of this article.

### Article 28

### Article 28 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The litigation shall be deemed in presence against the defendant if he appears in person or by his attorney before the case management office, or attends any sessions of the Court, or appears before the expert or arbitrator or submits a memorandum of his defence, even if he fails to attend thereafter.

2- Subject to the provisions of Article (35) hereof, the plaintiff may not raise at a session at which the defendant fails to appear, new demands nor may he modify his initial claims, unless the modification thereof is in favour of the defendant and does not prejudice any of his rights.

3- Likewise the defendant may not demand a ruling on any claim in the absence of the plaintiff.


## Article 29

Subject to the provision of clause (1) of Article (28) hereof, if the summoned defendant fails to appear, the Court shall adjudicate the case and its ruling shall be deemed in absence default towards those who failed to attend.


## Article 30

1- If the Court or the case management office finds, in the absence of the defendant, that he was not duly notified of the statement of claim, it shall postpone the hearing of the case to a following session so as to duly notify him thereof.

2- If the Court finds, in the absence of the plaintiff, that the latter was not duly notified of the session, it shall postpone the hearing of the case to a following session of which he shall be duly notified.


## Article 31

**Article 31 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The litigant notified of the lawsuit shall follow up any postponements, session dates and procedures related thereto, and the Court decisions issued by the Supervising Judge and the case management office, as the case may be, after the commencement of the litigation shall be deemed effective without the need for any notice, except for tendering the decisive oath or appeal of forgery.

2- If the date set for the trial session falls on a holiday for any reason whatsoever, the session shall be considered adjourned to the same day of the following week, without the need for any notice.


# Chapter 5

# Procedures of the Session

## Article 32

The pleading shall be proceeded at the first session, and if the plaintiff or the defendant submits at such session a document which he could have submitted in the date specified in clause (2) of Article (20) hereof, the Court shall accept it if this does not result in adjourning the hearing of the lawsuit. If accepting the documents results in the postponement of the hearing of the lawsuit, the Court shall, sua sponte or at the request of the litigants, rule to impose upon the person who caused the postponement a fine of not less than (2000) two thousand dirhams and not more than (5000) five thousand dirhams. However, each of the plaintiff or the defendant may submit documents to reply to the opponent's defence and incidental pleas.


## Article 33

**Article 33 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The Court or Supervising Judge shall impose upon the Court's employees or the litigants who fail to submit the relevant documents or to carry out any of the lawsuit's procedures on the date set by

Ex 1, P60

said Court or by the case management office, a fine of no less than 1,000 dirhams and no more than 10,000 dirhams, by virtue of a decision to be registered in the session's minutes. Said decision shall have the same executory force of the judgments and may not be appealed by any means whatsoever.

2- The Court or the Supervising Judge, as the case may be, may exempt the convicted person from all or part of the fine if he produces an acceptable excuse.

3- The Court may, if any of the litigants after being fined, refuses to submit the documents or carry out the required procedures, rule in the lawsuit according to its case.

### Article 34

The fine decision issued in accordance with the provisions of Articles 32 and 33 hereof may be enforced by the Court or the Supervising Judge, as the case may be, after notification of the convicted person thereof, if he is not present at the session. If this is not possible, enforcement shall be carried out in accordance with the coercive execution procedures provided for in this Regulation.

### Article 35

1- The Court may allow the litigants to submit new documents, defences or means of proof, or to modify their demands or submit incidental pleas which they were not able previously to submit before the case management office. The Court may reject the same if it finds that said documents could have been submitted to the case management office. The memoranda of the litigants shall be notified by depositing them with the case management office or by exchanging them, provided that the concerned litigant annotates the original copy to this effect, or by electronic means.

2- The Court may, sua sponte, inquire the litigants about any shortage in the lawsuit or documents thereof.

3- The Court may, upon setting a date for adjudication of the case, allow the litigants to exchange closing arguments on the dates specified thereby in accordance with the controls provided for in Article (49) of this Regulation.

### Article 36

The Court may propose conciliation to the litigants and may order for this purpose their presence in person. The conciliation shall be recorded and enforced in accordance with the procedures, rules and effects provided for in Article (41) hereof.

### Article 37

**Article 37 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

The Court may not postpone the hearing of the lawsuit more than once for a single reason attributed to one of the litigants except for an acceptable excuse after referral, such as one of the litigants' death or loss of eligibility, interference in the case by others, challenge of forgery or submitting evidence of a criminal lawsuit on the same subject matter or a request to one of the litigants to provide conciliation, provided that the postponement period does not exceed two weeks. It shall not be permitted to postpone the lawsuit more than (10) ten hearings regardless of the various reasons. In all events, the Court shall issue the judgment ending litigation within a period not exceeding (100) one hundred days from the date of the hearing of the first lawsuit before it.

## Chapter 6

## Order of the Session

### Article 38

Ex 1, P61

The pleading shall be held in public, unless the laws in force in the State provide otherwise, or the Court, sua sponte or at the request of one of the litigants, decides to hold it in camera in order to preserve public order or in deference to decency or the dignity of the family.

### Article 39

The Court may seek the assistance of a translator appointed or licensed by the Ministry of Justice or the competent authority, as well as the assistance of a translator of any other entity or any means of technology that is approved and available if it deems it necessary.

### Article 40

1- The litigants shall be called upon at the time set to hear the case.

2- The plaintiff shall have the right of pleading first, unless the defendant admits the matters given in the statement of claim and claims there are legal grounds or additional facts that refute the plaintiff's case, in which case the right of pleading first shall go to the defendant.

3- The party with the right of pleading first may present its case and submit corroborating evidence. The other party may afterwards present its defence and submit corroborating evidence.

4- The party who pleaded first may produce its evidence in refutation of the adversary's evidence.

5- The Court shall hear the pleading of the litigants and the defendant shall be the last to speak.

6- The Court may interrogate the litigants and hear the testimony of whoever it deems necessary to hear his testimony.

### Article 41

The litigants may request the Court, regardless of the status of the lawsuit , to record their agreement in the minutes of the sessions and sign the same in person or by their authorised agents, and if they have written whatever they agreed on, the written agreement shall be attached to the minutes of the session and its content shall be recorded therein. The minutes of the session shall have, in both cases, the power of the writ of execution and a copy thereof shall be delivered in accordance with the rules prescribed for the delivery of the copies of judgments.

### Article 42

1- Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the president of the session shall maintain the order of the session and undertake its management. For this purpose, he may expel from the session hall whoever violates its order. If he fails to comply, the Court shall immediately order to hold him in custody for 24 hours or to impose upon him a fine of not less than (1000) thousand dirhams and not more than (3000) three thousand dirhams. Its decision shall be final.

2- The Court may, before the end of the session, retract the order it has issued under clause (1) of this article.

### Article 43

The Court may, sua sponte, order deletion of expressions offending or contrary to the provisions of public order or morals from any pleadings or memoranda.

### Article 44

Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the president of the session shall order that a report be drafted on each offence that takes place during the course of the session and investigation procedures be undertaken as he deems appropriate, and refer the documents to the public prosecution so as to carry out the necessary actions, and if necessary, he may rule the arrest of the person who committed the offence.

Ex 1, P62

## Article 45

1- Subject to the provisions of Federal Law No. (23) of 1991 above-mentioned, the Court may try whoever commits, during the course of a session, a misdemeanour against its panel or any of its members or workers and shall immediately rule to impose upon him the penalty prescribed by law.

2- The Court may also order the arrest of whoever makes a false testimony at the session and his referral to the public prosecution.

3- Judgments rendered by the Court in cases referred to in clauses (1) and (2) of this article shall be effective even if an appeal is filed against them.

## Chapter 7

## Judgments

### Article 46

**Article 46 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Judgments are issued by federal Courts and enforced on behalf of the Head of State.

2- Judgments issued in commercial, civil, real estate and labour matters of all levels of litigation shall be published according to the controls and rules determined by the Minister of Justice or Head of the local judicial authority, as the case may be.

### Article 47

The Court may not, after setting a date for adjudication of the case or during the deliberation, hear a litigant or his representative, except in the presence of his opponent, nor may it accept documents or memoranda from a litigant without the other party being notified thereof, otherwise, the procedure shall be deemed null, unless an agreement on conciliation is signed by both parties and authenticated by a notary public.

### Article 48

**Article 48 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

Upon completion of the pleading, the Court shall adjudicate the case, or adjourn pronouncement of the judgment. It may not postpone the issuance of the judgment thereafter, except for one time under a grounded decision to be announced at the session and recorded in its minutes. The pronouncement of said decision shall be considered as a notification to the litigants of the new date. In either case, the postponement of the sentencing hearing may not exceed two weeks.

### Article 49

**Article 49 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

Subject to the provisions of Article 30 (bis) of the Law:

1- Deliberation in judgments shall be conducted behind closed doors among the judges, and only the judges who heard the pleading may participate therein.

2- The president of the Court shall collect all opinions starting with the most junior to the most senior judge, then he shall express his own opinion. Judgments shall be issued unanimously or by a majority of opinions. If the majority is not achieved and there is more than one opinion, the less numerous party or the party comprising the most junior judges shall join one of the two opinions expressed by the most numerous party, and that after retaking the opinions.

3- The judgment shall be issued by the judge or the chief judge of the circuit, as the case may be.

Ex 1, P63

4- A minutes of deposit of judgment shall be prepared on the date specified for issuance thereof stating the names of judges who attended such deposit, to be signed by the chief judge of the circuit or the judge, as the case may be.

## Article 50

**Article 50 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- In all cases, the judgments shall include the reasons on which they are based and shall be deposited, after being signed by the president and the judges whether electronically or in writing, in the case file.

2- In summary actions, if the judgment is rendered at the pleading session, it may be filed including its reasons within three days at the latest from the date of its issuance.

3- Violation of the provisions mentioned in clauses (1) and (2) of this article shall result in the nullity of the judgment.

## Article 51

**Article 51 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The judgment shall indicate the Court that issued it, the date and venue of its issuance, the type of case and the names of the judges who heard the pleading and issued the judgment, the opinion of the public prosecution, if present, the names of the litigants, their appearance or absence.

2- The judgment shall present an overview of the facts of the case, the litigants' demands, a brief summary of their meritorious defence and the opinion of the public prosecution, and then the grounds of the judgment and its enacting terms.

3- Shortages or deficiencies in the factual reasons of the judgment and serious error in the names of the litigants and their capacities and in the name the judges who delivered the ruling shall result in the nullity thereof.

4- Notwithstanding the provisions of clauses (2) and (3) of this article, judgments issued in partial proceedings shall only state the plaintiff's demands, a brief summary of the defendant's defence, the opinion of the public prosecution - in cases provided for in the Law - and the grounds of the judgment and its enacting terms, without this being regarded as shortage or deficiency in the factual reasons of the judgment, or entailing nullity of the judgment.

## Article 52

Article 52 was deleted by virtue of Article 2 of Cabinet Decision no. 33 dated 2020/04/30.

## Article 53

1- The copy of the judgment under which the execution is to be carried out, shall be stamped by the seal of the Court and signed by the competent officer after stamping it with the executory formula and shall be delivered only to the litigant who has an interest in the execution of the judgment, provided that the judgment is enforceable. The judgment may be stamped with the executory formula by electronic signature if obtained remotely.

2- A second executory copy may not be delivered to the same litigant, unless the first copy is lost or it was impossible to use it, by virtue of an order by the judge or the chief judge of the circuit, as the case may be.

3- A certified copy of the original copy of the judgment may be granted electronically or in writing to the concerned person who requests it to the exclusion of others, except under the permission of the judge or the chief judge of the circuit, as the case may be.

## Article 54

Ex 1,  P64

1- Notwithstanding the provisions of Articles (48) and (50) of this Regulation, the circuits provided for in Article (22) hereof shall adjudicate the lawsuits filed before them by a decision terminating the dispute and stating the grounds therefor, to be issued at the same session.

2- An appeal against the decisions referred to in clause (1) of this article may be filed before the competent court of appeal held at the Council Chamber, within fifteen days from the filing of the grounds and in accordance with the rules and procedures prescribed for filing an appeal against judgments, provided that an insurance of (1000) one thousand dirhams is collected for each appeal, and returned to the appellant upon acceptance of his appeal. The appellant must file a memorandum explaining the grounds for the appeal upon its registration in the case management office. Otherwise, the Court will rule the inadmissibility of the appeal. In all cases, the ruling issued on the appeal shall be final and may not be challenged by any means whatsoever.

# Chapter 8

## Expenses of the Lawsuit

### Article 55

1- Upon issuance of the judgment or decision terminating the litigation, the Court shall, sua sponte, adjudge the expenses of the lawsuit.

2- The expenses of the lawsuit shall be imposed upon the losing party, and the costs of the translation of the notice and the attorney fees shall be included in the expenses. In case of multiple losing parties, the expenses may be divided equally among them or in proportion to the interest of each one of them in the lawsuit, at the Court's discretion. Expenses shall not be imposed upon them jointly unless they are jointly liable for the original obligation. The attorney fees shall not increase depending on the number of the prevailing parties or convicted persons or attorneys.

3- The expenses of the joinder shall be imposed on the intervening party if he has separate claims and the Court has ruled to not accept his joinder or to reject his claims.

### Article 56

The Court may rule to impose upon the prevailing party to pay all or part of the expenses, if such party has caused the disbursement of unnecessary expenses or did not bring to the knowledge of his opponent the decisive documents in his possession, or the content thereof.

### Article 57

If both litigants fail in some requests, it is permissible for the Court to rule that each party bears the expenses he paid or that the expenses be divided between them as it determines in its judgment, and the Court may also rule to impose all the expenditures on either of them.

### Article 58

1- The Court may award compensation for expenses arising out of a vexatious lawsuit or defence.

2- Without prejudice to the provisions of Article (55) of this Regulation, the Court may, upon issuance the judgment, rule to impose a fine of not less than (1000) thousand dirhams, and not more than (10,000) ten thousand dirhams on the litigant who files a vexatious lawsuit, request, plea or defence.

# Book Two

## Judicial Orders

Ex 1,  P65

# Chapter 1

# Orders on Petition

### Article 59

1- In cases where the litigant wishes to obtain an order from the Court, he shall submit a petition to the competent judge or the chief judge of the circuit that hears the case wherein he requests the issuance thereof. Such petition shall be of two copies, unless it is electronically registered, and shall contain the facts and supporting documents of the request and the petitioner's domicile and workplace and the domicile elected for him in the State if he has no domicile or workplace therein. The supporting documents shall be attached to the petition.

2- The judge or the chief judge of the circuit, as the case may be, shall issue his order in writing on one of the copies of the petition or electronically, the day following its submission at the most. The reasons on which the order was based shall not be stated unless said order is contrary to an order previously issued, in which case the grounds for the new order shall be mentioned, otherwise, it shall be deemed null and void and. Such order shall be recorded in special minutes or in the minutes of the session.

3- The order shall be executed under a letter to be issued by the judge or the chief judge of the circuit, as the case may be, to the concerned authority. The petition shall be kept in the file without the need for a notice or an executory formula. If it is not possible to execute the order for a reason attributed to a private physical or juristic person, the judge or the chief judge of the circuit, as the case may be, may impose upon such person a file of not less than (1000) thousand dirhams and not more than (10,000) ten thousand dirhams for each day of delay in execution, under a grounded decision that may not be challenged by any of means of appeal. The judge or the chief judge of the circuit, as the case may be, may exempt the losing party from paying the fine in whole or in part, if said party provides an acceptable excuse after completion of execution.

4- The judgment imposing the fine may be executed in accordance with clause (3) of this article by the source thereof after notification of the convicted person.

5- The order on a petition shall lapse if it is not submitted for execution within fifteen days from the date of its issuance. Such lapse shall not prevent the issuance of a new order.

### Article 60

**Article 60 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The petitioner whose request has been rejected, the person against whom the order has been issued, and the concerned persons, shall have the right to file a grievance against said order before the competent Court or the judge who has issued it, as the case may be, unless the Law or this Regulation stipulates otherwise. Hearing the grievance shall not preclude the filing of the original case before the Court.

2- The grievance shall be grounded.

3- The grievance shall be filed independently or on the basis of the original lawsuit, pursuant to the procedures prescribed for filing incidental pleas.

4- The judgment issued on the grievance shall confirm, amend or cancel the order and the judgment may be subject to appeal only, unless the judgment in the grievance is rendered by the court of appeal.

### Article 61

1- Grievance filed against the order shall not entail the stay of execution thereof.

2- However, the Court or the judge may order a temporary stay of execution in accordance with the provisions of Article (84) hereof.

# Chapter 2

## Payment Orders

### Article 62

**Article 62 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

With the exception of the general rules of filing the lawsuit before the courts of first instance, the provisions stipulated in the following articles shall be applied if the creditor's right is confirmed - electronically or in writing - and is urgent, and the whole claim is a debt of a specified amount or a movable of a specified type and amount. Claiming the interests or taking any provisional measure shall not hinder any precautionary measure.

The provisions of the preceding paragraph shall be followed if the subject of the financial claim is the enforcement of a commercial contract or if the holder of the right is a creditor with a commercial paper.

### Article 63

**Article 63 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The creditor shall serve upon the debtor a notice to pay the amount due within a time-limit of five days at least, then he shall obtain a payment order from the judge of the Court in whose jurisdiction the debtor's domicile is located, the Court where the agreement was made or implemented in whole or in part, or the Court where the agreement shall be implemented. The amount of the right stated in the notice may not be less than that stated in the petition filed for the issuance of the payment order. The notice to pay shall be served by any means of notification specified in this Regulation.

2- The payment order shall be issued based on a petition, either electronically or in writing, as the case may be, to be filed by the creditor. The debt instrument and evidence of notice to pay shall be attached to the petition. The petition shall be kept at the case management office until the time-limit prescribed for appeal expires.

3- The petition shall contain the information to be included in the statement of claim provided for in Article (16) of this Regulation.

4- The order shall be issued within three days at most from the submission of the petition, indicating the amount or the movable ordered to be paid, as the case may be, and whether it was issued in a commercial matter.

5- The petition referred to in this article shall be deemed as having the same effects of filing the case as of the date of its submission, even if the Court is not competent.

### Article 64

**Article 64 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

The judge shall decide to accept or reject the petition in whole or in part. If he decides to reject it or not accept it, his decision shall be grounded.

### Article 65

**Article 65 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The debtor shall be notified of the order issued against him in accordance with the provisions and methods set forth in this Regulation.

2- The payment order issued against the debtor shall be considered void ab initio if it has not been notified to the debtor within three months from the date of issuing the order.

Ex 1, P67

## Article 66

**Article 66 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The litigants may file a grievance against the performance order if its value is within the limits of the final quorum of the Court of First Instance within (15) fifteen days from the date of the debtor's notification of the order and the date of issuance of the decision for the creditor. The grievance shall be settled before the competent performance order judge under the usual procedures for filing the lawsuit. Upon observation of the lawsuit, the rules and procedures followed before the Court shall be taken in consideration. The judge shall decide on the grievance definitively in the litigation not subject to appeal, of which the grounds shall be deposited in the same session.

2- Taking in consideration Clause (1) of this Article, the performance order whose value exceeds the final quorum of the Court of First Instance may be appealed within a period of (15) fifteen days, according to the procedures prescribed for the appeal of judgments.

3- The Court shall decide on the appeal in the Council Chamber without preparation by the case management within one week from the date of announcement of the statement of appeal. It may specify a hearing to study the matter if necessary and it shall not return the claim to the Court of First Instance.

4- The rules and procedures related to grievance of the performance order or the appeal thereof shall apply to the precautionary measures issued with the order.

## Article 67

The rules of provisional enforceability shall apply to the payment order in accordance with the provisions of the Law or this Regulation.

## Article 68

If the creditor, pursuant to the provision of Article (62) of this Regulation, wishes to law an attachment on the assets the debtor has in the hands of third parties, the usual seizure procedures shall be applied.

# Book Three

# Execution

# Chapter 1

# Execution Judge and Assistants Thereof

## Article 69

1- Execution shall be made under the supervision of the execution judge assigned at the seat of each court of first instance and shall be assisted by a sufficient number of execution officers, or private companies or offices.

2- The procedures prescribed to be followed before the Court of first instance shall be observed before the execution judge unless the provisions of the Law or this Regulation otherwise provide.

## Article 70

1- The execution judge shall have the sole competence to enforce the writ of execution and to summarily adjudicate all disputes of execution, and to issue judgments, decisions and orders related

Ex 1, P68

thereto.

2- The execution competence shall be conferred upon the execution judge in the Court that issued the writ of execution in the State.

3- If the execution relates to a procedure within the jurisdiction of another Court's circuit, the execution judge shall immediately initiate execution in such circuit and may assign the competent execution judge in whose circuit the action is required to be taken.

4- The (electronic or paper) assignment shall be carried out by sending all the supplies required for execution.

5- If the execution files between the same parties and heard before execution judges at various circuits are multiple, they may be joined together to be heard before the execution judge with whom first execution file was registered. Should the seizures be multiple through execution judges in different Court circuits, the execution judge who imposed the first seizure shall be competent to distribute the proceeds of sales among creditors.

6- If the action to be taken is to issue a detention order in accordance with the provisions of the debtor's imprisonment set out in the Law or this Regulation, and the debtor's domicile is located in the jurisdiction of a Court other than the Court before which the writ of execution was enforced, the competent execution judge shall initiate the detention procedures and shall refer the matter to the execution judge in whose jurisdiction the action is required to be taken so as to carry out the investigation and issue and execute the appropriate order.

## Article 71

### Article 71 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The assignment shall be sent by the competent execution judge to the execution judge in whose circuit the action is required to be taken, accompanied by all the legal documents required for its implementation.

2- The execution judge assigned shall take the necessary decisions to carry out the assignment and shall decide on the execution complications brought before him. Grievance or appeal against his decisions shall be filed before the competent Court as the case may be in accordance with the procedures and deadlines stipulated in Article (72) hereof.

3- The execution judge, who carried out the execution of the assignment, shall inform the execution judge of procedures carried out and shall transfer to him any objects or funds he has received as a result of the sale of the seizures.

4- If the execution judge assigned finds that there are legal impediments to the execution or if he is unable to execute for any other reason, he shall inform the competent execution judge thereof.

## Article 72

### Article 72 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1. Decisions of the execution judge may be subject to grievance in any of the following cases:

a- Arrangement of priority among the prevailing parties;

b- Postponement of the execution of the judgment for any reason;

c- Granting the debtor a time-limit to pay the amount for which settlement the execution has been ordered;

d- Acceptance or rejection of the guarantee;

e- Travel ban.

f- Arrest warrant.

The grievance shall be filed with the president of the Court or his authorised representative within seven days from the day following the date of its issuance, as regards the person in whose presence the procedure is issued, and from the date of his notification as regards the person in whose absence

Ex 1:  P69

the procedure is issued, by virtue of an application to be deposited in the same file of execution. The judge before whom the grievance against execution was filed, shall issue a decision to cancel or modify the grieved-against decision as he deems fit, without having to summon the litigants, unless he deems it necessary.

The decision issued in the grievance shall be final and may not be subject to appeal.

2- Decisions of the execution judge may be appealed directly before the competent court of appeal within (10) ten days from the date of issuance of the decision if in presence and from the date of its announcement if in absentia, in any of the following cases:

a- The competence or lack of competence of the execution judge to implement the writ of execution;

b- Where the funds seized are such funds that may or may not be seized or sold.

c- The participation of persons other than litigants in the seizure.

d- The decision to imprison the debtor, provided that the appellant presents a surety responsible for bringing the judgment debtor or paying the amount adjudged, and in case he is unable or fails to bring him before Court, the Court shall impose upon him to pay the amount of the guarantee and collect same in the manner under which judgments are executed.

3- In the cases referred to in clause (2) of this article, the court of appeal held at the Council Chamber may hear the appeal and order that the procedure, subject-matter of the appeal, be stayed temporarily pending the adjudication of the dispute, unless by its nature affects its full execution, in which case, it shall order the entire stay of execution.

### Article 73

The Minister of Justice and the presidents of the local judicial authorities, each within his competencies, shall issue the organisational decisions regarding the registration of the applications for execution and the preparation of their files.

### Article 74

In the event that a resistance or aggression takes place against the Executor, resulting in the interruption of the execution, he shall immediately notify the execution judge to take the precautionary measure as he deems appropriate, seek the assistance of the police officers and send the referral report to the public prosecution in order to take such action as it sees fit.

## Chapter 2

## Writ of Execution

### Article 75

1- Coercive execution may be carried out only under a writ of execution, in satisfaction of a right verified, liquid and of a specified amount.

2- Writs of execution are:

a- Judgments and orders, including penal judgments along with any refunds, compensation, fines and other civil rights contained therein.

b- Documents authenticated in accordance with the law on the authentication and documentation.

c- Minutes of the conciliation ratified by the Courts.

d- Other documents granted such capacity by the law.

3- The execution may not take place, in cases other than those exempted by law, except under a copy of the writ of execution stamped with the following executory formula: "The competent authorities and entities shall proceed with the execution of this writ and assist in its execution even coercively whenever requested to do so. "

Ex 1, P70

4- The writ of execution shall not be executed if abandoned for fifteen years from the date of the last executory transaction or left for the same period since its issuance without enforcement.

## Article 76

The Court, in summary actions or in cases where the delay is harmful, may order, upon the request of the concerned person, the execution of the judgment without notice and without stamping it with an executory formula.

# Chapter 3

# Provisional Enforceability

## Article 77

1- The judgments may not be enforced coercively insofar as the appeal against them is permitted unless provisional enforceability is provided for in the law or awarded.

2- In accordance with the provisions referred to in clause (1) of this article, precautionary measures may be taken in their regard.

## Article 78

1- Provisional enforceability is a duty under the law in any of the following cases:

a- The judgments issued in summary matters, regardless of the Court which issued them;

b- The judgments issued on expenses, the increase or reduction thereof, and fees.

c- The judgments issued on delivering, seeing, visiting or accompanying a minor.

d- Orders on petitions.

2- Judgments shall be provisionally enforceable without guarantee, unless the judgment or the order provides for the provision thereof.

## Article 79

The Court may issue, at the request of the concerned parties, a provisionally enforceable judgment with or without guarantee in any of the following cases:

1- Rulings rendered in respect of commercial matters.

2- If the convicted person admits the establishment of the obligation, even if he litigated in its scope or claimed its extinguishment.

3- If the judgment is rendered in implementation of a previous judgment acquiring the force of res judicata or declared as provisionally enforceable without guarantee or based on an official document not challenged for forgery or an unofficial document that was not denied where the convicted person was a litigant in the previous judgment or a party to the deed.

4- If the judgment is delivered in favour of the execution applicant in a dispute concerning him.

5- If the judgment imposes the payment of wages or salaries or compensation arising from an employment relationship.

6- If the judgment is rendered in a possessory action or imposes the eviction of the lessee whose lease contract has terminated or rescinded, or eviction of the occupant of a real estate without justification, where the plaintiff's right is not denied or is supported by an official document.

7- In any other case, if the delay in execution entails serious harm to the interests of the prevailing party, provided that such matter shall be sufficiently reflected in the judgment.

## Article 80

Ex 1, P71

1- Provisional enforceability - by force of law or Court order - extends also to the attachments of the original application and to the expenses of the proceedings.

2- It shall not be permissible to agree on the provisional enforceability of the judgment before its issuance in any case other than its case.

### Article 81

In cases where the judgment or order may be executed only with a guarantee, the person bound thereby shall have the choice either to present a solvent surety or deposit at the Court's treasury sufficient currencies or securities, or accept to deposit at the Court's treasury proceeds collected from the execution, or deliver the thing ordered to be delivered in the decision or the order to an honest judicial receiver.

### Article 82

1- The person bound by the guarantee shall declare his choice either through the Executor in a separate paper or in the notice of the writ of execution.

2- In all cases, the choice shall include appointing an elected domicile in the State for the execution applicant if he has no domicile or workplace wherein to notify him of the documents relating to the dispute on the guarantee.

3- Within three days after the announcement of the choice, the person concerned may file before the execution judge a grievance against the solvency of the surety or the honesty of judicial receiver or the adequacy of the things deposited. The decision rendered in the grievance shall be final.

4- If the grievance is not filed within the time-limit prescribed therefor or is filed then rejected, the execution judge shall impose on the surety to undertake to pay the guarantee or the judicial receiver to accept receivership. The minutes containing the surety's undertaking or the judicial receiver's consent shall be deemed a writ of execution towards him in respect of the obligations resulting from the surety's undertaking or the judicial receiver's acceptance.

### Article 83

1- The grievance against the description of the judgment issuance may be filed before the court of appeal by means of the usual procedures. The court of appeal held at the Council Chamber shall hear the grievance.

2- The grievance referred to in clause (1) of this article may be heard in the session - even after the time-limit for filing the appeal - during the hearing of the appeal lodged against the judgment.

3- The grievance shall be determined independently from the merits.

### Article 84

1- In all cases, the Court before which the appeal or grievance is filed may, upon the request of the person concerned, order a stay of execution where there is a fear that a serious harm would result from the execution.

2- The Court, when ordering a stay of execution, shall impose the provision of a guarantee or order what it deems fit to secure the right of the prevailing party.

## Chapter 4

## Execution of Foreign Judgments, Orders and Bonds

### Article 85

Ex 1, P72

1- Judgments and orders delivered by a foreign country may be ordered to be executed in the State under the same conditions as prescribed in the law of that country for the execution of judgments and orders issued in the State.

2- The application for execution, including the particulars specified in Article (16) of this Regulation shall be made on a petition and submitted by the person concerned to the execution judge. The judge shall issue his order within three days from the date of its submission. His order may be appealed in accordance with the rules and procedures prescribed for filing an appeal. It shall not be possible to order the execution before the verification of the following:

a- The Courts of the State are not exclusively competent in the dispute in which the judgment or order was rendered and the foreign Courts that issued it are competent in accordance with the rules of international jurisdiction established by their law.

b- The judgment or order is delivered by a Court in accordance with the law of the country in which it was issued and duly ratified.

c- The litigants in the case in which the foreign judgment was delivered were summoned and were duly represented.

d- The judgment or order has the force of res judicata in accordance with the law of the Court which issued it, provided that the judgment has acquired the force of res judicata or provided for in the same judgment.

e- The judgment does not conflict with a judgment or order rendered by a Court of the State and does not contain anything contrary to public order or morals.

3- The execution judge shall have the right to obtain the documents supporting the application before issuing his decision.

## Article 86

The provisions of Article (85) of this Regulation shall apply to arbitrators' awards issued in a foreign country. The arbitrators' award shall be issued in a matter in respect of which arbitration is permissible pursuant to the law of the State and enforceable in the country in which it was issued.

## Article 87

1- The authenticated documents and the minutes of conciliation ratified by the Courts in a foreign country may be ordered to be executed in the State under the same conditions prescribed in the law of that country for the enforcement of the judgments rendered in the State.

2- The execution order referred to in clause (1) of this article shall be made on a petition to be submitted to the execution judge under the same procedures and conditions stipulated in clause (2) of Article (85) of this Regulation. The execution order may only be carried out after verifying that the conditions required for the enforceability of the document or the minutes are fulfilled in accordance with the law of the country in which it has been authenticated or ratified and that it does not breach the public order or morals in the State.

## Article 88

The rules provided for in this chapter shall not prejudice the provisions of treaties and agreements between the State and other States concerning the enforcement of foreign judgments, orders and bonds.

## Chapter 5

## Enforcement of Writs of Execution and Decisions on Personal Status Matters

## Article 89

Ex 1, P73

Notwithstanding the provisions of Article (69) of this Regulation, the judgments and decisions on personal status shall be enforced under the supervision of a competent judge assigned at the seat of each Court and assisted by a sufficient number of executors and social workers.

The provisions and procedures of execution contained herein shall apply regarding what is not provided for in this chapter.

### Article 90

The personal status execution judge shall be the sole competent to enforce writs of execution and decisions on personal status provisions, adjudicate all disputes of execution and objections thereto, and issue travel ban orders, provided that the customs and traditions prevailing in the State are observed.

### Article 91

The personal status execution judge may, when necessary, seek the assistance of a person of expertise and specialisation in matters of personal status.

### Article 92

The personal status judge may propose the conciliation to the parties to the execution. He may ratify the conciliation minutes concluded between the parties as to the method of enforcement of the writ of execution, even if such conciliation contravenes the writ of execution or the decision executed thereunder, provided that the interests of the children are not prejudiced.

### Article 93

Execution sessions in matters of personal status shall not be held in public, and decisions of execution shall be issued without the need to hold a session therefor, unless the personal status execution judge decides otherwise.

### Article 94

1- The personal status execution judge may amend the dates, places of sight, visitation and accompaniment provided in the writ of execution whenever necessary and in the interest of the children, and his decision in this regard shall be subject to grievance in accordance with the procedures and controls mentioned in clause (1) of Article (72).

2- The personal status execution judge may grant the debtor a grace period of not more than one month, or the payment of the amount in satisfaction of which the execution is carried out in appropriate instalments with guarantees or precautionary measures estimated by the judge and provided that the interests of the children are not prejudiced.

### Article 95

The writs of execution and decisions relating to personal status matters shall be enforced seven days after the date of the notification of the writ.

### Article 96

**Article 96 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Judgments delivered by the personal status execution judge in substantive execution disputes shall be subject to appeal within fifteen days from the date of their issuance.

2- If the execution applicant or the judgment debtor possesses files relating to personal status matters between them in other Courts' circuits, said files may be joined together to be heard by the execution judge with whom the first execution file is registered, unless the parties agree otherwise.

# Chapter 6

# Execution Procedures

### Article 97

1- The execution shall be preceded by the service of the writ of execution in accordance with the procedures prescribed in this Regulation.

2- The service paper shall state the matter required and the notice to pay the debt served upon the debtor within fifteen days from the date of his notification, and the election of domicile for the execution applicant in the Court's jurisdiction wherein the execution takes place if his original home or work place or his elected domicile is not located therein.

3- If the writ of execution is issued based on a contract to open a letter of credit, it shall be notified together with an extract of the debtor's account as per the creditor's current ledgers.

4- In the event of execution by the evacuation of a property or by the delivery of a movable or real estate, the notice of the writ of execution shall adequately specify such funds.

5- If the writ of execution includes a date for evacuation or delivery, the notice shall mention such date.

### Article 98

**Article 98 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Notwithstanding the provisions of Article (97) of this Regulation, without prejudice to the rules of provisional seizure of movable property, seizure of the funds the debtor has with third parties and the provisions of any other legislation, the execution judge may order the provisional seizure of the debtor's funds in accordance with the rules and procedures prescribed in this Regulation prior to his notification of the writ of execution, if he finds evidence indicating that the debtor seeks to smuggle his money from the credit information report or from the case presumption or that the creditor hast lost the general guarantee.

2- The execution judge may order to inquire about the debtor's funds prior to his notification of the writ of execution.

3- The execution judge may prevent the execution debtor from traveling before announcement of the writ if he finds something indicating that the debtor is seeking to leave the State.

### Article 99

1- If the debtor proposes to the Executor at the time of notification of the writ of execution or in any of the procedures' cases, the payment or delivery of the sum, subject-matter of the execution, in whole or in part, the Executor shall record the same in the minutes and request the debtor to deposit the sum proposed at the Court's treasury in favour of the execution applicant. Said deposit or delivery shall be carried out on the same day or on the following day at most.

2- If the thing proposed is part of the debt, the Executor shall continue to execute against the remainder.

### Article 100

The Executor shall not break open doors or open locks by force to carry out the execution except with the approval of the execution judge, and in the presence of a police officer whose presence shall be recorded in the execution minutes, otherwise it shall be deemed null.

### Article 101

Ex 1, P75

1- If the debtor dies or loses his capacity or if the capacity of the person who initiates the proceedings on his behalf prior to the commencement of the execution or prior to its completion ceases to exist, it shall not be permissible to execute or continue to execute against his heirs, whose names and capacities are mentioned in the legacy notification or whoever represents them, unless after the lapse of seven days from their notification of the writ of execution.

2- If the creditor dies or loses his capacity or if the capacity of the person who initiates the proceedings on his behalf after to the commencement of the execution ceases to exist, the execution procedures and all the deadlines in force against him shall be stayed until they are expedited by one of the parties to the execution.

3- Before the expiry of three months from the date of death, the notice referred to in clauses (1) and (2) of this article may be served upon all the heirs in the last domicile where their legator resided without stating their names and capacities. After this period, the notice shall mention their names and capacities.

### Article 102

The third party may not pay the amount required under the writ of execution nor may he be forced to settle it until after the debtor has been notified of the intention to carry out such execution at least seven days before the date scheduled therefor.

## Chapter 7

## Objections to Execution

### Article 103

1- If at the time of execution, an objection requiring a provisional procedure is filed, the Executor agent or the execution debtor shall present said objection to the execution judge so as to decide to stay the execution or proceed therewith.

2- In all cases, the Executor may not proceed with the execution before the judge issues his decision. Grievance against this decision shall be filed in accordance with clause (1) of Article (72) of this Regulation.

3- The execution judge may refuse to issue the decision referred to in clause (1) of this article and shall set a session by the usual procedures for filing the lawsuit if he finds that the objection is considered as a substantive execution dispute, while proceeding with the execution, unless the Court hearing the dispute rules the stay of execution.

4- If the objection is filed under a lawsuit relating to the ownership of a real estate in the usual procedure for filing a lawsuit before the competent Court, this shall result in the stay of execution unless otherwise ordered by the Court.

5- The filing of any other objection shall not result in the stay of execution, unless the execution judge decides its stay. The provisions of this clause shall be also applied on objections filed after any substantive execution dispute staying the execution.

### Article 104

The real offer shall not result in the stay of the execution if the offer is subject to a dispute, and the execution judge may order the execution to be stayed temporarily and the thing offered, or a larger amount thereof be deposited.

### Article 105

**Article 105 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

If the execution judge declares the registration of execution dispute, he shall obtain from the objector a guarantee of AED (5,000) five thousand to be retuned in case of acceptance of the objection, and shall be confiscated by force of law in case of loss.

In all events, dispute shall not be accepted if not accompanied by a proof of deposit of guarantee.

# Chapter 8

## Attachments

## Section 1

## General Provisions

### Article 106

Without prejudice to any provision of any other legislation, the following may not be placed under attachment:

1- Public funds of the State or of one of its emirates, in addition the funds of the Waqf.

2 - The property considered as a residence of the debtor or the convicted person and, in case of his death, of those of his relatives residing therewith him and for whom he legally provides, unless the property or joint property therein is mortgaged and the debt has arisen from its price, in which case it may be seized to repay the debt.

3- Clothes, furniture and kitchenware needed by the debtor and his family, and food and fuel needed thereby for a period of six months.

4- The land or agriculture equipment owed by the farmer or the fisherman in proportion to what is needed for his living and the living of those for whom he provides.

5- Funds gifted or inherited to be, themselves or their revenue, an alimony, or a temporary or a life-time salary, and the amounts adjudged by the Court and prescribed or allocated temporarily for the alimony or disbursement therefrom in a certain purpose, to the extent of one quarter to settle the debt of a prescribed alimony.

6- Funds gifted or inherited, provided that they may not be seized and that if the judgment creditor is one of the creditors of the grantee or the legatee whose debt has arisen before the gift or the will, except for a debt of a prescribed alimony and to the extent of one quarter.

7- Books, tools and means needed by the debtor to practice his profession or craft by himself, unless the attachment is imposed to collect their price or their maintenance expenses or a prescribed alimony.

8- The movable considered as a fixture, if its attachment is independent from the real estate allocated for its service, unless its attachment is to collect its price or its maintenance expenses.

9- Wages and salaries with the employer even if transferred to a bank account to the extent of on quarter of the wage or gross fixed salary, and upon competition, the debt of alimony shall have the priority.

10- Funds of foreign embassies and diplomatic bodies enjoying diplomatic immunity under the condition of reciprocity.

### Article 107

If the attachment is not completed in one day, it may be completed within one consecutive day or consecutive days. The Executor shall take the necessary measures to preserve the things required to be attached until completion of the minutes. The minutes shall be signed whenever the attachment procedures are suspended.

Ex 1, P77

However, if necessary, the Executor shall continue to carry out the attachment procedures after the dates specified in Article (4) of this Regulation or on public holidays, and he may complete them without the need to obtain a permission from the execution judge.

### Article 108

It shall be possible, in any of the procedures' cases, before the auction knock-down, to deposit an amount of money equal to the debts, subject-matter of the execution, and to the expenditures, at the Court's treasury.

Such deposit shall result in the extinguishment of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 109

The distrainee may request from the execution judge, in any of the procedure's cases, the estimation of a sum of money or its equivalent to deposit it at the Court's treasury as a payment guarantee to the judgment creditor. Such deposit shall result in the extinguishment of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 110

The attachment shall be imposed to the extent of the debt claimed. If the value of the right in satisfaction of which the attachment is imposed is not proportional to the value of the attached properties, the debtor may request the competent judge to limit the attachment to some of those properties.

## Section 2

## Provisional Seizure

### Article 111

Without prejudice to the provisions of any other legislation, the creditor may request the Court hearing the case or the magistrate of summary justice, as the case may be, to impose the provisional seizure on the property and the assets of his opponent in any of the following cases:

1- Each case wherein he fears from losing the guarantee of his right, in any of the following cases:

a- If the debtor does not have a stable residence in the State.

b- If the creditor fears on the basis of serious evidence that the debtor flees or smuggles or conceals his funds.

c- If the debt securities are at risk of being lost.

2- In favour of the lessor against each of the lessee or the sub-tenant, on the movables, fruits and proceeds existing in the leased premises as a guarantee for the preferential right legally prescribed for the lessor. Such seizure may be imposed in favour of the lessor where the movables, fruits and proceeds were moved without his knowledge, unless thirty days have lapsed from the date of their movement, or unless amounts of money sufficient to guarantee the preferential right prescribed for him remained in the leased premises.

3- If the creditor holds an official document or an ordinary document for a debt payable and not subject to a condition or where he possesses a non-enforceable judgment if the debt established therein is of a specified amount.

4- In favour of the employee where it is impossible to settle his dues as determined by the law governing the relationship between them, in order to secure payment of his dues after being temporarily evaluated by the competent administrative authority.

Ex 1, P78

5- In all cases, the Court may, before accepting the application for seizure, request any statements, evidence or affidavits, conduct a brief investigation or the necessary investigations with the assistance of the competent administrative authorities when it deems it necessary.

## Article 112

The owner of a movable property and whoever has a real right therein or a right to withhold the same, may request the imposition of provisional seizure thereon with the party in whose hands it is available, and that under a petition containing sufficient details on the movable required to be seized.

## Article 113

1- If the debtor does not hold any writ of execution or if his debt is not of a specified amount, the magistrate of summary justice may order the imposition of provisional seizure and temporarily estimate the debt of the judgment creditor based on a grounded petition submitted by the seizure applicant. Prior to issuing the order, the judge may carry out a brief investigation should he deem that the documents supporting the application are insufficient.

2- In the case of seizure of a property, an official copy of the title deed of the property required to be seized shall be submitted together with the petition.

3- If the lawsuit was previously filed the competent Court, the seizure order referred to in clause (1) of this article may be requested by the Court hearing the case.

## Article 114

### Article 114 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- The rules and procedures provided for in Articles (112) and (113) of this Regulation, except for the provisions relating to the appointment of the sale date, shall be followed in the provisional seizure of movables, unless the movables are subject to damage, in which case the provisions of clause (2) of Article (137) hereof shall be observed. The rules and procedures stipulated in Articles (149) to (169) hereof, except for the provisions relating to the submission of the writ of execution and the procedures for auction sale shall be followed in the provisional seizure of real estate.

2- The judgment creditor shall, within eight days at most from the date of issuance of the seizure order, file before the competent Court the action for the establishment of the right, in cases where the seizure is ordered by the magistrate of summary justice, otherwise, the seizure shall be deemed void ab initio.

3- The person whose request was rejected, the distrainee and concerned persons may file a grievance against the seizure order before the magistrate of summary justice or the competent Court, as the case may be, whether the grievance relates to the subject or dates of the seizure. The judge shall rule to reject the grievance or consider it void ab initio or limit the seizure if the distrainee so requests in his grievance. In all cases, the seizure shall be terminated if a final judgment dismisses the action for the establishment of the right.

4- If a judgment rejects the grievance and it was enforceable or has become enforceable, the procedures prescribed for sale in Articles (128) to (146) and (149) to (169) of this Regulation, as the case may be, shall be followed or the execution shall be carried out through the delivery of the movable in the case mentioned in Article (112) hereof.

## Article 115

1- If the lessor of the real estate imposes the seizure on the movables of the subtenant in accordance with clause (2) of Article (111) hereof, the procedures shall be directed to both the principal lessee and the subtenant.

2- The subtenant's notification of the seizure shall also be considered also as a seizure of the rent in his hands.

Ex 1, P79

3- If the principal lessee is not prohibited from subletting, the sub-tenant may request to discharge the seizure imposed on his movables while the rent in his hands remains seized.

## Section 3

## Seizure of the Debtor's Property in the Hands of a Third Party

### Article 116

1- Each creditor may request from the competent Court or from the magistrate of summary justice to impose the seizure on movables or debts which his debtor has in the hands of a third party, even if they are deferred or subject to a condition or disputed.

2- If the seizure is not levied on a movable or on a debt per se, it shall include all the distrainee's movables in the hands of the garnishee and the debts accrued until the date of filing the statement on the properties held thereby.

3- The seizure of the properties that the debtor has in the hands of third parties shall be imposed on the debtor's movables in the possession of his legal representative.

### Article 117

The seizure shall take place - with no need for a prior notification to the debtor- by virtue of an order issued by the judge. The order shall be notified to the garnishee with the knowledge of the executor, and it shall include the following data:

1- A statement of the principal sum for satisfaction which the seizure has been levied in addition to the expenditures.

2- A determination of the seized thing not open to ambiguity and ignorance, if the seizure involves a specific property and the garnishee fails to pay or deliver the property owed to the distrainee.

3- The number of the lawsuit or the seizure application, the name of the judgment creditor, his domicile and workplace in the State. Should he have no domicile or workplace in the State, he shall elect a domicile within the jurisdiction of the Court wherein execution is taking place.

4- The request made to the garnishee to file a statement on the properties held thereby and a statement from the Court that levied the seizure, within seven days from the date on which the seizure notice is served.

### Article 118

If the order does not include the data mentioned in clauses (1) and (2) of Article (117) hereof, the seizure shall be deemed null and void. Any interested party may uphold this nullity.

### Article 119

1- The payment by the garnishee shall be made by depositing the debt at the Court's treasury, and if the subject of seizure is a movable impossible to be deposited thereat, it shall be possible to deliver the same to a judicial receiver to be appointed by the authority that ordered the seizure under a request submitted thereto by the garnishee or the distrainee.

2- The deposit shall be accompanied by a statement signed by the garnishee as regards seizures levied on funds in his hands, their notification dates, the names of the judgment creditors and the distrainees, their capacity and addresses, the documents under which the seizures have been imposed and the sum of money for satisfaction which the seizure has been imposed.

3- The authority ordering the seizure shall immediately inform the judgment creditor and the distrainee of the deposit or the placement of the movables in a judicial receiver's hand.

4- The deposit or the placement of the movables under the receivership shall dispense of filing the statement on the properties held if the money or the movable is sufficient for the payment of the

Ex 1, P80

judgment creditor's debt.

5- If a new seizure is levied on the amount deposited or the movables placed under the receivership and any of them has become insufficient, any of the judgment creditors may request the garnishee to file the statement on the properties held thereby within seven days from the day of his request.

### Article 120

1- If the deposit does not take place according to Article (119) or Articles (108) and (109), the garnishee shall file the statement on the properties held thereby before the authority ordering the seizure within seven days from his notification of the seizure, and he shall mention therein the debt's amount, reason therefor and the reasons of its extinction, if any, and if the garnishee has movables in his hands, he shall attach a detailed list thereof to the statement on the properties held thereby.

2- If the seizure is levied on funds in the hands of the government, or a public association or institution or a bank, the statement on the properties held thereby shall be filed through a letter including the details thereof, sent by the garnishee to the authority that ordered the seizure in the date mentioned above.

3- The garnishee shall not be exempt from filing the statement on the properties held thereby if he was not indebted to the distrainee, then it shall be permissible to file such statement by virtue of a statement to be submitted by the authority that ordered the seizure. Moreover, the professional confidentiality shall not exempt him from filing the statement on the properties held thereby.

### Article 121

If the garnishee dies or loses his capacity or if his representative loses his capacity, the judgment creditor may notify the heirs of the garnishee, or his representative, with a copy of the seizure notice and he shall request them to file the statement on the properties held thereby within seven days from such request.

### Article 122

The dispute on the statement on the properties held and filed by the garnishee shall be brought before the Court hearing the seizure lawsuit at any stage of the case.

### Article 123

1- If the garnishee fails to duly file the statement on the properties held thereby or files an adequate or false statement, or conceals documents to be deposited in order to confirm the statement, it shall be possible to impose upon him, in favour of the creditor who has obtained a writ of execution to collect his debt, the sum for which satisfaction the seizure has been levied, through a lawsuit filed with the usual procedures.

2- The execution of the decision delivered against the garnishee shall be considered a payment to the judgment creditor's right towards the distrainee, without prejudice to the garnishee's right of recourse against the distrainee as to the amount he paid to the judgment creditor.

3- The decision shall not be rendered if the garnishee has redressed the reason for which the lawsuit has been filed until the closure of the pleading even before the court of appeal.

4- The garnishee shall, in all cases, bear the lawsuit expenses and the compensations for his failure or default.

### Article 124

Should the right of the judgment creditor be proven by virtue of a writ of execution, he shall be entitled, immediately upon filing the statement on the properties held thereby, to request the execution judge - the issuance of an order against the garnishee to pay to the judgment creditor the sum acknowledged thereby or the sum paid therefrom to the judgment creditor, provided that procedures set in Article (102) hereof are observed.

Ex 1, P81

### Article 125

If the payment is not made according to the Article (124) of this Regulation nor deposited according to Articles (108), (109) and (119) hereof, the judgment creditor may execute against the funds of the garnishee on the basis of a writ of execution attached to an official copy of the garnishee's statement on the properties held thereby, without prejudice to the provisions of Article (97) hereof.

### Article 126

If the seizure is imposed on movables sold through the procedures prescribed for selling the movable seized in the hands of the debtor, and if the seized property is not a payable debt, it shall be sold through the procedures stipulated in Article (148) hereof.

### Article 127

1- The creditor may impose seizure of his debts to the debtor under an order issued by the competent judge to be notified to the debtor including the information to be mentioned in the seizure notice.

2- If the judgment creditor does not hold a writ of execution or a judgment, the procedures and deadlines stipulated in clauses (2, 3, 4 and 5) of Article (114) of this Regulation shall be followed.

## Section 4

## Seizure of the Movables with the Debtor

### Article 128

1- Taking into consideration the provisions of Article (100) hereof, the seizure shall be proceeded on the basis of written or electronic minutes as the case may be, drafted at the place of its signature, and including, in addition to the data required to be mentioned in the notice, the following:

a- The writ of execution.

b- The judgment creditor's residence or workplace in the State; if he does not have a residence or a workplace in the State, he shall elect a domicile within the jurisdiction of the Court in which the execution shall be proceeded.

c- The seizure place, the procedures which the Executor has undertaken, the obstacles and objections he has faced during the seizure and the measures he has taken to this effect.

d- The things seized in detail, their type, description, amount, weight or dimensions and a statement of their approximate value.

2- The Executor and the debtor, if present, shall sign the seizure minutes, and in case of his abstention to sign, the Executor shall record that in the seizure minutes. The mere signature of the debtor shall not be considered an approval on the decision.

3- The seizure shall not require moving the seized things from their places except by virtue of the order of the execution judge.

4- The things shall become seizure by merely mentioning them in the seizure minutes, even if a judicial receiver has not been appointed therefor.

5- If the seizure takes place in the presence of the debtor or in his residence or workplace, a copy of the minutes shall be delivered to him or to whoever receives it on his behalf; however, if the seizure takes place in his absence or in a place other than his residence or workplace, he shall be notified with the minutes in the manner prescribed in Article (6) hereof, within, at most seven days following the seizure.

### Article 129

1- If the seizure is levied on jewelleries or bars of gold or silver or other precious metal or precious stones, they shall be weighed and described accurately in the seizure minutes, and such items shall be evaluated by an expert assigned by the execution judge at the request of the execution applicant.

2- It shall be possible, in the same way, to valuate the other artistic and precious items at the request of the judgment creditor or distrainee, and in all cases, the expert's report shall be attached to the seizure minutes.

3- If there is need to move these items in order to weigh or assess them, they shall be placed in a sealed shelter and this shall be mentioned in the minutes with the description of the seals and they shall be deposited at the Court's treasury.

4- If the seizure is imposed on money or currencies, the Executor shall mention their description and amount in the minutes and deposit them at the Court's treasury.

### Article 130

1- The Executor shall appoint a judicial receiver for the seized items, and he shall elect a solvent person as a receiver if the judgment creditor or the distrainee does not appear, and the distrainee shall be appointed, if he request so, except in fear of squandering based on valid reasons to be stated in the minutes, in such case, the opinion of the garnishee shall be taken on said reasons and they shall be presented immediately to the execution judge to take his decision thereon.

2- If the Executor does not find at the seizure place someone to accept the receivership and the debtor was present, he shall appoint him for the receivership and his refusal thereof shall not be irrelevant, however, if the debtor is not present, the receiver shall take all the possible precautions to preserve the seized items and refer that matter immediately before the execution judge to order either to move or deposit them with a trustee who accepts the receivership and elected by the judgment creditor or the Executor or to assign temporarily the police for the receivership.

### Article 131

1- If the receiver is present at the time of the seizure, the seized items shall be delivered to him at the place where the seizure is effected, after signing the seizure minutes and being handed a copy thereof, and if he is absent or has been assigned thereafter, the seized items shall be counted and delivered to him after signing the inventory minutes and being handed a copy thereof.

2- If the receiver abstains from signing the seizure or the inventory minutes or refuses to receive a copy thereof, the Executor shall appoint another receiver, otherwise he shall forthwith refer the matter to the execution judge to decide such action as he deems appropriate.

### Article 132

The receiver, other than the debtor or the possessor, shall be entitled to a remuneration for his receivership and such remuneration shall de regarded judicial expenses on the movables seized. The receiver's remuneration shall be estimated by an order issued by the execution judge based upon a petition submitted thereto.

### Article 133

1- The receiver shall not be allowed to use the seized items, nor exploit, lend, nor expose them to damage, otherwise he shall be denied the receivership and liable for compensation; however, if he was the owner or a usufructuary thereof, he may use them for the purpose allocated thereto.

2- If the seizure is levied on livestock, bids, tools, or equipment needed for the management or exploitation of a land, factory, workshop, association or the like, the execution judge may, based on a petition submitted to him by one of the concerned parties, order the receiver with the management or exploitation if he is competent therefor or replace him with another receiver.

### Article 134

1- The receiver may not request his exemption from receivership before the day appointed for the sale except for reasons necessitating that, and his exemption shall be under an order on a petition issued by the execution judge.

2- When the new receiver assumes his task, the Executor shall count the seized items. He shall draft a report thereof to be signed by the receiver and a copy thereof shall be delivered to him.

## Article 135

1- If the Executor moves to seize movables which were previously seized with the debtor, the receiver shall show him the copy of the seizure minutes and submit the seized items. The Executor shall count them in a report and seize items not previously seized. Also, he shall appoint the first receiver a receiver thereon, if there are at the same place.

2- Such report shall be notified, within three days at most, to the first judgment creditor, the debtor and the receiver if he was not present, and it shall also be notified to the authority which has ordered the first seizure.

3- Such notification shall result in the continuation of the seizure for the benefit of the second judgment creditor even if the first judgment creditor has waived it, and it shall be considered as a seizure of the proceeds of the sale in the hands of the Executor.

4- If the first seizure imposed on the movables is void, such invalidity shall not affect the subsequent seizures if they were valid.

## Article 136

1- Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the funds seized for a buyer and attach the price of the sale to the application and the buyer's consent. This shall be presented to the judgment creditor within seven days from the date of the application, if he does not object thereto within seven days from the date of his notification or upon his consent, the sale shall be made, and the price shall be deposited at the Court's treasury in favour of the creditor. In the case of multiple creditors, the approval of the majority of the holders of privileged debts and the holders of registered rights shall be as per the order of their degrees set forth in the Law or this Regulation.

2- Subject to the provisions of Article (140) of this Regulation, in the event that it is not possible to obtain the approval or rejection of the judgment creditor, the date of sale, its time and place shall be determined by the execution judge. The Executor shall then immediately post the same on the door of the place where the seized items are stored, as well as the bulletin board prepared for that purpose in the Court.

3- The execution judge may order announcement thereof in one of the daily newspapers issued in the State in Arabic or in foreign languages when necessary or by other technical means and media.

## Article 137

1- The sale shall be carried out in the place where the seized items are stored or in the place designated by the execution judge for the sale of the seizures unless otherwise required by the interest. The sale shall take place after at least three days from the date of completion of the posting or publication procedures. Whoever wishes to inspect the seizure in the mentioned period shall be permitted to do so.

2- However, if the seized items are subject to damage or price fluctuation, the execution judge may order the sale at the place he deems fit and from one hour to another, as the case may be, at the request of the receiver or a person concerned or the Executor.

3- If the creditor does not sell the seized items within thirty days from the date of the seizure, unless there are legal impediments, the execution judge may initiate the sale or lift the seizure, as the case may be, and deduct the expenses from the sale proceeds.

## Article 138

If the sale does not take place on the day specified in the seizure minutes, another day shall be set and notified to the receiver and the concerned party, and the posting and the publication shall be redone in the manner indicated in the articles of this chapter, with the possibility to reduce the valuation 5% for five times and then sell them at a price estimated by the execution judge.

## Article 139

1- The sale shall be carried out by public auction under the supervision of the execution judge by calling upon the executor, provided that the price is paid immediately. The judge may grant him a period of not more than five days. The Executor shall not start the sale until after the inventory of the seized items has been made and recorded in the sale minutes. He shall prove therein the procedures of the sale, the objections made thereto, the obstacles he has faced, and the actions he took in this respect. Also, the presence or absence of the judgment creditor and the garnishee shall be proved as well as his signature if he is present or refusal to sign.

2- The Executor shall record in the minutes the names of the bidders and their respective domiciles, workplace or e-mail, as the case may be, in addition to the prices offered and their signatures. The minutes shall include in particular the price paid at the auction knock-down, the name, domicile, workplace and signature of the successful bidder.

3- For the purpose of announcing the continuation or deferral of the sale, it shall be sufficient that the Executor mentions same in public and record it in the sale minutes.

4- The remote communication technology provided for in the Law may be used in any of the auction procedures mentioned in this article and Articles (140) to (142) of this Regulation.

## Article 140

If no one appears to purchase the jewelleries, or bars of gold or silver, jewels, gems or the precious stones and the items estimated at their values according to the experts' valuation, and the creditor does not accept the settlement of his debt in rem at that value, their sale date shall be extended to the following day, if it is not a holiday, or to the first working day after the holiday, and if no purchaser has offered the value estimated, the sale shall be postponed to another day and the posting and publication shall be remade as mentioned in the preceding articles, then the Executor shall present the matter to the competent judge to order that the auction be knocked down at the price which he finds appropriate even if on another date.

## Article 141

If the successful bidder does not pay the price immediately, the judge may grant him five days to pay. After the expiry of the said period without paying, he shall resell on his responsibility in the manner mentioned, at any price, and pay the price difference, and the expenses and fees of the resale. The sale minutes shall be regarded as a writ of execution towards him as regards the price difference.

He shall not be entitled to any increase in the price, but such increase shall be the right of the debtor and its creditors. The Executor shall be liable for the price if he does not receive it immediately from the purchaser and proceed with the resale on his responsibility, and the sale minutes shall be regarded as a writ of execution towards him.

## Article 142

The Executor shall stop the sale if its proceeds are sufficient to pay off the debts for which satisfaction the seizure has been imposed, in addition to the expenses thereof. As for seizures levied thereafter on the price in the hands of the Executor or any other person, only the part required for the settlement of the forgoing shall be considered.

Ex 1, P85

### Article 143

The action for recovery of the seized items shall be filed before the competent Court and shall result in the stay of the sale unless the Court rules the execution continuation on the conditions it deems appropriate. The Court may impose a fine of not less than (1000) thousand dirhams and not more than (5000) five thousand dirhams in case of rejection recovery action.

### Article 144

The recovery action shall be filed against the judgment creditor, the distrainee and the judgment creditors intervening, and the statement of claim shall include a full statement of ownership evidence, otherwise it shall not be inadmissible, and the Court will rule sua sponte its inadmissibility.

### Article 145

1- The judgment creditor shall have the right to proceed with execution if the Court decides to nonsuit the recovery action or if it is deemed void ab initio, or it has been decided to consider it as such. He has also the right to proceed with the execution if the Court rules the rejection of the action, its lack of jurisdiction, the inadmissibility of the case, the nullity of its statement of claim, the extinguishment of the dispute therein, or the approval to abandon it.

2- The judgment creditor shall proceed with the execution even if the judgments referred to in clause (1) of this article are subject to appeal.

### Article 146

1- If another recovery action is filed by the same restorer, and his first action has been considered as void ab initio or the Court rules to consider it as such, or its rejection or inadmissibility, its lack or jurisdiction, the nullity of its statement of claim, the extinguishment of the litigation therein, or the approval to abandon it, the sale shall not be stayed unless the competent Court rules so. This provision shall be applied if the recovery action has been renewed after its nonsuit or stay.

2- The judgment referred to in clause (1) of this article shall apply if a second recovery claim is filed against another restorer and the case shall be deemed to be second when it is subsequent on the date of its filing, even before the extinguishment of the effect staying the sale caused by the filing of the first action.

## Section 5

## Seizure of Stocks, Bonds, Revenues and Shares

### Article 147

1- If the shares or bearer bonds or endorsable, their seizure shall be made through the proceedings set for the seizure of the movable with the debtor or with third parties.

2- The seizure of the arranged revenues, the nominal shares, the shares of profits due by juristic persons and the rights of the testators in the companies shall be made through the procedures set for the seizure of the funds that the debtor has in the hands of third parties. Their seizure shall result in the seizure of their profits until the sale day.

### Article 148

The shares and bonds and the like mentioned in the Article (147) hereof shall be sold by public auction, according to the procedures stipulated in Article (136) et seq. of this Regulation, under the supervision of the execution judge.

## Section 6

## Seizure and Sale of Real Estate

### Article 149

1- The judgment creditor shall submit to the execution judge an application for seizure of the real estate, including the following data:

a- The applicant's name, surname, profession, residence, workplace, and his elected domicile in the jurisdiction of the Court in which the execution shall be made if he has not a domicile or a workplace therein.

b- The name of the garnishee, his surname, profession, domicile and workplace.

c- The description of the real estate required to be seized including its location, area, boundaries, or its number and zone and any other information to help designate it according to what is established in the official registers prepared for this purpose.

2- The creditor may obtain a petition an order from the execution judge authorising the Executor - to enter the real estate, obtain the information needed for its description and designation of its contents. Such order may not be subject to grievance.

### Article 150

1- If the execution judge finds that the real estate seizure application fulfils its legal conditions, he shall issue his decision to impose the seizure. This decision shall be communicated to the competent department for the registration of real estate for annotation to this effect in the registers of such property and determine the time and date.

2- The registration of the seizure decision shall result in considering the real estate seized.

3- The competent circuit with which the property is seized shall notify the execution judge of the real estate register, the creditors - holders of registered rights - their respective domicile and workplace, and whether there are any impediments to the disposition of the property.

### Article 151

1- The Executor shall notify the debtor, the possessor and the in-kind surety of a copy of the application for seizure, after its annotation to the effect of its registration, within seven days of the seizure.

2- At the same date referred to in clause (1) of this article, the same seizure shall be notified to the creditors with the registered rights. Such creditors shall be deemed, upon their notification, parties to the procedures as judgment creditors, and the notification shall be served, in case of death of any of them, upon his heirs altogether in the residence designated in the register if a period of three months at most has not lapsed since the death.

### Article 152

### Article 152 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:

1- Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the property seized to a purchaser. He shall attach to the application the sale price and the buyer's consent. This shall be presented to the judgment creditor within seven days from the date of the submission of the application. If he does not object thereto within seven days from the date of his notification or his approval, the sale shall be made, and the price shall be deposited at the Court's treasury in favour of the creditor. In the case of multiple creditors, the approval of the majority of the holders of privileged debts and the holders of registered rights shall be taken into consideration as per the hierarchy of their degrees set out in the Law before the ordinary creditors.

2- The execution judge, before undertaking the real estate sale through the auction, should notify the debtor to pay the debt within (15) fifteen days from the notification date otherwise the real estate

Ex 1, P87

would be sold by auction, and the debtor may request within such date the postponement of the sale and the execution judge may respond to the request in the two following cases:

a- If the real estate's revenues within a period of three years were sufficient for settling the debt, profits, fees and expenses, the execution judge may assign the creditor to collect, under his supervision, the real estate's revenues until completion of payment. If an impediment prevents the creditor from obtaining his rights on a regular basis the execution judge shall, at the creditor's request, continue the procedures of the real estate's sale.

b- If the real estate's revenues within a period of three years are not sufficient to settle the debt, profits, fees and expenses and the debtor had other revenues in addition to the real estate's revenue sufficient to pay off the debt by instalments within such period and under the guarantees as the execution judge deems fit, and if the debtor defaults in paying any of these instalments, the execution judge - at the creditor's request- shall continue the procedures of the real estate's sale.

3- If the notice time-limit stipulated in Clause (1) of this Article has elapsed without the debtor's payment or submission of a request to postpone the sale or upon rejection of such request, the execution judge shall determine the sale place, day, and period during which the auction shall be made.

4- The execution judge shall assign, before announcing the sale, an expert or more to estimate the real estate's price within a period not exceeding fifteen days from the date on which the judge assigned him for the task.

5- The case management office shall notify each of the debtor, the possessor and the in-kind surety of the sale place, date, the period during which the auction shall be made and the sale notice before the day set therefor within a period not exceeding (30) thirty days, through publication in two daily newspapers issued in the State. A copy of the notice shall be posted in a prominent place of the real estate and another copy on the bulletin board of the Court.


## Article 153

1- The sale announcement shall include the following data:

a- The name, surname, profession, domicile and workplace of the judgment creditor, debtor, possessor or in-kind surety.

b- The real estate according to the seizure decision.

c- The sale conditions and the principal price designated by the expert, the expenses and the surety that the person wishing to purchase shall pay in advance, provided it is not less than 20% of the principal price.

d- The Court before which the sale shall be made, the auction's day and the period within which the auction shall be made.

2- The judgment creditor, debtor, possessor, in-kind surety and any concerned party may obtain a permission from the execution judge for the publication of other sale announcements in the newspapers and other media because of the importance of the real estate or its nature or any other reasons. In no case shall the multiple publication result in the delay of the sale, and it shall not be permissible to file a grievance against the judge's decision in this regard.


## Article 154

1- If the real estate offered for sale is divisible and the part of such real estate – according to the expert's report – is sufficient to pay off the debt, its profits, the fees and expenses, the execution judge shall partition that part by offering it up for auction and exclude the other parts, and if he finds, as a result of the auction, that the amount offered for this part of the real estate is not sufficient for the settlement, the execution judge shall offer up for auction the rest of the real estate or any other additional part thereof sufficient for the settlement. If the rei vindication action is filed as regards a part of the real estate offered up for auction and the Court decides to postpone the auction, such decision shall not postpone auction for the remaining parts unless the shares, according to the experts' estimation, are indivisible, in which case, the auction shall be deferred be for the remaining shares.

Ex 1, P88

2- If there are many real estates needed to be sold by auction, each real estate shall be separately offered for sale unless the execution judge – after taking the experts' opinion – finds that it shall be beneficiary to sell more than one real estate or all the real estates in one auction.

## Article 155

The real estate may not be sold except to a national, excluding the special conditions for the foreign ownership of real estate provided for in the laws in force in the State, without prejudice to the rules governing the transfer of the real estate ownership.

## Article 156

1- The disposition of the debtor, possessor or in-kind surety of the real estate shall not be executed nor consequent mortgages or preferential right shall be executed against the judgment creditors even if they are ordinary creditors, or against the successful bidder if the disposition, mortgage, or preferential right has been registered after the registration of the seizure decision.

2- The profits and revenues of the real estate for the period following the registration of the seizure decision shall be attached to the real estate. The revenue, and the price of fruits and crops shall be deposited at the Court's treasury, and if the real estate is not rented, the distrainee shall be considered an in-kind surety till the sale is effected; if the real estate is rented, the rent accrued for the period following the registration of the seizure application shall be considered seized in the hands of the tenant as soon as he has been requested by the judgment creditor, or any creditor bearing a writ of execution, not to pay it to the debtor. If the tenant has paid the rent before such request, payment shall be deemed valid, and the distrainee, in his capacity as a receiver, shall be liable therefor.

If the lease has been registered prior to requesting the tenant to pay, the contract shall remain enforceable towards the judgment creditor and the creditors with registered rights, prior to registration.

## Article 157

1- If the real estate is encumbered with an in-kind security and devolves to an owner with a registered contract before the seizure, the possessor shall be warned before the seizure application to pay the debt or to evacuate the real estate, otherwise the execution shall be proceeded against him.

2- The warning shall include, in addition to the general information in the announcement, and the request to pay or evacuate, the following data:

a- The writ of execution.

b- The debtor's notification and notice to pay according to Article (97) hereof.

c- The real estate subject of the execution according to the official registers prepared for this purpose.

3- The warning mentioned in clause (1) of this article shall also be addressed to the mortgagor in the circumstances in which the execution is to be made against a mortgaged real estate by a party other than the debtor.

4- The warning against the addressee shall result in all the provisions and effects stipulated in Article (156) hereof.

## Article 158

1- The concerned parties shall state the nullity grounds in the notice mentioned in Articles (151) and (152) hereof under a request to be submitted to the execution judge three days at least before the session set for the sale, otherwise their right to state them shall be forfeited.

2- The execution judge shall decide upon the nullity grounds mentioned in clause (1) of this article on the day set for the sale. The decision issued by said judge may not be challenged in any means. If the Court rules the nullity of procedures for the service of process, the sale shall be postponed to a day set by the judge, and the procedures shall be repeated.

Ex 1, P89

3- If the nullity request is rejected, auction shall be ordered to be carried out immediately.

4- The creditor, the possessor, the in-kind surety and the debtors referred to in Article (150) hereof shall present the other nullity grounds related to the procedures preceding the sale session, as well as the grounds for objection to the sale conditions, ten days at least before the date of said session, otherwise, their right to submit same shall be forfeited. Said grounds shall be presented by virtue of a request to be submitted to the competent execution judge. The latter shall rule, based on the aforementioned request, either the stay or continuation of sale, depending on the extent of seriousness of such grounds. If the judge rules the continuation of sale, auction shall take place immediately.

### Article 159

The creditor shall, before the beginning of the auction procedures, deposit a sum of money at the discretion of the execution to cover the charges and the expenses of the real estate sale including the attorney fees. Said amount shall be deduced from the real estate price and returned to the creditor.

### Article 160

**Article 160 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The execution judge shall supervise, on the day set for the sale, the auction procedure. The auction shall not be initiated except after verifying that the decision enforced thereunder is final.

2- If one purchaser, or more, appears at the first sale session, the execution judge shall approve, at the end of the period set for the auction, the highest offer, provided that it is not less than the principal price which the expert has designated with the expenses, and if the bid is less than that or no purchaser appears at that session, the execution judge shall rule the postponement of the sale to the following day in the same place and within the same period set for the auction. If no purchaser offering the principal price appears at the second session, the judge shall postpone the auction to the following day and reduce the principal price of 5 % and then to another session, while reducing the price by 5% each time. If the total of the price reduction reaches 25%, the sale shall be postponed for a period of three months and the announcement procedures shall be repeated, in such case, the real estate shall be sold at the highest offer provided that it is not less than 50% of the principal price set by the expert.

3- The sales session in the concept of this article shall include the electronic session.

### Article 161

1- The party whose bid is accepted by the execution judge shall deposit, within ten days following the sale session, the full price accepted and the expenses. In case the price is paid by said party, the judge shall award the auction to him.

2- Should the successful bidder fail to pay the price in full, the execution judge shall offer the real estate to the following bidder at the price proposed thereby. Should he accept, the judge shall approve his bid and he shall deposit the price within the period specified in clause (1) of this article. However, should the following bidder reject the offer, the execution judge shall repeat the auction within fifteen days and with the same procedures, then the judge shall award the auction to the highest bidder.

3- Every person who is not prohibited from auction may increase the price, within ten days following the date of the auction knock-down, provided that such increase is not less than one tenth of the price. In such case, the bidder shall deposit the full price offered along with the expenses at the Court's treasury. In such case, the auction shall be repeated within seven days. If no one offers a higher bid, the judge shall award the auction to said person.

4- The bidder who fails to pay the amount owed shall pay the difference of the real estate price. The judgment of the auction knock-down shall include imposing upon the defaulting party to pay the price difference if any. He may not be entitled to any excess in the price, such excess shall be rather granted by the debtor, possessor or in-kind surety, as the case may be.

Ex 1,  P90

5- In all cases, the provision of a guarantee from an accredited bank in the State or the provision of a certified cheque shall have the same effect of deposit. In case the depositor is a debtor and the value and degree of his debt justify his exemption from such deposit, the judge shall exempt him from depositing the price and the expenses, imposed by the law, in whole or in part.

6- It may not be stipulated otherwise in the sale conditions in any case whatsoever.

7- If, for a reason not due to the purchaser, it was impossible to complete the procedure of sale and registration, at the auction value, within thirty days from the date of the auction knock-down, the purchaser may request termination of the auction and recovery of the cash paid. When such request is accepted, the execution judge shall repeat the auction.

8- At any time prior to the completion of the procedure of transfer of ownership and registration of the real estate for the purchaser as a result of the auction, the debtor may pay off the debt, interests, fees and expenses or sell the real estate with the approval of the execution judge and under his supervision at a higher price and with an increase equal to no less than 10 % of the price at which the auction was knocked down.

### Article 162

If the auction has been delayed for legal reasons or for the creditor's failure to pursue it, the auction shall be remade for a period of fifteen days, however, if it has been abandoned for a period of six months or more, the auction shall be remade, and the preceding deadlines shall be cancelled.

### Article 163

**Article 163 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The judgment of the auction knock-down shall be delivered in the preamble of judgments, and it shall include a copy of the application for seizure of the real estate, a statement of the procedures followed in this regard, and in the sale announcement, and a copy of the minutes of the sale session, and its enacting terms shall include the order to the debtor, possessor, in-kind surety to deliver the real estate to whom the successful bidder. The judgment's original copy shall be deposited in the case's file on the day following its issuance.

2- This decision referred to in clause (1) of this article shall not be notified, and shall be coercively executed by summoning the debtor, the possessor, the in-kind surety or the receiver, as the case may be, at the delivery location on the day and at the hour set therefor, provided that the announcement thereof is made two days, at least, before the day set for the delivery.

3-If the real estate contains movables to which is attached a right for other than the distrainee, the execution applicant shall file a petition with the execution judge, to take the procedures needed for preserving the rights of the concerned parties. He may also hear the concerned parties, where need be, before issuing his order.

4- If it is not possible to transfer the ownership of the sold property or any part thereof for any reason not attributed to the parties, the execution judge shall cancel the judgment of the auction knock-down and restore the status quo ante.

### Article 164

1- The judgment of the auction knock-down shall not be subject to appeal, unless there is a defect in the auction procedures, in the judgment form, or for its issuance without staying the procedures when such stay is a duty by the law.

2- The appeal shall be lodged through the usual procedures within seven days from the date of the sentencing hearing.

### Article 165

Ex 1, P91

1- The execution judge, upon the request of the concerned parties, shall request the department responsible for the real estate's registration to register the judgment of the auction knock-down, after the successful bidder deposits the full price, unless he was exempted therefrom. The rules set in the real estate registration shall be applied on the judgment.

2- This registration mentioned in clause (1) of this article shall result in clearing the sold real estate from the preferential rights, the mortgage and possessory lien which their holders have been notified according to Article (150) and only their right in the price shall be remaining.

### Article 166

**Article 166 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The other parties may request the nullity of the execution procedures and request the maturity of all or part of the seized real estate by virtue of an action filed through the usual procedures before the competent Court at which the judgment creditor and the creditors referred to in Article (150) hereof, the debtor, the possessor or the in-kind surety shall be parties to such action. The Court shall rule at the first session the stay of the sale procedures if the action's statement of claim included an accurate statement of the ownership's evidences or the merits of the possession on which the action has been based and to which the documents supporting it has been attached.

2- If the day appointed for the sale arrives before the Court rules its stay, the plaintiff may request the execution judge to stay on the condition that an official copy of the statement of claim notified is deposited in the execution file.

3- The judgments delivered according to clauses (1) and (2) of this article on the stay of the sale or the continuation therein may not be challenged.

4- The rei vindicatio action shall not be accepted until after depositing a bond of (10,000) ten thousand dirhams upon registration and it shall be returned upon accepted and confiscated in case of rejection.

### Article 167

1- If the rei vindicatio action deals only with a part of the seized real estates, the sale of the remaining parts shall not be stayed.

2- Without prejudice to the provision of clause (1) of this article, the execution judge may, upon the request of the concerned party, order the stay of the sale in respect of all the properties on basis of serious grounds.

### Article 168

If the sale has been considered payable, the successful bidder may claim the price, compensations from the creditors and the debtors if grounded, and the sale terms may not provide for the exemption from refunding the price.

### Article 169

Neither the debtor nor the judges nor the public prosecution nor the executors nor the clerks of the Court nor the attorneys at law who initiate the procedures on behalf of the debtor or their relatives up to the second degree may participate in the auction, in person or by employing others, otherwise the sale shall be deemed null.

### Section 7

### Certain Special Sales

### Article 170

1- A bankrupt property shall be sold in accordance with the Bankruptcy Law and by way of auction and shall be conducted according to the sale terms provided by the bankruptcy trustee.

2- The real estate of the incapacitated person, which sale is permitted and that of the absentee, shall be sold by auction and under the sale terms submitted provided by their respective attorneys to the execution judge, after his approval thereof.

3- The sale terms shall include the sale permission issued by the competent Court.

4- The case management office of the Court shall notify the public prosecution of the sale terms, before presenting them to the execution judge.

### Article 171

1- If the Court has decided the sale of the real estate jointly owned for the impossibility of the division without harm, the execution judge shall carry out its sale by auction, at any of the joint owners' request.

2- The sale terms shall state all the joint owners and respective domicile, accompanied by a copy of the sale judgment.

### Article 172

The rules related to the procedures of the real estate sale, at the creditors' request, and stipulated in this Regulation shall be applied on the sales mentioned in Articles (170) and (171) hereof.

### Article 173

Subject to the provisions of this chapter, the execution judge may assign any private or public physical or juristic person to take the procedures for the seizure or sale of the seizures, whether in whole or in part. or to assist therein, in accordance with the rules and procedures issued by a decision of the Minister of Justice or the president of the competent judicial authority - each within his competencies - provided that these rules determine the mechanism of their work and the calculation of their fees.

## Chapter 9

## Allocation of the Execution Proceeds

### Article 174

Upon the seizure of the money with the debtor, or the completion of the sale of the seized fund, or the lapse of ten days form the date of filing the statement on the properties held thereby - the seizure of property that the debtor has in the hands third parties, the execution proceeds shall be distributed on the judgment creditors and those who are considered parties to the procedures without any other procedure, even if the proceeds are not sufficient to settle their entire rights.

### Article 175

1- If the execution proceeds are sufficient to settle all the judgment creditors' rights, and all the rights of those who were considered parties to the procedures, the execution judge shall order that each of the creditors' debts be settled after submitting the writ of execution.

2- If none of the creditors referred to in clause (1) of this article holds a writ of execution, and the action for the establishment of the right is still under examination, an amount corresponding to the debt for which satisfaction the seizure has been imposed shall be allocated to that creditor and kept at the Court's treasury for his account as a security for the final decision in the action.

Case 1:21-cv-04400-HG   Document 131-1   Filed 11/01/22   Page 95 of 99 PageID #: 5301

## Article 176

1- If the execution proceeds are not sufficient to settle all the debts of the judgment creditors and those considered parties to the procedures, the party who has such proceeds shall immediately deposit the same at the Court's treasury, accompanied by a list of the seizures in his hands.

2- The distribution shall be among the holders of the privileged debts and the holders of registered rights, as per the order of their degrees stipulated in the Law.

## Article 177

The distribution procedures shall begin with the execution judge's preparation of a distribution list to be notified to the debtor, the possessor and the judgment creditors, and a party to the proceedings, summoning them to appear before him at a session he sets therefor. The execution judge shall decide, within three days following the date of the session, on any objection filed before the disbursement of the amounts.

## Article 178

1- The execution judge shall deposit at the case management office of the Court, the final distribution list including the principal debt and expenses payable to each creditor.

2- In all cases, the execution judge shall order the deposit of the payment orders at the Court's treasury and the deletion of entries, whether related to debts stated in the list or debts not distributed.

# Chapter 10

# Performance in Kind

## Article 179

1- The Executor - in the case of the execution by delivering a movable or a real estate, shall move to the place where the item is located in order to deliver it to the applicant, and he shall list in his minutes the items to be delivered and the writ of execution, and the date of its announcement. If the delivery relates to a real estate occupied by an occasional possessor, the Executor shall advise him to recognize the new possessor after the completion of the procedure of the real estate delivery.

2- If the items required to be delivered are seized, the Executor may not deliver them to the applicant, and the Executor shall notify the judgment creditor thereof.

3- The execution judge shall issue the orders necessary for securing the rights of the concerned parties, at the request of the stakeholder or the Executor.

## Article 180

1- The Executor shall notify the person obligated to evacuate the real estate of the day and hour of the evacuation, three days, at least, before the scheduled day. On the date set, he shall enable the requester to take possession of the real estate, and if the real estate contains movables not to be delivered to the evacuation requester and their owners have not transported them immediately, the Executor shall entrust their receivership, at the same place, to the requester, or move them to another place if the requester does not accept the receivership, and if such movables are subject to a seizure or receivership, the Executor shall inform the creditor at whose request the seizure or receivership has taken place thereof. In both cases, the Executor shall refer the matter to the execution judge in order to undertake the measures he deems necessary to protect the rights of the concerned parties.

2- The Executor shall draft minutes including the writ of execution, its announcement date, the description of the real estate, subject-matter of the evacuation, the movables not to be delivered to the requester and the procedure taken in this respect.

Ex 1, P94

### Article 181

1- The requester of the coercive execution as regards a work obligation or omission of an act, shall submit a request to the execution judge to designate the manner through which the execution shall be carried out. Said request shall be attached to the writ of execution and its announcement.

2- After notifying the other party in order to hear his statements, the execution judge shall deliver his order on the manner through which the execution shall be carried out and appoint the Executor and the persons assigned to complete the work and the removal.

### Article 182

1- If the performance in kind cannot be effected in the manner specified in Article (181) of this Regulation, or the execution requires that the debtor undertakes it himself and he fails to do so, the execution judge shall impose upon him to pay a daily fine of not less than (1000) dirhams, to be paid as compensation to the judgment creditor for delay, provided that the total of the fines does not exceed the principal debt in question.

2- The execution judge shall have the right to cancel the fine, or a part thereof, if the judgment debtor initiates execution, before actually paying it.

3- The provisions of clause (1) of this article shall apply to the legal representative of the juristic person, and the employees thereof who personally impeded the execution.

# Chapter 11

# The Debtor's Detention and Travel Ban and Other Precautionary Measures

## Section 1

## The Debtor's Detention

### Article 183

1- The execution judge may issue an order, at the request of the prevailing party, to imprison the debtor if he has abstained from enforcing any writ of execution, unless he proves his insolvency. The debtor shall not be considered solvent if it is proved that he owns only funds that may not be seized or sold.

2- Insolvency of the debtor shall not be accepted, if he abstains from the payment in any of the following cases:

a- If the debtor has smuggled or concealed his money with the intention of harming the creditor, and it has been impossible for the creditor because of this to execute against these properties.

b- If the debt was one or more of the instalments due by the debtor, or the debtor was one of those who guaranteed the principal debtor for the payment before the Court or the execution judge, except if the debtor has proved the occurrence of new facts that affected his solvency and made him incapable of paying the instalments or the value of the guarantee or any part thereof, after imposing these instalments upon him or after giving him the guarantee.

3- The execution judge shall order the detention of the debtor in the cases mentioned in the paragraphs (a) and (b) of clause (2) of this article within a period not exceeding one month and that may be renewed for other periods, so if the debtor had a residence and he is not likely to flee, the detention periods may not exceed six consecutive months and may be renewed after the elapse-expiry of ninety days from his release if he continues to abstain from the execution in spite of his provided that the total periods of imprisonment of the debtor does not exceed thirty-six months, regardless of the number of debt or creditors, unless the debt is the result of deliberate financial crimes, in which case the detention terms may be up to sixty months.

Ex 1,  P95

## Article 184

**Article 184 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- The execution judge shall, before issuing the detention order, undertake a summary investigation if the documents supporting the request are not sufficient.

2- The judge may give the debtor a period of six consecutive months at most to pay off the debt or to pay the amount for which the execution has been imposed, in appropriate instalments for a period not exceeding three years with the guarantees or precautionary measures set by the judge should he fear the debtor escapes from the State.

3- A grievance or appeal against the order mentioned in clauses (1) and (2) of the present article shall be filed according to the procedures prescribed in Article (72) hereof.

## Article 185

1- An order of detention of the debtor may not be issued in the following cases:

a- If he is under 18 years of age or older than 70 years of age.

b- If he has a child under 15 years of age and his spouse is deceased or imprisoned for any reason.

c- If he was a spouse of the creditor or one of his ascendants, unless the debt is a prescribed alimony.

d- If he provides a bank guarantee or a solvent surety accepted by the execution judge to pay the debt on time or disclosed his funds in the State against which execution is possible and sufficient to pay the debt.

e- If it is proven, according to a certified medical report, that the debtor suffers from an incurable chronic disease with which the debtor cannot tolerate imprisonment.

f- If the debt subject of execution is less than AED 10000, unless it is a fine, a prescribed alimony or a work remuneration, or a work obligation or omission of an act.

2- The execution judge may postpone the issuance of the order of detention of the debtor in the following cases:

a- If the debtor is a pregnant woman.

b- If it is proven, by a certified medical report, that the debtor suffers from a temporary disease with which he does not tolerate imprisonment until cured.

## Article 186

If the debtor is a private juristic person, the order shall be issued to detain his legal representative or others if the abstention from execution is attributed to them in person, and may be prohibited from travelling according to the procedures and controls mentioned in Articles (188) to (190) of this Regulation, even if the creditor does not hold a writ of execution against them.

## Article 187

The execution judge shall order the extinction of the order to detain the debtor in the following cases:

1- If the creditor has accepted, in writing, the extinction of the order.

2- If, for any reason whatsoever, the debtor's obligation in satisfaction of which this order has been issued has expired.

3- If one of the conditions required for the detention order is no longer available, or any of the impediments to its issuance has been materialised.

## Section 2

Ex 1,  P96

## The Debtor's Travel Ban

### Article 188

**Article 188 was replaced by virtue of Article 1 of Cabinet Decision no. 33 dated 2020/04/30, to read as follows:**

1- Even if the creditor accepts to file a substantive action, in fear based on serious reasons that the debtor would escape, and the debt is not less than (10,000) ten thousand dirhams, unless it was an established alimony or a work obligation or omission of an act, the creditor may request the competent judge or the chief judge of the circuit, as the case may be, to issue an order prohibiting the debtor from traveling in any of the two following cases:

First: If the debt is known, accrued and not subject to a condition.

Second: If the debt is not of a specific amount, the judge shall evaluate it temporarily, provided that the following conditions are fulfilled:

a- The claim for the right shall be based on written evidence.

b- The creditor shall submit a guarantee which is accepted by the Court and in which he guarantees each failure or damage that would affect the debtor because of prohibiting him from traveling if the creditor has been proved not to be rightful in his claims.

2- Before the order is issued, the judge may conduct a brief investigation if he deems that the documents supporting the application are not sufficient and he may order that the debtor's passport be deposited at the Court's treasury and that the travel ban order be circulated throughout all the state's outlets in case the order of travel ban is issued.

3- If a case mentioned in Articles (149) to (151) of Federal Law No. (28) of 2005 on Personal Status is available, an order to prevent the child from traveling will be issued by the personal status execution judge.

4- The person against whom the travel ban order was issued may file a grievance against it through the procedures prescribed for grievance against orders on petitions, unless the issuer of the order is the competent execution judge, against whose decisions a grievance shall be filed in accordance with the procedures stipulated in clause (1) of Article (72) of this Regulation.

5- A travel ban order does not prevent the implementation of the final judgments of deportation. The travel ban in the event of issuance of a final judgment or administrative order of deportation shall be presented to a judicial committee headed by a judge and formed by a Cabinet decision, to consider the implementation of either.

6- The president of the competent Court or his authorized representative may approve the travel of the debtor because of his illness or of any of his ascendants or descendants up to the first degree or his spouse. The request shall be accompanied by a medical certificate from an official authority indicating the need for treatment abroad and the impossibility of treatment within the State., with the travel ban remaining in place.

### Article 189

The travel ban order shall remain in force until the debtor's obligation expires towards the creditor who obtained the order, for any reason whatsoever. However, the competent judge may rule that the order be extinguished in any of the following cases:

1- If any of the conditions required for the order prohibiting from traveling is no longer available.

2- If the creditor has agreed, in writing, on the order extinction.

3- If the debtor provides an adequate bank guarantee or a solvent surety accepted by the judge, the guarantee minutes including the surety 's undertaking accompanied by the judgment or order imposing upon the debtor shall be considered as a writ of execution towards him as regards what is decided in that ruling.

4- If the debtor deposits a sum of money equal to the debt and the expenses at the Court's treasury and allocated to pay the right of the creditor at whose request the order was issued, this amount shall

be considered seized by the force of law in favour of the creditor.

5- If the creditor fails to give the judge evidence of the filing of the debt action within eight days of the issuance of the travel ban or did not begin to enforce the final judgment delivered in his favour within thirty days from the date of becoming final.

6- If three years have elapsed since the last correct procedure of the enforcement of the final judgment of debt in satisfaction of which the travel ban has been delivered, without the prevailing creditor's submission to the execution judge a request to proceed with the execution of the judgment.

## Section 3

## Other Precautionary Measures

### Article 190

If the debtor who is prohibited from traveling does not give up his passport without justification or the judge finds that he has disposed of his money or has smuggled it or is preparing to flee the country despite the measures taken to prevent him from traveling, the judge may decide to summon him and impose upon him to provide a payment guarantee or an attendance guarantee or to deposit the amount claimed at the Court's treasury, if the defendant does not comply with the order, the judge may decide to temporarily detain him until the order is executed. This decision shall be subject to appeal within seven days from the date of its issuance.

## Book 4

## Final Provisions

### Article 191

The Minister of Justice and the presidents of the local judicial authorities, as the case may be, shall issue the decisions necessary to implement the provisions of this Regulation.

### Article 192

Any provision contrary to or inconsistent with the provisions of this Regulation shall be repealed.

### Article 193

The present Regulation shall be published in the Official Gazette and shall come into force two months after the date of its publication.

Issued by Us: 9 December 2018
.On: Corresponding to 2 Rabi' Al-Akhar 1440H

**Mohammed Bin Rashid Al Maktoum**

**Prime Minister**

.The present Decision was published in the Official Gazette, issue no. 643 (annex), p. 9

———