

1920 L Street, N.W., Suite 835
Washington, D.C. 20036

150 South Wacker Drive, Suite 2400
Chicago, IL 60606

November 23, 2022

**VIA CM/ECF**

The Honorable Hector Gonzalez
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 21-cv-4400-KAM-RML

Dear Judge Gonzalez,

We represent the Plaintiffs in this matter. In accordance with Your Honor's Individual Practices, we write to request a pre-motion conference to address Plaintiffs' motion requesting an Order to serve Wall Street Exchange LLC ("WSE") via alternative means pursuant to Federal Rule of Civil Procedure ("Rule") 4(f). Specifically, Plaintiffs will seek an order authorizing service (a) via email pursuant to Rule 4(f)(3), with attachments and also a link enabling WSE to download the materials, sent to the email address WSE publishes (info@wallstreet.ae) on its website (https://wallstreet.ae/contact-us), (b) via email to WSE's counsel of record pursuant to Rule 4(f)(3), and/or (c) via by Federal Express, with suspended signature requirement, pursuant to Rule 4(f)(2)(C)(ii), sent to the address for the "Support Centre" listed on WSE's website.

**Relevant Background**

WSE is a United Arab Emirates ("UAE")-based money transmitter headquartered in Dubai. Because the UAE is not signatory to the Hague Service Convention,[1] service on WSE must be made by either letters rogatory or "other means" pursuant to Rule 4(f).[2]

Plaintiffs filed their complaint on August 5, 2021. D.I. 1. Summons was issued as to WSE on August 12, 2021. D.I. 6. On August 13, 2021, Plaintiffs sent the WSE summons to US Litigation Support Services ("USLSS"), a litigation support services firm that represented to Plaintiffs' counsel that they were able to serve process in Dubai.[3] Plaintiffs regularly followed up with USLSS regarding the status of service, requesting that WSE be served as promptly as possible. In response to these multiple inquiries, USLSS represented to Plaintiffs' counsel that although WSE

---

[1] *See CKR Law LLP v. Anderson Investments Int'l, LLC*, 525 F. Supp. 3d 518 (S.D.N.Y. 2021) (UAE is not "a member of the Hague Convention … [and] the Court is aware of no federal law or international agreement that would prohibit [email] service [in the UAE]").
[2] Rule 4(h), which applies to foreign corporations, permits service of a corporation outside the U.S. "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Rule 4](f)(2)(C)(i)."
[3] Plaintiffs are prepared to submit factual allegations to support the proposed motion via the undersigned's declaration.



Judge Gonzalez
November 23, 2022

had been served, they were having issues obtaining notarization for the affidavit of service because the U.S. Embassy delayed in granting an appointment to get the requisite notarization, only to then refuse to notarize the affidavit without the consent of WSE. Ultimately, USLSS had the affidavit notarized by a local UAE notary, and on April 8, 2022, forwarded the notarized affidavit of service confirming the September 28, 2021, service date. That same day, Plaintiffs filed the affidavit of service on WSE in this matter. D.I. 39. Plaintiffs have hired a new international service of process provider and counsel, replacing USLSS, to continue to diligently seek service and to assist with further service issues, should they arise.

WSE now objects that the affidavit of service does not comply with the provisions of Rule 4(f). *See generally* D.I. 79, at 7–12. WSE has actual notice of this lawsuit and Plaintiffs' claims, however, and WSE has appeared in this matter via counsel, and filed a motion to dismiss that challenges the merits of Plaintiffs' claims, *see* D.I. 78, 79. Plaintiffs then asked WSE's counsel whether WSE would authorize its counsel to accept service on its behalf, but counsel for WSE answered that WSE declined. And WSE's counsel advised the undersigned that they had spoken to their client, which told them WSE would oppose the motion Plaintiffs propose to file herein.

**Applicable Law**

A foreign defendant may be served by (1) any internationally agreed means of service, such as the Hague Convention; (2) absent internationally agreed means, or if permitted by the same, methods reasonably calculated to give notice; and (3) other means not prohibited by international agreement. Rule 4(f).[4]

The Court may "permit alternative service … where the moving party shows that it 'has reasonably attempted to effectuate service on the defendant,' and that 'circumstances are such that the courts intervention is necessary.'" *CKR Law LLP*, 525 F. Supp. 3d at 523–24 (citation omitted). Here, Plaintiffs diligently pursued serving WSE, as evidenced by USLSS serving WSE within 2 months after the issuance of the summons. After WSE appeared in this case through counsel, Plaintiffs asked WSE to authorize its counsel to accept service on its behalf. And although Plaintiffs have explored serving WSE via letters rogatory, Plaintiffs' counsel was informed that this option would cause excessive delay, uncertainty, and costs. Accordingly, Plaintiffs have "reasonably attempted to effectuate service" on WSE, but due to the peculiar barriers to effectuating service in the UAE and WSE's refusal to consent to accept service, this Court's "intervention is necessary."

---

[4] Courts in this District have overwhelmingly held there is no hierarchy among the three Rule 4(f) methods of service. *See*, *e.g.*, *Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB), slip op. at 24-25 (E.D.N.Y. Feb. 3, 2021) (collecting cases). Alternative methods of service are "neither a last resort nor extraordinary relief," they are just other "means among several which enables service of process on an international defendant." *Kaneka Corp. v. Purestart Chem Enter. Co.*, No. 16-CV-4861 (MKB) (SIL), 2017 WL 11509784, at *2 (E.D.N.Y. Oct. 17, 2017) (internal quotation marks omitted). A plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).



Judge Gonzalez
November 23, 2022

<u>Rule 4(f)(2) service via Federal Express.</u> Service may be effected on a party in a foreign country "by a method that is reasonably calculated to give notice . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" unless that method is "prohibited by the foreign country's law[.]" Rule 4(f)(2)(C)(ii).[5] Here, Plaintiffs would request the Court order Plaintiffs to serve WSE via Federal Express, with waived signature requirement, but with return receipt. WSE already has notice of the lawsuit and Plaintiffs' specific claims, so this method of service would be "reasonably calculated to give notice." Rule 4(f)(2)(C)(ii).

<u>Rule 4(f)(3) service by email and/or to counsel of record.</u> "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Properties, Inc.*, 284 F.3d at 1014. Courts have discretion to authorize service under Rule 4(f)(3), "so long as the ordered means of service (1) is not prohibited by international agreement and (2) comports with constitutional due process." *Grp. One*, slip op. at 26–27.[6] "[S]ervice of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc.*, 284 F.3d at 1014 (citations omitted). Here, Plaintiffs would request the Court order Plaintiffs to serve WSE via an email to their published email address, with a link to download the documents, and/or via email to their counsel of record. Neither method would violate any international agreement. Neither method would violate local law, *see, e.g.*, *Hashem v. Shabi*, 2018 WL 3382913, *6 (D.D.C. Apr. 26, 2018) (service on counsel does not violate local law), although even if either did, such service would still be appropriate. *Rio Properties, Inc.*, 284 F.3d at 1014. And there are no due process concerns because WSE knows full well of the complaint and Plaintiffs' claims. *See Gang Li*, 2019 WL 4393637, at *2; *see also Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, (S.D.N.Y. 2013) (citation omitted) (authorizing service via New York counsel, holding due process was satisfied because defendant had actual notice of the lawsuit and there was evidence Defendant was in communication with its counsel).

Respectfully submitted,

Eli J. Kay-Oliphant

---

[5] Courts interpreting this Rule have concluded that "prohibited" in this context means that the foreign country's law expressly prohibits the method, so service via Federal Express with waived signature requirement is valid unless UAE law specifically prohibits it, even if the UAE does not recognize or provide for that method of service. *See Soc. Enter. LLC v. Sociedad Agricola Cato S.A.*, No. 15-CV-4158 (RJD), 2015 WL 13743436, at *2–3 (E.D.N.Y. Oct. 6, 2015) (citation omitted); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 CV 9578 (TPG), 2006 WL 903184, at *2 (S.D.N.Y. Apr. 7, 2006). To undersigned counsel's knowledge, there is no law expressly prohibiting this method of service in the UAE.

[6] "To satisfy due process, the means of service must be 'reasonably calculated, under all [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gang Li v. Dolar Shop Rest. Grp., LLC*, No. 16-CV-1953 (AMD) (RML), 2019 WL 4393637, at *2 (E.D.N.Y. Sept. 13, 2019) (citation omitted; alteration added).