

**STEPHEN M. BALDINI**
+1 212.872.1062/fax: +1 212.872.1002
sbaldini@akingump.com

December 1, 2022

**VIA ECF**

The Honorable Hector Gonzalez
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Wildman v. Deutsche Bank Aktiengesellschaft*, No. 21-cv-4400-HG-RML

Dear Judge Gonzalez,

      We write in opposition to Plaintiffs' November 23, 2022, letter seeking a pre-motion conference to serve Wall Street Exchange Centre LLC ("WSE")[1] by alternative means under Federal Rule of Civil Procedure 4(f). ECF No. 83.

      **I.**    **Relevant Background.**    WSE is a licensed UAE-based money remitter headquartered in Dubai and wholly owned, through the Emirates Post Group, by the UAE government. WSE has no branch, other place of business, or employees in the U.S. Plaintiffs filed this action on August 5, 2021.[2] On October 5, 2021, Plaintiffs represented to this Court in a "Stipulation and [Proposed] Order Regarding Service and Preliminary Scheduling Matters" that "defendant Wall Street Exchange LLC has not been served with the Complaint." ECF No. 15-1, at 2. On April 8, 2022, Plaintiffs filed what purports to be an affidavit of service that claims WSE was "Served Successfully" in the UAE on September 28, 2021, and names the "Person Served" as "Shajahan (Last name refused)." ECF No. 39. On September 30, 2022, WSE submitted its request for a pre-motion conference to address its proposed motion to dismiss, challenging service. ECF No. 75. On November 1, 2022, WSE filed its motion to dismiss Plaintiffs' claims for three independent reasons, including Plaintiffs' failure to effectuate proper service. ECF Nos. 78-81. After receiving WSE's motion, counsel for Plaintiffs reached out to the undersigned counsel requesting counsel accept service and noting its plan to seek court-ordered service.

      In their November 23, 2022 letter, Plaintiffs claim they hired US Litigation Support Services ("USLSS")[3] to serve WSE in Dubai. ECF No. 83 at 1. According to Plaintiffs, USLSS represented that WSE had been served on September 28, 2021. *Id*. at 2. Conceding it has not properly served WSE, Plaintiffs have now hired a new service of process provider to "diligently

---

[1] Plaintiffs' November 23, 2022 letter refers to Wall Street Exchange LLC, however; the correct name is Wall Street Exchange Centre LLC.

[2] Plaintiffs make no argument as to their efforts to serve the Amended Complaint (ECF No. 35) or "corrected" Amended Complaint (ECF No. 38), both filed prior to Plaintiffs' affidavit of service as to WSE.

[3] According to its website, USLSS provides "nationwide" service of process services in "all 50 U.S. States." https://uslitigationsupportservices.com/process-serving/.



seek service" of WSE, while simultaneously seeking Court relief due to "peculiar barriers" to service in the UAE. *Id*. at 2. On November 29, 2022, Plaintiffs filed their opposition to WSE's motion to dismiss stating, "plaintiffs do not dispute that service did not meet all the requirements of U.A.E. law." ECF No. 84 at 4.

**II.     Plaintiffs failed to serve WSE, warranting dismissal.** Plaintiffs have conceded their failure to serve WSE according to the Federal Rules of Civil Procedure and UAE law, warranting dismissal under Rule 12(b)(5). WSE has presented its legal arguments in its pre-motion letter and its motion to dismiss. *See* ECF No. 75; ECF No. 79. Plaintiffs have presented no valid reason for their failure to properly serve WSE. This Court should not entertain belated efforts to effectuate service by alternative means.

**III.     Plaintiffs have shown no need for judicial intervention.** Before ordering alternative service, courts within this Circuit require "(i) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant[;] and (ii) a showing that the circumstances are such that the court's intervention is necessary." *Kaneka Corp. v. Purestart Chem Enter. Co.*, No. 16-CV-4861-MKBSIL, 2017 WL 11509784, at *3 (E.D.N.Y. Oct. 17, 2017) (citations omitted). The purpose of the inquiry is to "prevent parties from whimsically seeking an alternate means of service" and "to accord with principles of comity by encouraging the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process." *Convergen Energy LLC v. Brooks*, No. 20-cv-3746, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (internal citations and quotations omitted).

Plaintiffs have not shown they "reasonably attempted" to serve WSE. *S.E.C. v. Anticevic*, No. 05 Civ. 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (granting alternative service where defendant's address was unknown and plaintiff twice attempted service in different countries); *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, No. 03 Civ. 8554, 2005 WL 1123755, at *4-5 (S.D.N.Y. May 11, 2005) (authorizing alternative service where plaintiff "repeatedly attempted" but Defendant "thwarted service"). WSE has not sought in any way to evade service.[4] Nor is there any indication that Plaintiffs have undertaken efforts to properly serve WSE during the many months this action has been pending other than the defective attempt described herein. The core of Plaintiffs' argument is that since service is "peculiar," WSE's counsel did not accept service, and service by letters rogatory may cause "delay, uncertainty, and costs," no further effort on the part of the Plaintiffs is required and court relief is warranted. This is incorrect. Plaintiffs cannot seek alternative service with no effort to follow the law.

Plaintiffs have failed to show judicial intervention is necessary. Plaintiffs hired a third party, that advertises services in the United States, to effect service in Dubai. Plaintiffs failed to confirm their service efforts conformed with the law. Plaintiffs made representations that on

---

[4] In cases cited by Plaintiffs, alternative means of service were deemed necessary because defendants were actively evading service. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming grant of alternative service where "RIO presented the district court with its inability to serve an elusive international defendant, striving to evade service of process"); *Kaneka Corp.*, 2017 WL 11509784, at *1 (authorizing alternative service where defendant listed a false address for the company three different times).



September 28, 2021, they believed WSE was properly served, while also representing in a stipulation seven days later that WSE was not served. Only after receiving WSE's motion to dismiss, Plaintiffs allegedly hired another third-party that is "diligently" seeking to serve WSE while it seeks the present relief. Plaintiffs do not provide any evidence that service is not possible—or even that it is not practical. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (denying alternative service where Plaintiffs provided no evidence that service in Uganda and Ghana via letters rogatory would be "futile"); *see also RSM Prod. Corp. v. Fridman,* No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *2 (S.D.N.Y. Aug. 10, 2007) (authorizing alternative service where plaintiff submitted evidence showing that Russia was no longer processing service requests from the United States); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (authorizing alternative service where plaintiffs provided evidence from a firm specializing in international service that locating a process service in Saudi Arabia was "extremely difficult" at that time and they were unable to locate a residence address for Defendant).

**IV.** **Plaintiffs do not demonstrate their proposed means are proper.** Plaintiffs request alternative service via Federal Express or email, stating, without legal analysis, "there is no law expressly prohibiting this method of service in the UAE." ECF No. 83 at 3 n.5. Plaintiffs fail to address UAE law, the declaration of Dr. Ahnish, or supporting exhibits, regarding service under UAE law. *See e.g., Exp.-Imp. Bank*, 2005 WL 1123755, at *3-4 (analyzing declaration of Indonesian lawyer and the parties' analysis of Indonesian law to find service by mail would not be effective under Rule 4(f)(2)). Plaintiffs provide no legal analysis of UAE law or the "peculiar barriers to effectuating service in the UAE" that prevented service on WSE in the past year. Plaintiffs should not be permitted to seek alternative service under Rule 4(f)(3), arguing "peculiar barriers" in the UAE, without providing any analysis of those barriers or UAE law. "In the interests of comity, a district court exercising its discretion under Rule 4(f)(3) should indeed make an earnest effort ... to devise a method of communication that is consistent with due process and minimizes offense to foreign law." *Exp.-Imp. Bank*, 2005 WL 1123755, at *4 (citations omitted).

Plaintiffs' request for alternative service on U.S. counsel via email "runs squarely up against the language of Rule 4(f) and the structure of Rule 4 as a whole." *Convergen*, 2020 WL 4038353, at *7. The Court in *Convergen* reasoned that Rule 4(f) refers to the "place" of service and not the location of the individual or entity to be served. *Id*. "Accordingly, the court cannot enter a Rule 4(f)(3) order permitting service on a foreign individual at a place not within a judicial district of the United States when the person to whom the complaint and summons is to be delivered and as to which service is deemed to be effective is at a place within the United States." *Id*. The court denied plaintiff's request to serve U.S. counsel for a Spanish defendant that made clear U.S. counsel was not authorized to accept service. The court noted the law should encourage foreign entities to consult U.S. counsel about their obligations under U.S. law "without simultaneously and automatically appointing counsel as an agent for service of process or relieving any adversary of the otherwise applicable requirements for service of process." *Id*. at 8. WSE respectfully requests this Court consider the opinion in *Convergen* and deny Plaintiffs' request.

For the above stated reasons, WSE will oppose Plaintiffs' request for alternative service.



                          Respectfully submitted,

                          /s/ Stephen M. Baldini

                          Stephen M. Baldini

cc: All Counsel of Record (via ECF)