**SPARACINO**
PLLC

1920 L Street, N.W., Suite 835
Washington, D.C. 20036

December 7, 2022

**BY CM/ ECF**

The Honorable Hector Gonzalez, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Wildman, et al. v. Deutsche Bank Aktiengesellschaft, et al.*, No. 1:21-cv-4400
      Withdrawal of Allegation

Dear Judge Gonzalez:

Plaintiffs submit this letter to withdraw an erroneous allegation made in the Corrected Amended Complaint (the "CAC") (D.I. 38). In paragraph 580, plaintiffs allege:

> [An Assistant Commissioner of the Australian Federal Police] told reporters that Wall Street Exchange knew it was evading anti-money laundering rules and supporting illicit groups, stating that the Khanani network was laundering between $14 billion and $16 billion a year for organized crime syndicates across the world.

After filing Plaintiffs' Opposition to Wall Street Exchange's Motion to Dismiss the Corrected Amended Complaint (D.I. 84), which cites the above-quoted paragraph (*see id*., at 16), counsel discovered an error in this allegation: The source document does not state that the Assistant Commissioner "told reporters that Wall Street Exchange knew it was evading money-laundering rules and supporting illicit groups." Although plaintiffs believe and allege that WSE did know those facts, we were wrong to allege that the government official said as much to reporters. Instead, according to a news article in the Australian media, the official told reporters that the Khanani network was laundering $14-16 billion per year, including using WSE. *See* Linton Besser, *Money Exchange with Links to Dubai Government Identified as Hub for Billion-Dollar Laundering Empire* (Feb. 5, 2018), https://www.abc.net.au/news/2018-02-06/khanani-network-laundered-money-through-wall-street-exchange/9398148. The article more broadly stated that "Australian Federal Police" had identified WSE "as a major hub for the movement of drug profits and terrorism finance." *Id.* It further reported that "a large volume of the money that Khanani was moving around the world was being run through Wall Street Exchange." *Id.* But it does not state that the government official told reporters that WSE knew that it was evading anti-money laundering rules and supporting illicit groups.



Judge Gonzalez
December 7, 2022

      Plaintiffs apologize for the error, and respectfully request to withdraw the erroneous portion of paragraph 580. As corrected, the paragraph should be read to allege: "That same government official told reporters that ~~Wall Street Exchange knew it was evading anti-money laundering rules and supporting illicit groups, stating that~~ the Khanani network was laundering between $14 billion and $16 billion a year for organized crime syndicates across the world."[1]

      Respectfully submitted,

      */s/ Eli J. Kay-Oliphant*

      Eli J. Kay-Oliphant
      Ryan R. Sparacino (*pro hac vice*)
      Tejinder Singh
      Sparacino PLLC
      1920 L Street, NW, Suite 835
      Washington, D.C. 20036
      Tel: (202) 629-3530
      eli.kay-oliphant@sparacinopllc.com
      ryan.sparacino@sparacinopllc.com
      tejinder.singh@sparacinopllc.com

      *Counsel for Plaintiffs*

---

[1] It is Plaintiffs' understanding that no formal amendment is required to effect the withdrawal of an allegation. *See* Fed. R. Civ. Proc. 11 advisory committee notes ("While sometimes helpful, formal amendment of the pleadings to withdraw an allegation or denial is not required by" Rule 11(b)). That said, plaintiffs will of course take any steps the Court deems necessary to effect the withdrawal.