# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 28, 2022

By ECF

The Honorable Hector Gonzalez
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:    *Wildman* v. *Deutsche Bank Aktiengesellschaft, et al.*,
              No. 21 Civ. 4400 (E.D.N.Y.) (HG) (RML)

Dear Judge Gonzalez:

        We represent defendant Danske Bank A/S ("Danske Bank" or the "Bank") in the above-captioned matter, and we write in response to plaintiffs' December 15, 2022 letter to Your Honor (the "December 15 Letter") regarding the proceedings in *United States* v. *Danske Bank*, 22 Cr. 679 (NRB) (S.D.N.Y.).

        On December 13, 2022, Danske Bank pleaded guilty to a one-count information in *United States* v. *Danske Bank* charging conspiracy to commit bank fraud based on misstatements Danske Bank made to U.S. correspondent banks relating to, among other things, its Estonia branch and its anti-money laundering ("AML") program. Danske Bank's guilty plea was part of a global resolution with the U.S. Department of Justice ("DOJ"), the U.S. Securities and Exchange Commission, and Danish authorities regarding the Bank's AML-related lapses in Estonia, all of which were announced on December 13, and in respect of which Danske Bank agreed to pay substantial fines, penalties, disgorgement, and forfeitures.

        Confirming that these resolutions contain nothing new, plaintiffs do not seek leave to again amend their 595-page Amended Complaint, but instead offer the irrelevant, conclusory observation that the DOJ resolution "confirms" or "reinforces" their existing allegations here regarding Danske Bank.  Put differently, the December 15 Letter itself concedes that the resolutions of these matters contain no new facts, and they do nothing to cure the defects that infect plaintiffs' blunderbuss pleading.

        To the contrary, the December 15 Letter confirms that plaintiffs allege no connection whatsoever between Danske Bank and the terrorist acts in Afghanistan at

issue here.  Plaintiffs say that the DOJ resolution shows that "[m]uch of the money" that passed through Danske Bank's non-resident accounts in Estonia "involved criminal transactions from Russia."  Yet, that observation establishes no connection between Danske Bank and the terrorists that carried out the attacks in Afghanistan, much less supports the meager allegations concerning Danske Bank that actually appear in the Amended Complaint, which are focused on financial transactions with specified companies from Dubai and Sweden.  (AC ¶¶ 538, 548–53.)

Through the December 13 resolutions, Danske Bank took full responsibility for the historical misconduct and AML lapses arising from its Estonia branch, which Danske Bank acknowledged previously through the publication in September 2018 of a lengthy report of its internal investigation into Danske Bank's Estonian branch.  (AC ¶¶ 543-44, 927-28.)  As the December 15 Letter concedes through its silence, those criminal and regulatory resolutions related to AML lapses, not the requisite knowing and substantial assistance to terrorist atrocities in Afghanistan.

Thank you for your consideration.

Respectfully submitted,

 /s/ Brian T. Frawley

Brian T. Frawley

cc:      All Counsel of Record (by ECF)